UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVENDRA SHUKLA, | 07-CV-2972 (CBA) (CLP) |
| Plaintiff, | |
| - *against* - | |
| SAT PRAKASH SHARMA, individually and as Director of VISHVA SEVA ASHRAM OF NEW YORK, GEETA SHARMA, individually and as Director of VISHVA SEVA ASHRAM OF NEW YORK, VISHVA SEVA ASHRAM OF NEW YORK D/B/A SARVA DEV MANDIR, | **ANSWER TO COMPLAINT WITH COUNTERCLAIMS** |
| | **ECF CASE** |
| Defendants. | |

Defendants Sat Prakash Sharma ("Sat Sharma"), Geeta Sharma and Vishva Seva Ashram of New York (the "Ashram") (collectively "Defendants"), as and for their answer to the Complaint ("Complaint") herein, respectfully state and allege as follows:

1.       The allegations contained in paragraph 1 regarding trafficking and violations of federal and state wage laws state legal conclusions as to which Defendants are not required to plead.  Defendants deny that Plaintiff was subjected to exploitative work conditions at the Ashram or was forced by Sat Sharma and Geeta Sharma (the "Individual Defendants") to work as a domestic employee against his will.

2.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except deny that the Individual Defendants trafficked Plaintiff into the United States under false pretenses and that the

Individual Defendants subjected Plaintiff to slavery-like conditions through severe psychological and emotional abuse.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning damages sought by Plaintiff contained in paragraph 3 of the Complaint.  Defendants admit that the Individual Defendants are both directors and officers of the Ashram.  Defendants deny that the Individual Defendants, by using the Ashram as a conduit, enticed and coerced Plaintiff to come to the United States.  The allegations contained in the last two sentences of paragraph 3 state legal conclusions as to which Defendants are not required to plead.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except deny that the Plaintiff's legal status is the result of any action or inaction on the part of Defendants.

5.      The allegations contained in paragraphs 5 through 6 of the Complaint state legal conclusions as to which Defendants are not required to plead.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except deny that Plaintiff was made to work for Defendants from August 6, 2000 until approximately June 25, 2007.

7.      Admit that allegations contained in paragraphs 8 through 10 of the Complaint.

8.      The allegations contained in paragraph 11 of the Complaint state legal conclusions as to which Defendants are not required to plead.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12 through 13 of the Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14 of the Complaint, except deny that during the period of Plaintiff's employment by the Individual Defendants, Plaintiff spoke only a few words of English and could not read, write or converse in English.

11.     Admit the allegations contained in paragraph 15 of the Complaint, except, upon information and belief, deny that the brother of Sat Sharma stated that the enumerated salary would be between fifteen to twenty dollars per hour.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 16 through 17 of the Complaint.

13.     Deny the allegations contained in paragraph 18 of the Complaint, but admit that Plaintiff began his employment with the Ashram on or about mid-2000.

14.     Admit the allegations contained in paragraph 19 of the Complaint.

15.     Deny the allegations contained in paragraph 20 through 21 of the Complaint.

16.     Deny the allegations contained in paragraph 22 of the Complaint.  The New York Police Department ("NYPD") has informed Defendants that it has no record of involvement in the alleged return of Plaintiff's passport to him.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except deny the allegations that Defendants never filed for a renewal R-1 religious worker visa for Plaintiff and that Plaintiff is currently out of status through the active and malicious machinations of Individual Defendants and by no fault of his own.

18.     Deny the allegations contained in paragraph 24 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's daily schedule contained in paragraph 25 of the Complaint, but admit that Plaintiff's responsibilities, as priest for the Ashram, would include ministering to the congregation, leading all devotional prayers at both the Ashram and in devotees' homes, and coordinating the weekly gatherings of the congregation.

20.     Admit that on certain religious holidays, program and religious services would continue through the night until morning, but deny that such holidays occurred frequently.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff would remain at his post throughout the night.  Deny the allegation that Plaintiff was the only religious worker at the Ashram.

21.     Deny the allegations contained in paragraph 27 of the Complaint.

22.     Admit the allegations contained in the first sentence of paragraph 28 of the Complaint.  Deny the allegations contained in the remainder of paragraph 28 of the Complaint.

23.     Deny the allegations contained in paragraph 29 of the Complaint, except admit that the Individual Defendants invited Plaintiff into their private residence on occasion.

24.     Deny the allegations contained in paragraphs 30 through 34 of the Complaint.

25.     Deny the allegations contained in paragraph 35 of the Complaint.

26.     Deny the allegations contained in paragraph 36 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to use of monies by Plaintiff.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, except state that it is standard practice in the Defendants' community for devotees to offer both a payment to the Ashram and a lesser amount constituting an honorarium for the priest performing religious services in the homes or offices of devotees.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and last sentences of paragraph 38 of the Complaint. Admit the allegations contained in paragraph 38 of the Complaint that only the Individual Defendants had keys to the donations box.  Deny that the Individual Defendants would take the donations box to their personal residence and empty its contents.

29.     Deny the allegations contained in paragraph 39 of the Complaint.

30.     Deny the allegations contained in paragraph 40 of the Complaint.

31.     The allegations contained in paragraph 41 of the Complaint state legal conclusions as to which Defendants are not required to plead.

32.     In answer to paragraph 42 of the Complaint, repeat and reallege the admissions, denials and averments in answer to paragraphs 1 through 41, as if fully set forth herein.

33.     The allegations contained in paragraphs 43 through 45 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny that Plaintiff has suffered any damage as the result of any actions taken by the Individual Defendants.

34.     Deny the allegations contained in paragraph 46 of the Complaint.

35.      Deny the allegations contained in paragraph 47 of the Complaint, except admit that the Individual Defendants were Directors and/or Officers of Defendant Ashram.

36.      The allegations contained in paragraphs 48 through 49 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny allegations contained in paragraph 48 that the Individual Defendants exploited Plaintiff with the intent to further the interests of the Ashram.

37.      In answer to paragraph 50 of the Complaint, repeat and reallege the admissions, denials and averments in answer to paragraphs 1 through 49 of the Complaint.

38.      The allegations contained in paragraph 51 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny allegations contained in paragraph 51 that the Individual Defendants obtained Plaintiff's labor and services by threats of serious harm, scheme or pattern of behavior and/or abuse of legal process.

39.      The allegations contained in paragraphs 52 through 53 of the Complaint state legal conclusions as to which Defendants are not required to plead.

40.      Deny the allegations contained in paragraph 54 of the Complaint.

41.      Deny the allegations contained in paragraph 55 of the Complaint, except admit that the Individual Defendants were Directors and/or Officers of Defendant Ashram.

42.      The allegations contained in paragraphs 56 through 57 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny

allegations contained in paragraph 56 that the Individual Defendants exploited Plaintiff with the intent to further the interests of the Ashram.

43.     In answer to paragraph 58 of the Complaint, repeat and reallege the admissions, denials and averments in answer to paragraphs 1 through 57 of the Complaint.

44.     Deny the allegations contained in paragraph 59 of the Complaint, except admit that the Thirteenth Amendment of the United States Constitution prohibits slavery and involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, and that 18 U.S.C. § 1584 prohibits a person(s) from knowingly and willfully holding any other person, for any term, in involuntary servitude, selling another into any condition of involuntary servitude, or bringing within the United States any person so held.

45.     Deny the allegations contained in paragraph 60 of the Complaint.

46.     The allegations contained in paragraphs 61 through 62 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny the allegations contained in paragraph 61 that the Individual Defendants caused Plaintiff to have, and to believe he had, no way of avoiding continued service or confinement. Defendants deny the allegations contained in paragraph 62 that Plaintiff suffered damage as a result of any conduct by Individual Defendants.

47.     Deny the allegations contained in paragraph 63 of the Complaint, except admit that the Individual Defendants were Directors and/or Officers of Defendant Ashram.

48.     The allegations contained in paragraph 64 through 65 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Plaintiffs deny allegations contained in paragraph 64 that the Individual Defendants exploited Plaintiff with the intent to further the interests of the Ashram.

49.     In answer to paragraph 66 of the Complaint, repeat and reallege the admissions, denials and averments in answer to paragraphs 1 through 65 of the Complaint.

50.     The allegations contained in paragraph 67 of the Complaint state legal conclusions as to which Defendants are not required to plead.

51.     Deny the allegations contained in paragraph 68 of the Complaint.

52.     Deny the allegations contained in paragraph 69 of the Complaint.

53.     The allegations contained in paragraph 70 through 72 of the Complaint state legal conclusions as to which Defendants are not required to plead.

54.     In answer to paragraph 73 of the Complaint, repeat and reallege the admissions, denials and averments in answer to paragraphs 1 through 72 of the Complaint.

55.     Deny the allegations contained in paragraph 74 of the Complaint that Plaintiff and agents/relatives of Individual Defendants entered into a verbal contract providing, *inter alia*, that Plaintiff would work as a Hindu priest and administer to the congregation of the Ashram for $18.63 per hour, and further deny the allegation that the immigration application filed by Defendants for Plaintiff's R-1 religious worker visa provides *prima facie* evidence of this contract.

56.     Deny the allegations contained in paragraphs 75 through 76 of the Complaint.

57.     The allegations contained in paragraph 77 through 78 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny the allegation that Plaintiff suffered damages as a result of Defendants' conduct.

58.     In answer to paragraph 79 of the Complaint, repeat and reallege the admissions, denials and averments in answer to paragraphs 1 through 78 of the Complaint.

59.     Defendants deny the allegations contained in paragraphs 80 through 81 of the Complaint.

60.     The allegations contained in paragraph 82 through 84 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny the allegation in paragraph 83 that Plaintiff suffered damages as a result of Defendants' conduct.

61.     In answer to paragraph 85 of the Complaint, repeat and reallege the admissions, denials and averments in answer to paragraphs 1 through 84 of the Complaint.

62.     The allegations contained in paragraphs 86 through 89 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny the allegation contained in paragraph 86 that Defendants failed to pay Plaintiff the value of his labor.  Defendants deny the allegation in paragraph 87 that Plaintiff suffered damages as a result of Defendants' conduct.

63.     In answer to paragraph 90 of the Complaint, repeat and reallege the admissions, denials and averments in answer to paragraphs 1 through 89 of the Complaint.

64.     Deny the allegations contained in paragraph 91 through 95 of the Complaint.

65.     The allegations contained in paragraph 96 of the Complaint state legal conclusions as to which Defendants are not required to plead.

66.     Deny the allegations contained in paragraph 97 of the Complaint, except admit that the Individual Defendants were Directors and/or Officers of Defendant Ashram.

67.     The allegations contained in paragraphs 98 through 99 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny the allegation contained in paragraph 98 that the Individual Defendants exploited Plaintiff with the intent to further Defendant Ashram's interests.

68.     In answer to paragraph 100 of the Complaint, repeat and reallege the admissions, denials and averments in answer to paragraphs 1 through 99 of the Complaint.

69.     Deny the allegations contained in paragraph 101 of the Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint as to what Plaintiff reasonably believed.  Deny the allegations contained in paragraph 102 of the Complaint that the Individual Defendants coerced Plaintiff and used psychological and legal threat of arrest, detention and deportation.

71.     The allegations contained in paragraph 103 of the Complaint state legal conclusions as to which Defendants are not required to plead.

72.     Deny the allegations contained in paragraph 104 through 105 of the Complaint, except admit the allegation contained in paragraph 105 that the Individual Defendants were Directors and/or Officers of Defendant Ashram.

73.     The allegations contained in paragraphs 106 through 107 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny the allegation contained in paragraph 106 that the Individual Defendants exploited Plaintiff with the intent of furthering the interests of Defendant Ashram.

74.     In answer to paragraph 108 of the Complaint, repeat and reallege the admissions, denials and averments in answer to paragraphs 1 through 107 of the Complaint.

75.     Deny the allegations contained in paragraphs 109 through 110 of the Complaint.

76.     The allegations contained in paragraph 111 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny the allegations that Plaintiff has suffered severe mental stress, emotional injuries and economic loss as a result of the conduct of the Individual Defendants.

77.     Deny the allegations contained in paragraphs 112 through 113, except admit that the Individual Defendants were Directors and/or Officers of Defendant Ashram.

78.     The allegations contained in paragraphs 114 through 115 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny the allegation contained in paragraph 114 that the Individual Defendants exploited Plaintiff with the intent to further the interests of Defendant Ashram.

79.     In answer to paragraph 116 of the Complaint, repeat and reallege the admissions, denials and averments in answer to paragraphs 1 through 115 of the Complaint.

80.     Deny the allegations contained in paragraphs 117 through 118 of the Complaint.

81.     The allegations contained in paragraphs 119 through 120 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Plaintiff denies the allegation in paragraph 120 of the Complaint that Plaintiff has suffered injuries as a result of the conduct of the Individual Defendants.

82.     Deny the allegations contained in paragraph 121 of the Complaint, except admit that the allegation that the Individual Defendants were Directors and/or Officers of Defendant Ashram.

83.     The allegations contained in paragraphs 122 through 123 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants deny the allegation contained in paragraph 122 that the Individual Defendants exploited Plaintiff with the intent to further the interests of Defendant Ashram.

84.      In answer to paragraph 124 of the Complaint, repeat and reallege the admissions, denials and averments in answer to paragraphs 1 through 123 of the Complaint.

85.     Deny the allegations contained in paragraphs 125 through 126 of the Complaint.

86.     The allegations contained in paragraphs 127 through 128 of the Complaint state legal conclusions as to which Defendants are not required to plead.  Defendants

deny the allegation contained in paragraph 127 that Plaintiff has suffered injuries as a result of the conduct of the Individual Defendants.

FIRST AFFIRMATIVE DEFENSE

87.    The Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

88.    This Court lacks subject matter jurisdiction, in that the matter in controversy does not involve a federal question.

THIRD AFFIRMATIVE DEFENSE

89.    A defense is founded upon documentary evidence.

FOURTH AFFIRMATIVE DEFENSE

90.   Laches.

FIFTH AFFIRMATIVE DEFENSE

91.   Payment.

SIXTH AFFIRMATIVE DEFENSE

92.   Accord and satisfaction.

SEVENTH AFFIRMATIVE DEFENSE

93.   In pari delicto.

EIGHTH AFFIRMATIVE DEFENSE

94.   Equitable Estoppel.

NINTH AFFIRMATIVE DEFENSE

95.   Statute of Limitations and/or other time limitations.

TENTH AFFIRMATIVE DEFENSE

96.   Bad faith acts.

AS AND FOR A FIRST COUNTERCLAIM

SLANDER PER SE

97.    Defendants repeat and reallege the allegations contained in paragraphs 1 to 96.

98.    Defendant Ashram has for many years enjoyed an excellent reputation as a reputable religious institution in Corona, New York.  The Ashram was founded in 1978 by Swami Vishva Hiteshi, who passed away in 1998.  Prior to the tortious and defamatory acts against the Ashram by Plaintiff, the Ashram had approximately 225 devotees.  The Ashram currently has 55 to 60 devotees.

99.    Defendant Sat Sharma and his wife, Defendant Geeta Sharma, as president and Chairman (Sat Sharma) and treasurer (Geeta Sharma), managed the affairs of Defendant Ashram during the time Plaintiff was employed by Defendant Ashram.

100.    In 2000, the Ashram began to employ Plaintiff as priest for the Ashram. Plaintiff and the Ashram agreed that Plaintiff would be compensated for his services with room and board and a $500 per month stipend.  Such compensation was never withheld from Plaintiff by the Individual Defendants throughout Plaintiff's employment, from mid-2000 to June 24, 2007 (the "relevant time period").  Plaintiff was also allowed to keep tips that he received from Ashram devotees for performing certain religious services at their homes or offices as a supplement to his stipend.

101.    During the relevant time period, Plaintiff was allowed to reside in the Ashram, and was never forbidden or prevented in any way by the Individual Defendants from leaving the Ashram.  The living space provided to Plaintiff by the Ashram was clean, habitable and air-conditioned.

102.    During the relevant time period, Plaintiff frequently left the Ashram to perform religious services in the homes and/or offices of devotees of the Ashram. Plaintiff traveled to and from such homes and offices by car, taxi, subway and train. Plaintiff often carried his passport with him when traveling to and from devotees' homes and offices as a form of identification. Upon information and belief, Plaintiff's passport was his only official form of identification.

103.    During the relevant time period, Plaintiff's passport was never withheld from him by Defendants. The allegation contained in paragraph 22 of the Complaint that Plaintiff's passport was not returned to him until the New York Police Department became involved is false. The NYPD has verbally confirmed to Defendants that it has no records of any such involvement.

104.    During the relevant time period, Plaintiff was provided a set of keys by the Individual Defendants which contained a key for the storage closet in the Ashram in which Plaintiff's passport was kept by Plaintiff. Said set of keys also contained a key to the front door of the Ashram. Plaintiff was never physically confined to the Ashram by Defendants.

105.    During the relevant time period, Plaintiff was never forced or required by the Individual Defendants to work at a strenuous pace for long hours over a considerable period of time. Defendants never treated Plaintiff in a demeaning or abusive manner.

106.    On or about July 1, 2001, Defendant Geeta Sharma filed for renewal of Plaintiff's R-1 religious worker visa and submitted an application fee of $110.00 to the Immigration and Naturalization Service ("INS"). By correspondence from the INS dated September 28, 2001, Defendant Geeta Sharma was informed that certain additional

documentation was required in order for the INS to process and approve the application. Such documentation included evidence that Plaintiff had special qualifications that were required to perform his job at the Ashram. The Individual Defendants requested such documentation from Plaintiff, but Plaintiff failed to provide it to Defendants. By letter dated November 12, 2001, Defendant Geeta Sharma provided the INS with all documentation that she had the ability to provide. By letter dated February 12, 2002, the INS informed Defendant Geeta Sharma that the application was deemed abandoned by the INS because the INS had not received all documentation that had been requested by it. The abandonment of the application, therefore, resulted from Plaintiff's failure to provide Defendants with certain required documentation as to his own education, training and qualifications.

107.    The Individual Defendants never informed Plaintiff that Plaintiff was required to perform janitorial and maintenance services for the tenants in the apartments owned by and located above Defendant Ashram. Plaintiff was never required by Defendants to perform such services. Upon information and belief, Plaintiff never painted said apartments or performed janitorial services for the tenants of said apartments, as is alleged in the Complaint.

108.    During the relevant time period, the Individual Defendants never required Plaintiff to perform cleaning services in the Individual Defendants' private residence, and never asked Plaintiff to weed and clean the garden located at Individual Defendants' private residence, or fix broken fixtures, assemble or move furniture, or to provide general janitorial and maintenance services for such residence.

109.    During the relevant time period, the Individual Defendants never forbade Plaintiff from learning English.  In fact, Plaintiff spoke and wrote rudimentary English during the relevant time period.

110.    During the relevant time period, the Individual Defendants never required Plaintiff to turn over to the Ashram tips Plaintiff received from Ashram devotees for services rendered at their homes or offices. The Individual Defendants never took any such tips received by Plaintiff away from Plaintiff.  It was always understood by Plaintiff and the Individual Defendants that Plaintiff was allowed to keep such tips to supplement his monthly stipend.  This is a usual and customary practice in the community.

111.    Upon information and belief, on numerous occasions during the relevant time period, Plaintiff took money given to the Ashram by devotees attending at services in the Ashram and retained such money for himself.

112.    During the relevant time period, the Individual Defendants never threatened Plaintiff with physical or mental harm, and never exploited or enslaved Plaintiff.

113.    The standard compensation arrangement for a foreign Hindu priest working in a Hindu temple in the New York City area is a set salary between $400 and $600 per month, room and board, and such tips as may be received from devotees for special services rendered to them individually, such as at their homes.  The specific agreement between the Plaintiff and the Defendant Ashram was for Plaintiff to receive a salary of $500 per month, room and board, and tips as described above.

114.    During the relevant time period, Plaintiff was provided with use of the telephone at the Ashram for his personal needs.  Plaintiff was also provided with cellular

phones and prepaid phone calling cards which he regularly used without Plaintiff being required to pay for such usage.

115.    During the relevant time period, without the knowledge of the Defendants, and in breach of his duties to the Defendant Ashram, Plaintiff operated an online astrology business by the name of Dev Astrology, and used the email address devastrology@gmail.com to operate such business.  Upon information and belief, Plaintiff provided horoscopes to individuals who contacted him through email in return for payment for such services.  Dev Astrology was not an activity of the Plaintiff of which the Defendants were aware until recently, when it was discovered, along with other events, leading to the Defendants installing a camera in the Ashram on June 24, 2007, in furtherance of displeasure and dissatisfaction with actions by the Plaintiff leading to fact gathering activities by Defendants, of which the Plaintiff was made aware by Defendants, and after which the Plaintiff engaged in a series of acts to defame and otherwise harm the Defendants.

116.    On or about  June 2007 through August 2007, Plaintiff made the following oral statements to certain devotees of the Ashram and to persons working in the media, including, but not limited to, Kathianne Bonniello of the New York Post and George Joseph of India Abroad:

       a.    Defendants kept Plaintiff as a slave since 2000, and repeatedly told Plaintiff "this is what happens to people with brown skin," and showed news clippings to Plaintiffs of terrorists jailed at Guantanamo Bay;

       b.    Defendants, since 2000, forced Plaintiff to work 16-hour days, forbade him from leaving the Ashram, made him perform domestic tasks

at the residence of the Individual Defendants, and constantly threatened

him physically and emotionally;

c.     Defendants took Plaintiff's passport from him in 2000 and refused

to return it to him;

d.     Defendants, since 2000, subjected Plaintiff to exploitative work

conditions and paid him wages below what he was promised and below

that required by law;

e.     Defendants refused to provide Plaintiff with a means of obtaining

food, and thereby forced him to survive on the donations of food left as

offerings by the Ashram devotees; and

f.     Defendants forced Plaintiff to relinquish his tips received from

devotees and to put such tips in the Ashram's devotion box;

117.   The statements were and are completely false.

118.   In making such statements, Plaintiff acted with knowledge of the falsity of

the statements or with reckless disregard to their truth or falsity.

119.   Plaintiff made the statements to the Ashram devotees and to the media

maliciously, with intent to cause it to be believed that Defendants were unworthy and

dishonest, and in order to injure Defendants and deprive Defendants of the respect,

confidence and esteem essential to the Ashram and the Individual Defendants' positions

in the Ashram.  Plaintiff intended to deprive Defendants of their good names, reputations,

and esteem of devotees and congregants and to bring Defendants into scandal, ridicule

and disrepute before the Ashram devotees and congregants, associates, friends, the

community and the public in general, and to hold Defendants up to public scorn,

contempt, ridicule and disgrace, and for the express purpose of having the matters set forth above published and circulated by certain newspapers, including, but not limited to, New York Post and India Abroad.  The matters set forth above were published in the New York Post on July 30 2007 and in India Abroad in early August 2007.

120.     As a result of the malicious publication and dissemination of the false information set forth in paragraph 116, Defendants have been deprived in the State of New York of the public confidence that Defendants had.  Defendants have suffered a tremendous amount of embarrassment, humiliation and mental agony and have been held in contempt, calumny, distrust and ridicule.

AS AND FOR A SECOND COUNTERCLAIM

CONVERSION

121.     Defendants repeat and reallege the allegations contained in paragraphs 1 to 120.

122.     On June 24, 2007, the Individual Defendants installed a camera in the Ashram following their discovery of the fact that Plaintiff was performing astrology services away from the Ashram, and without the permission of the Ashram, and also following their discovery of other facts which led them to believe that Plaintiff was not conducting his duties as Priest of the Ashram in an honorable and honest manner.

123.     On June 25, 2007, Plaintiff discontinued his services as Priest of the Ashram and permanently left his residence at the Ashram.  Upon his departure, Plaintiff removed from the Ashram certain property that belonged to the Ashram.  Such property includes, but is not limited to, the following:

      a.        Eleven (11) holy books;

b.      Five (5) 22 carat gold statues of Hindu divinities;

c.      Three (3) 22 carat gold chains; and

d.      Two (2) 22 carat gold necklaces.

124.    Plaintiff converted the above listed personal property belonging to Defendant Ashram and donations and other payments that are the property of Defendant Ashram.

125.    Plaintiff removed these items from the Ashram with knowledge of the fact that the items were the property of the Ashram.

126.    Defendant Ashram has been injured as a direct result of Plaintiff's conversion of the above items.

AS AND FOR A THIRD COUNTERCLAIM

BREACH OF CONTRACT

127.    Defendants repeat and reallege the allegations contained in paragraphs 1 to 126.

128.    In early 2000, Defendant Ashram entered into a contract with Plaintiff whereby Defendant Ashram would employ Plaintiff as Priest for the Ashram and Plaintiff would receive compensation of $500 per month, room and board and tips from devotees. As Priest for the Ashram, Plaintiff agreed to fulfill certain duties, which included, but were not limited to, ministering to the congregation, leading all devotional prayers at both the Ashram and in devotees' homes, and coordinating the weekly gatherings of the congregation.  Furthermore, as a religious leader, Plaintiff agreed to act honestly and honorably, and in a manner which would serve as an example to the devotees of the Ashram.

129.    Plaintiff breached the contract with Defendant Ashram by stealing money and other valuable items from the Ashram, by providing astrological services away from, and without the knowledge of, the Ashram, and by slandering the Ashram, and the Individual Defendants, to the devotees and congregants of the Ashram and to the media.

130.    Defendant Ashram fully performed its obligations under the contract by fully compensating Plaintiff.

131.    As a result of Plaintiff's conduct, Defendant Ashram has suffered damages.

PRAYER

WHEREFORE, the Defendants pray for judgment as follows:

(a)    Dismissing the Complaint filed by Plaintiff in this action;

(b)    On the First Counterclaim, for a sum to exceed $1 million in compensatory damages;

(c)    On the First Counterclaim, for a sum to exceed $3 million for punitive damages;

(d)    On the Second Counterclaim, for a sum to exceed $250,000 in compensatory damages;

(e)    On the Second Counterclaim, for a sum to exceed $750,000 in punitive damages;

(f)    On the Third Counterclaim, for a sum to exceed $500,000 in compensatory damages;

(g)    For costs of suit and attorneys' fees; and

(h)    For any and all further relief to which Defendants may be entitled.

Dated: New York, New York
         September 17, 2007

                                        **LAW OFFICES OF DAN BRECHER**
                                        Counsel for Defendants


                                        _____/s/Dan Brecher_____
                                        Dan Brecher (DB-5308)
                                        99 Park Avenue, 16th Floor
                                        New York, NY 10016
                                        (212) 286-0747