UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DEVENDRA SHUKLA,                                             Case No: 07-CV-2972 (CBA) (CLP)
                Plaintiff

Against -

SAT PRAKASH SHARMA,
Individually and as Director of VISHVA
SEVA ASHRAM OF NEW YORK
GEETA SHARMA, individually
and as Director of VISHVA SEVA                               **ANSWER TO**
ASHRAM OF NEW YORK, and VISHVA                               **COUNTERCLAIMS**
SEVA ASHRAM OF NEW YORK,
D/B/A SARVA DEV MANDIR,

                Defendants.
-----------------------------------------------------------X

Plaintiff, by his undersigned counsel, alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters alleged below, as follows:

## ANSWER TO FIRST COUNTERCLAIM

1. Paragraph 97 of Defendants' Answer states legal conclusions to which Plaintiff is not required to plead.

2. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Answer, except to say that Plaintiff has committed no tortious or defamatory acts.

3. Plaintiff affirms the allegations contained in Paragraph 99 of the Answer.

1

4. Plaintiff denies the allegations contained in Paragraph 100 of the Answer. Plaintiff never agreed to provide his services merely for room and board and $500 per month stipend. Plaintiff never received monies above $150-$200 per month from Defendants. Plaintiff has already asserted that Defendants would make Plaintiff submit his honorarium to Defendant Ashram.

5. Plaintiff denies the allegations contained in Paragraph 101 of the Answer. Defendants had psychologically tortured Plaintiff so much that he was a virtual prisoner at the Ashram by virtue of the fears created by Defendant.

6. Plaintiff affirms the allegations contained in Paragraph 102 of the Answer to the extent that he would perform religious services in the homes and/or offices of devotees. However, Plaintiff was nearly always accompanied by either of the Individual Defendants or their children. Plaintiff never carried his passport with him as it was in the constant possession of Individual Defendants. Defendants correctly assert that Plaintiff's passport was his only form of identification, which is why Plaintiff rarely, if ever, left Defendant Ashram without a caretaker.

7. Plaintiff denies the allegations contained in Paragraph 103 of the Answer. In contrast to Defendants' assertion of verbal confirmation by the NYPD, Plaintiff has documented proof of filing his complaint with the NYPD. A police officer was present when Defendants finally returned Plaintiff's passport to him on June 25, 2006. Moreover, at least 30-40 devotees were also present and witnessed all the events of June 25, 2006.

8. Plaintiff affirms the allegations contained in Paragraph 104 of the Answer to the extent that Defendants provided keys to Plaintiff. One key was indeed to a storage closet in Defendant Ashram. However, as Plaintiff's passport was never located in the storage closet, it is disingenuous of Defendants to assert the same. Plaintiff also affirms that he was not physically confined to the Ashram, as is evident from Plaintiff's own complaint. However, Plaintiff asserts that Defendants created such an environment of confusion, fear, and threats, that the mental and psychological strain upon Plaintiff had virtually the same effect as physical confinement.

9. Plaintiff denies the allegations contained in Paragraph 105 of the Answer.

10. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Answer, except that Defendant Geeta Sharma never requested such documentation from Plaintiff, as Plaintiff can provide ample evidence and documentation of his qualifications as a learned priest. Moreover, it is utterly false for Defendants to claim that fault for the abandoned immigration application lies with Plaintiff. As per the Department of Homeland Security, the sponsoring non-profit organization has the sole burden of ensuring that the visa recipient remains in status.

11. Plaintiff denies the allegations contained in Paragraph 107 of the Answer.

12. Plaintiff denies the allegations contained in Paragraph 108 of the Answer.

13. Plaintiff denies the allegations contained in Paragraph 109 of the Answer.

14. Plaintiff denies the allegations contained in Paragraph 110 of the Answer.

15. Plaintiff denies the allegations contained in Paragraph 111 of the Answer to the extent that devotees would give Plaintiff tips in view of other devotees. After the devotees had left, Individual Defendants would then ask Plaintiff to "donate" his tips to the Ashram as well.

16. Plaintiff denies the allegations contained in Paragraph 112 of the Answer.

17. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Answer, except to state that even if this is the standard compensation, it is in direct violation of the statutory requirements for minimum salary as dictated by the Department of Homeland Security.

18. Plaintiff denies the allegations contained in Paragraph 114 of the Answer.

19. Plaintiff affirms the allegations contained in Paragraph 115 of the Answer to the extent that Plaintiff created an email address devastrology@gmail.com and provided horoscopes for individuals. However, it is incorrect to assert that he directly received payment for his services. Defendants make such specious assertions only because they unlawfully possess a computer owned by a devotee and used by Plaintiff.

20. Plaintiff affirms the allegations contained in Paragraph 116 of the Answer.

21. Paragraph 117 of Defendants' Answer states conclusions to which Plaintiff is not required to plead.

22. Paragraph 118 of Defendants' Answer states legal conclusions to which Plaintiff is not required to plead.

23. Plaintiff denies the allegations contained in Paragraph 119 of the Answer.

24. Paragraph 120 of Defendants' Answer states legal conclusions to which Plaintiff is not required to plead.

## ANSWER TO SECOND COUNTERCLAIM

25. Paragraph 121 of Defendants' Answer states legal conclusions to which Plaintiff is not required to plead.

26. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Answer.

27. Plaintiff affirms the allegations contained in Paragraph 123 of the Answer to the extent that he left Defendant Ashram on June 25, 2007. However, Plaintiff denies Defendants' allegations of theft of any property. Plaintiff left the Ashram in the company of approximately 30-40 devotees, each of whom was witness to the events the unfolded on that day. Moreover, an officer of the NYPD was also present when Plaintiff left Defendant Ashram. Defendants list of ostensibly stolen items is extensive; Plaintiff left Defendant Ashram with only the clothes on his back and a small knapsack of possessions packing in view of numerous devotees; and he was accompanied by several dozen people.

28. Plaintiff denies the allegations contained in Paragraph 124 of the Answer.

29. Plaintiff denies the allegations contained in Paragraph 125 of the Answer.

30. Paragraph 126 of Defendants' Answer states legal conclusions to which Plaintiff is not required to plead.

## ANSWER TO THIRD COUNTERCLAIM

31. Paragraph 127 of Defendants' Answer states legal conclusions to which Plaintiff is not required to plead.

32. Plaintiff denies the allegations contained in Paragraph 128 of the Answer. Plaintiff never had a contract with Defendants to provide his services in exchange for room, board, and $500 stipend. However, Plaintiff did perform said services, including but not limited to: ministering to the congregation; leading all devotional prayers at both the Ashram and in devotees' homes; and, coordinating the weekly gatherings of the congregation. Plaintiff always acted honorably, and in a manner which would serve as an example to the devotees of Defendant Ashram.

33. Plaintiff denies the allegations contained in Paragraph 129 of the Answer.

34. Plaintiff denies the allegations contained in Paragraph 130 of the Answer. Defendant Ashram reneged on its implicit contract to: ensure that Plaintiff remained in good immigration status throughout his tenure at Defendant Ashram, a duty given to Defendant Ashram under the immigration laws of the United States; provide Plaintiff with the funds necessary and sufficient to sustain himself, rather than survive by eating the food

6

offerings left by devotees; and, protect Plaintiff from the menace and oppression created by Individual Defendants Sat Prakash and Geeta Sharma.

35. Paragraph 131 of Defendants' Answer states legal conclusions to which Plaintiff is not required to plead.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court award a judgment in his favor with the following reliefs:

1. Dismissing all Counterclaims filed by Defendants in this action;
2. Granting all reliefs requested by Plaintiff in his Complaint-in-Chief.
3. A direction by this Honorable Court to the United States Customs and Immigration Service to grant Plaintiff a renewal of his R-1 religious worker visa on compelling humanitarian grounds;
4. Any such and other relief the court deems just and proper.

Dated: New York, NY
       October 8, 2007                        LAW OFFICES OF SANJAY CHAUBEY

                                       By:    _/S/_____
                                              Sanjay Chaubey, Esq.
                                              *Attorney for Plaintiff*
                                              Empire State Building
                                              350 5th Avenue, Suite 5013
                                              New York, NY 10018
                                              Tel: (212) 563-3223
                                              Fax: (212) 563-4534