Sanjay Chaubey, Esq. (SC-3241)
LAW OFFICES OF SANJAY CHAUBEY

Empire State Building
350 Fifth Avenue, Suite 5013
New York, NY 10118
Phone: (212) 563-3223
Fax:    (212) 563-4534

*Attorney for Plaintiff*
*Devendra Shukla*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | | |
|---|---|---|---|
| DEVENDRA SHUKLA | | ) | Docket No. 07-CV-2972 (CBA) (CLP) |
| | Plaintiff | ) | |
| | | ) | |
| | | ) | |
| -against- | | ) | |
| | | ) | |
| | | ) | |
| SAT PRAKASH SHARMA, individually | | ) | |
| and as Director of VISHVA SEVA | | ) | |
| ASHRAM OF NEW YORK, GEETA | | ) | |
| SHARMA, individually and as Director of | | ) | |
| VISHVA SEVA ASHRAM OF NEW | | ) | |
| YORK, VISHVA SEVA ASHRAM OF | | ) | |
| NEW YORK D/B/A/ SARVA DEV | | ) | |
| MANDIR | | ) | |
| | Defendants | ) | (Amon, J.) |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

**TABLE OF CONTENTS**                                    **Page No.**

TABLE OF AUTHORITIES                                        3-4

I.      SUMMARY OF ARGUMENT                                5-6

II.     FACTUAL BACKGROUND                                 7-9

III.    LEGAL STANDARD

        A.      Motion to Dismiss                          10-11

        B.      Motion for Summary Judgment                11-14

IV.     ARGUMENT

        A.      IT IS FALSE AND MISLEADING TO CLAIM THAT   15-16
                ALL OF PLAINTIFF'S ALLEGATIONS RELATE
                ONLY TO HIS MENTAL AND EMOTIONAL STATE,
                AND NOT TO HIS PHYSICAL STATE.

        B.      PLAINTIFF HAS NOT FAILED TO COMPLY WITH    17
                THIS COURT'S DISCOVERY OR ANY OTHER ORDERS.

        C.      DEFENDANTS' REQUEST FOR AN ORDER OF A      17-19
                FINDING OF SPOLIATION IS NOT WARRANTED
                BECAUSE THE SPOLIATION CLAIM IS NOT SUPPORTED
                BY CREDIBLE ARGUMENTS, WITNESSES, OR EVIDENCE.

        D.      PLAINTIFF COMPLIED WITH ALL DISCOVERY      19
                REQUESTS AND, IT IS DEFENDANTS WHO HAVE FAILED
                TO PROVIDE A NUMBER OF DOCUMENTS THAT HAVE
                BEEN HEAVILY RELIED UPON, AND, AS A RESULT, THEY
                ARE IN VIOLATION OF THE FEDERAL RULES OF EVIDENCE.

        E.      DEFENDANTS ARE NOT EXEMPT FROM             20-21
                COMPLIANCE WITH FEDERAL AND STATE
                REGULATIONS.

IV.     CONCLUSION                                         21

VI.     CERTIFICATE OF SERVICE                             23

## TABLE OF AUTHORITIES

**CASES**                                                                      **Page No.**

*Anderson v. Liberty Lobby, Inc.*,                                                11
477 U.S. 242, 248, 206 S.Ct. 2505, 2510, 91 L.Ed. 2d. 202 (1986)

*Bell Atlantic v. Twombly*,                                                       10
127 S. Ct. 1955 (2007)

*B.K.B. v. Maui Police Dep't.*,                                                   11
276 F.3d 1091, 1099 (9th Cir. 2002)

*Chaffin v. United States*,                                                       12
176 F.3d 1208, 1213 (9th Cir. 1999)

*In re Elevator Antitrust Litigation*,                                            10
502 F.2d 47 (2d. Cir. 2007)

*Martin Banks v. Mannoia*,                                                        13
890 F.Supp. 95 (N.D.N.Y 1995)

*Padfield v. AIG Life Ins. Co.*,                                                  12
290 F.3d 1121, 1124 (9th Cir. 2002)

*Price v. Western Resources, Inc.*                                                9
232 F. 3d 779 (10th Cir. 2000)

*Residential Funding Corp. v. DeGeorge Fin Corp.*,                                17
306 F.3d 99, 107 (2d Cir. 2002)

*S.E.C. v. Murphy*,                                                               12
626 F.2d 633, 640 (9th Cir. 1980)

*Shaliehsabou v. Hebrew Home of Greater Washington*,                             20
363 F.3d 299 (4th Cir. 2004)

*Thomas v. Transamerica Occidental Life Ins. Co.*,                               12
762 F.Supp. 709, 711 (D. Or. 1991)

| **STATUTES** | **Page No.** |
|---|---|
| Federal and State Wage laws | 9, 20 |
| Immigration Laws | 9, 16 |
| Federal Rules of Evidence, Rule 106 | 19 |
| Trafficking and Violence Protection Action | 20 |
| Fair Labor Standards Act | 20 |

## I.    <u>SUMMARY OF ARGUMENT</u>

In the motion to dismiss and motion for summary judgment, defendants argue that there are no genuine issues to be tried and that Plaintiff has failed to state a claim upon which relief may be granted.  In essence, defendants ask this Court to concede, without the benefit of a trial, that it is legal for a For-Profit Business Enterprise to engage in trafficking individuals from foreign nations for the profit, growth, maintenance, and development of their incorporated American Business Enterprises.

Pursuant to well-established Federal Rules of Civil Procedure, Defendants' arguments must fail.  The use of a motion to dismiss or a motion for summary judgment is only proper when the evidence is so highly favorable to one party that pursuing a trial would be a waste of the Court's resources.  This simply is not the case at present. Defendants, in their Rule 56.1 Statement of Material Facts as to Which Defendants Contend There Is No Genuine Issue of Material Fact to Be Tried, list a number of facts that they concede as true.  However, this list is neither exhaustive nor comprehensive; in fact, some statements are misleading and others are inadmissible because a copy of the Plaintiff's Deposition, as well as other documents that have been heavily relied upon, have neither been provided to the Plaintiff nor filed as an Exhibit in completeness with their Motion.  <u>(Please see Movant's Motion, which does not include Plaintiff's Deposition.)</u>

Defendants sweeping and unsupported arguments would require the Court to ignore settled law and to take the unprecedented step of eliminating modern Human Rights and Labor Law protections as guaranteed by the U.S. Constitution.  If Defendants'

arguments were accepted, corporations, using the cloak of religion, could engage in trafficking individuals from foreign nations, exploit them for their labor, and create an indentured servant situation that encourages "slavery" which is prohibited by the 13th Amendment of the U.S. Constitution.  Victims in this unsophisticated posture would be left with no judicial recourse.

The Court should deny Defendants' Motion to Dismiss and Motion for Summary Judgment.  Defendants' arguments are not supported in substantive or procedural law, and these arguments do not account for labor law regulations or international human rights standards.

## II.      **FACTUAL BACKGROUND**

Plaintiff Devendra Shukla (herein after referred as "Shukla" or "Plaintiff") has brought the present suit against Sat Prakash Sharma (herein after referred as "Sat Prakash" or "Defendant 1"), Geeta Sharma (herein after referred as "Geeta" or "Defendant 2"), and Vishva Seva Ashram (herein after referred as "Ashram" or "Defendant 3") to vindicate his right to receive compensation for his services, labor, and the statutory minimum payment for such labor.  The acts alleged in Plaintiff's Complaint demonstrate that Defendants trafficked Plaintiff to the United States ostensibly to be a Hindu priest for the congregation of Defendant Vishva Seva Ashram of New York ("Ashram"), which was previously a Non-Profit Organization.  Since then, Defendants have surreptitiously converted the "Ashram" from a Non-Profit Organization into a Domestic Business Corporation.  **(See Exhibit A: Exempt Organization Certificate; See Exhibit B: NYS Department of State Division of Corporations.)**  The Complaint further alleges that Plaintiff was subjected to exploitative work conditions, received no wages or very low wages in violation of Federal and State Wage Laws, and was forced to work as a domestic servant against his will and contrary to the representations made in the Petition for R-Visa to the United States Consulate.  **(See Exhibit C: Letter to Immigration and Naturalization Service from Defendant; See Exhibit D: Letter from Defendant to U.S. Embassy; See Exhibit E: Plaintiff's R Visa.)**

The facts, particularly when viewed in the light most favorable to Plaintiff, as is required at this stage, indicate that Defendants unlawfully disallowed Plaintiff from leaving the country by withholding his passport and, further, did not update his Visa so

that Plaintiff was compelled to become an illegal alien, through no fault of his own, but rather the negligence by design and ulterior motives of Defendants.  As employers, Defendants had a duty to maintain the visa status of a beneficiary alien, which Defendants neglected thus converting the status of Plaintiff into an illegal alien, thus allowing Defendants to continue treating him like a slave.

Whether viewed through the broad lens of International Human Rights Standards, or the focused lens of Federal and State Wage Laws, there can be no doubt that the unjustified inhumane treatment utilized in trafficking a laborer violates bedrock principles of American jurisprudence.  Plaintiff was tortured, abused, and forced to live under enslaved conditions.  Plaintiff, when he finally left the Ashram, left with nothing except a few essential belongings including his passport.  His passport was obtained through the efforts of many congregants of the Ashram and police intervention.  **(See Exhibit F: Incident Information Slip from 115 Precinct.)**  Plaintiff has said that a congregant of the Ashram and not the Defendants provided even the cell phone he used. Similarly, a congregant of the Ashram and not the Defendants provided the laptop he used.  Plaintiff has made attempts to contact this congregant and retrieve the laptop as directed by Court, but this congregant, who was on H1-B Work Visa, lost his job, moved to India, and has not been contactable, despite sincere repeated attempts.  To this effect, an affidavit was provided.  **(See Exhibit G: Affidavit of Devendra Shukla.)**

Further, it is well settled that the "Ashram" and Individual Defendants, as Directors of a for-profit organization registered in the United States, continue to be subject to federal and state regulations, including, but not limited to, Immigration Laws

and Federal and State Wage Laws.

The abovementioned facts effectively state the claim upon which the Court may grant relief and the relief sought by the Plaintiff is as follows:

Plaintiff seeks damages from Defendants Sat Prakash Sharma and Geeta Sharma, jointly and severally, for trafficking him into the United States under false pretenses and for subjecting him to slavery-like conditions through severe physical, psychological, and emotional abuse.  Plaintiff further seeks the agreed-upon pay for his services, labor, and the statutory minimum payment for such labor.  He also seeks damages on the theory of breach of contract and various torts committed by Defendants and all applicable wages per R-Visa Labor Standards.

Plaintiff seeks damages from the Ashram.  Defendant Ashram was the conduit through which Defendants Sat Prakash and Geeta Sharma enticed and coerced Plaintiff to come to the United States.  Upon information and belief, Defendants are both directors and officers of Defendant Ashram.  Defendant Ashram, therefore, is responsible for the tortuous conduct of its agents, Individual Defendants Mr. And Mrs. Sharma.  Such tortuous conduct was committed within the scope of their duties as directors/officers of Defendant Ashram.

### III.    STANDARD OF REVIEW

#### A.  Motion to Dismiss

As stated by movant counsel, the Second Circuit in following the recent U.S. Supreme Court decision, _Bell Atlantic v. Twombly,_ 127 S.Ct. 1955 (2007), has acknowledged that in order to survive a motion to dismiss, a complaint must set forth sufficient facts as to make a plaintiff's claim plausible, not merely conceivable.  See _In re Elevator Antitrust Litigation,_ 502 F.2d 47 (2d. Cir. 2007) (citing _Twombly_, 127 S.Ct. at 1974).    In this case, Plaintiff's complaint alleged sufficient facts that, taken as true, demonstrate that the Defendants are responsible for trafficking Plaintiff to the United States and subjecting him to slavery-like conditions.  Plaintiff has provided a 25-page complaint that exceeds the standard required by the U.S. Supreme Court and as interpreted by the Second Circuit.  Plaintiff's Complaint contains such detail of factual allegations that it is not only plausible, instead, it is probable that the alleged facts occurred.  Plaintiff in his complaint has effectively stated the claim upon which the Court may grant relief.  Finding such facts in the Complaint, it would be improper for the court to grant Defendant's Motion to Dismiss.

It is understandable that Defendants wish to dismiss the case, but there is no basis for a dismissal.  Small wonder that the Defendants now wish to scurry away with their tails between their legs after mistreating and abusing this poor man for a continuous period of almost seven years--a man who is conversant only Hindi and Sanskrit, is unable to communicate in English, and whose education is limited to the Hindu religion.

Devendra Shukla is entitled to his day in Court.  He is entitled to be judged by a jury of his peers.  And he is entitled to confront the dishonest bullies who have made his life a living hell for almost seven years.

## B.  Motion for Summary Judgment

The Supreme Court has held, and the Circuit Courts have reiterated, if there are material issues of fact, summary judgment should be denied.  As the Supreme Court explained in *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 206 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986),* "only disputes over facts that might affect the outcome of the suit" are material.  The following issues, which are genuine and material issues that are in controversy and must be tried:

- whether Defendant's petition for an R-Visa for Plaintiff as a Beneficiary from India; There is a valid dispute for the Honorable Court to decide whether Defendants are in complete violation of the Federal and State Wage Laws.  There are pre-qualifying requirements regarding wages.

- whether Defendants impounded Plaintiff's passport and visa, impeding his ability to move, to such an extent that 40 congregants of the Ashram and a police record exist that elucidate this fact;

- whether Defendants neglected their duty as employer to maintain visa status of dependent alien, thus engendering a situation whereby Plaintiff, as an illegal alien, continued to be treated as a slave by Defendants;

- whether Defendants utilized Plaintiff's services beyond the scope of appointment of priest by using his labor on projects and sites unrelated to the Ashram or to the

requirements of the R-Visa.

These issues have not been recognized or addressed by the Defendants even though they, as the movants of a summary judgment motion, have the burden of showing that there is no genuine issue as to any material fact in the case. _S.E.C. v. Murphy,_ 626 F.2d 633, 640 (9th Cir. 1980). The abovementioned facts are disputed and material, and more importantly, exceed the required "inference" that is required to grant a denial of the summary judgment motion. _See Thomas v. Transamerica Occidental Life Ins. Co.,_ 762 F.Supp. 709, 711 (D. Or. 1991). Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. _Padfield v. AIG Life Ins. Co.,_ 290 F.3d 1121, 1124 (9th Cir. 2002); _B.K.B. v. Maui Police Dep't.,_ 276 F.3d 1091, 1099 (9th Cir. 2002).

In deciding a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party. _Chaffin v. United States_, 176 F.3d 1208, 1213 (9th Cir. 1999). When the record is viewed in the light most favorable to Mr. Shukla, Defendants' Motion for Summary Judgment must be denied because for-profit organizations are required to comply with federal and state regulations. Interestingly, Defendant Sat Prakash Sharma admitted during his deposition that he has converted the non-profit Ashram into a For-Profit Domestic Corporation. **(See Exhibit H-1: Sat Prakash Sharma's Deposition on August 19, 2008, specifically page 21 beginning on line 23 through page 25 ending at line 20.)** Such an organization cannot be classified as charitable or religious. Instead, it is merely a business organization that is subject to federal and state regulations, as applicable to any and all business organizations.

Moreover, there is more than sufficient evidence from which a reasonable jury could conclude that Defendants forced Plaintiff to work as a domestic servant against his will. Material facts are in dispute and consideration of summary judgment is in order particularly when discovery indicates to the contrary.

In addition, the motion for summary judgment is premature.  There is a need for additional discovery before the motion is heard.  _Martin Banks v. Mannoia_, 890 F. Supp. 95 (N.D.N.Y. 1995).

The discovery that we seek are documents that Plaintiff, though his counsel, has repeatedly requested from Defendants and Defendants' counsel and has been heavily relied upon by opposing counsel.  Such documents were requested during the depositions of Sat Prakash Sharma and Geeta Sharma, and were agreed to be provided, yet have not been provided to date.   (**See Exhibits H-1, H-2 & H-3: Depositions of Sat Prakash Sharma and Geeta Sharma.**)  These documents are as follows:

Sat Prakash Sharma's Deposition on August 19, 2008:

- 110:19—name, dates, and address of attorney Gallagher who did paperwork for Ms. Sujata Maden

- 163:11—2 page letter from IRS that says Vishna Sev Ashram is not required to file a form 990

- 191:11—translation of transcript of phone conversation between Mr. Shukla and Ms. Sharma

- 200:10—complete   record   of   Ashram   of   payment   to   Mr.   Shukla   in

cash/check/otherwise

<u>Sat Prakash Sharma's Deposition on August 20, 2008</u>

- 55:20—copy of donation books

<u>Geeta Sharma's Deposition on August 20, 2008</u>

- 41:15—copies of any letters that the Sharmas' wrote in support of grant of visa to the U.S. Consulate

- 46:13—copy of checks particularly made to Mr. Shukla from the Ashram

Discovery would preclude a grant of summary judgment because, with the information contained in these documents, it would be improper for the Honorable Court to grant such a motion and deny Plaintiff's right to a trial.

Despite repeated attempts to obtain these documents, they were not made available to Plaintiff or Plaintiff's counsel, and therefore discovery could not have been obtained earlier. *Price v. Western Resources, Inc.*, 232 F.3d 779 (10th Cir. 2000).

Furthermore, Defendants, in their Memorandum of Law in Support of Defendant's Motion, repeatedly refer to Plaintiff's Deposition, which has not been provided to date. Therefore, any and all arguments involving the use of the Plaintiff's deposition is inadmissible.

In addition, it is undisputed that the interpreter services provided to Plaintiff were deficient. In fact, three of four interpreters were disqualified. This fact alone qualifies as potentially affecting the outcome of the suit, thus rendering a motion for summary judgment improper at this juncture.

IV.    **ARGUMENT**

A.    **IT IS FALSE AND MISLEADING TO CLAIM THAT ALL OF PLAINTIFF'S ALLEGATIONS RELATE ONLY TO HIS MENTAL AND EMOTIONAL STATE, AND NOT TO HIS PHYSICAL STATE.**

The lack of ability to move without the permission of Defendants undoubtedly impedes an individual's physical state.  By impounding Plaintiff's Passport and Visa, Defendants severely restricted Plaintiff's freedom of movement.  Defendants withheld Plaintiff's passport and made threats regarding his passport to such an extent that it took the combined efforts of numerous congregants of Defendant Ashram and the intervention of the New York Police Department for Defendants to finally return Plaintiff's passport.  **(See Exhibit F: Incident Information Slip by 115 Precinct**.)  Again, Plaintiff and his counsel have not been given the benefit of accessing Plaintiff's Deposition, therefore, based on Plaintiff's memory; Plaintiff was confined to an uninhabitable space where he was forced to live at the same premises where he worked.  In addition, he was forced to work at other sites at the discretion and command of Defendants.

Movant counsel writes that Plaintiff has acknowledged that Defendants never struck or threatened him physically.  Is physical abuse defined so narrowly as to only include "striking" or "physically threatening"?  It is inarguable that denying an adult man the ability to move, confining him to an uninhabitable living area, and forcing him to work effects an individual's physical state.  Therefore, to minimize Plaintiff's situation as one that solely affects his mental and emotional heath is not only false and inaccurate, but also completely misleading.  During Plaintiff's Deposition (which Plaintiff's counsel has not had the benefit of viewing because Defendants' counsel has not attached it to the

Motion nor has counsel filed it with the Court), Plaintiff described at length the measures employed by Defendant Geeta Sharma to physically confine and monitor Plaintiff's every move.   Plaintiff was repeatedly harassed by Defendant Geeta Sharma when he didn't answer the phone while he was in the bathroom.    The Defendants went so far to physically constrain Plaintiff that they provided him with a cordless phone so that there would be no obstacle to Plaintiff's answering their calls.    Plaintiff was ordered by Defendants to answer the telephone within two rings and even if he was in the bathroom.

Plaintiff in his deposition has also testified in detail as to how defendant Satprakash and Geeta had repeatedly shown him video recordings of post 9/11 terror arrests and scenes from torture of terrorists; with threat that plaintiff is an illegal alien and could be subjected to such arrest and torture if found by law enforcement.  Plaintiff has also testified in his deposition about the direct threat of arrest  by Defendant Sharma on pretext that  he is very well connected with law enforcement and Judges (Due to his Bar Lounge in upstate , NY). Sharma also boasted about getting his own brother Satdev arrested and deported, which plaintiff himself had seen. Plaintiff has provided gory detail of wrongful confinement and torture by Defendant. Had defendant attached complete Transcript of plaintiff's deposition, court would have reviewed the same. Since neither court nor plaintiffs have the copy of transcript, the excerpted statement and inferences from plaintiff's deposition drawn by defendant be ignored as they do not reflect correct or complete evidence in this matter.

**B.    PLAINTIFF HAS NOT FAILED TO COMPLY WITH THIS COURT'S DISCOVERY OR ANY OTHER ORDERS.**

Plaintiff has complied with all of the Honorable Court's discovery orders to the extent possible.  Where Plaintiff has been unable to comply with any order, sufficient documentation has been made that fully explicates any difficulty in obtaining such discovery.

When it has been impossible to obtain certain discovery items, namely production of the laptop computer, Plaintiff has provided reasonable justification for his inability to produce this item.  The laptop computer was given to Plaintiff by a congregant, not Defendants.  This same congregant of the Ashram has since lost his job, moved to India, and presumably took the laptop computer with him.  The Plaintiff has been unable to get in touch with him, despite repeated attempts, and therefore, does not have access to the laptop computer.  To this effect, an affidavit was provided. **(See Exhibit G: Affidavit of Devendra Shukla.)**

**C.    DEFENDANTS' REQUEST FOR AN ORDER OF A FINDING OF SPOLIATION IS NOT WARRANTED BECAUSE THE SPOLIATION CLAIM IS NOT SUPPORTED BY CREDIBLE ARGUMENTS, WITNESSES, OR EVIDENCE.**

Plaintiff, in no way, deliberately concealed, erased, or suppressed relevant evidence.  Nor did he allow the destruction of evidence to avoid the imposition of liability.  There is no culpable conduct on the part of Plaintiff.

Opposing counsel cites a number of irrelevant cases including *Residential Funding Corp. v. DeGeorge Fin Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) to describe the

requisite elements of a spoliation claim as follows: "(i) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (ii) the evidence was destroyed with a culpable state of mind; and (iii) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."  Defendants fail to meet any of these required elements for a finding of spoliation, and further, fail to make a meaningful showing of bad faith of the part of Plaintiff.  Defendants' arguments are based largely on the non-production of a laptop computer.  As previously mentioned, Plaintiff did not have control or access to this laptop computer.  In fact, it was borrowed for limited use from a former congregant of the Ashram, who took it back with him when he returned to India.  It was not Plaintiff's property to "allow a third party to take possession" of it.

Defendants' allegations that Plaintiff failed utterly to live up to his discovery obligations, repeatedly violated court orders and warnings, or committed spoliation or concealment of evidence, all fact patterns that are irrelevant to the facts here, where Plaintiff has fully complied with all of her discover obligations, and has never committed any spoliation or concealment of evidence.  Defendants' counsel's solution to that problem was to (a) make numerous material misrepresentations to the Court, and treat those as facts, (b) cherry pick the parts of the record they like, ignore any factual issues, and then present their resolution of the factual issues as though they were facts, and (c) then fit this collection of manufactured "facts" into the law.  Unfortunately for them, it doesn't work like that, and their argument for a finding of spoliation is frivolous in the extreme.

In essence, defendants fail on their spoliation claim, therefore, they are not

18

entitled to an adverse inference.

**D.     PLAINTIFF COMPLIED WITH ALL DISCOVERY REQUESTS
AND, IT IS DEFENDANTS WHO HAVE FAILED TO PROVIDE A
NUMBER OF DOCUMENTS THAT HAVE BEEN HEAVILY
RELIED UPON, AND, AS  A RESULT, THEY ARE IN
VIOLATION OF THE FEDERAL RULES OF EVIDENCE.**

According to Rule 106 of the Federal Rules of Evidence, "When a writing or
recorded statement or part thereof is introduced by a party, an adverse party may require
the introduction at that time of any other part or any other writing or recorded statement
which ought in fairness to be considered contemporaneously with it."  Plaintiff, through
his attorneys, has made repeated attempts to obtain a copy of the ***entire*** transcript of the
deposition of Plaintiff to no avail.  This deposition has been heavily relied upon by
Defendants and is frequently referred to in the Motion to Dismiss filed by Defendants.
This deposition has been introduced by Defendants and then requested by Plaintiff.  At
this juncture, it is blatantly inequitable to continually refuse to provide this document
while citing excerpts from a deposition that has not been accessible to Plaintiff.

In addition, during the depositions of Sat Prakash and Geeta Sharma, Defendants
and their attorney, had agreed to provide the following documents which have not been
provided to Plaintiff, to date. (**See pages 9-10 of this Memorandum for a complete list
of such documents**.)

**E.     DEFENDANTS ARE NOT EXEMPT FROM COMPLIANCE WITH FEDERAL AND STATE REGULATIONS.**

Defendants have in bad faith cited the First Amendment, one of the most essential principles of the Founders of this Country, in order to gain favor based on religion and the freedom of religious communities that is so revered in this country.  The Free Exercise Clause, nor any other part of the First Amendment, has nothing to do with the issue before the Court today.  Defendants are using the name of religion to mislead the Court.  The Defendants entire argument regarding the ministerial exception is, quite frankly, dishonest, because Sat Prakash Sharma has admitted during his deposition that the Ashram is a For-Profit Domestic Business Corporation, unlike other religious organizations.  **(See Exhibit H-1: Sat Prakash Sharma's Deposition on August 19, 2008, specifically page 21 beginning on line 23 through page 25 ending at line 20.)** Therefore, the case cited by Defendants, *Shaliehsabou v. Hebrew Home of Greater Washington*, 363 F.3d 299 (4th Cir. 2004) which states that members of religious orders who serve pursuant to their religious obligations shall not be considered "employees" is inapplicable to the relationship between Plaintiff and Defendants.  In an organization that is set up for-profit, there are no such exceptions.  Devendra Shukla was an employee of the Ashram and the Defendants were his employers.   As a for-profit business organization registered in the United States, the Ashram is required to follow Immigration Laws,  Federal and State Wage Laws, as well as any and all other Federal and New York State Laws.  Defendants have violated the Trafficking and Violence Protection Action ("TVPA") and the Fair Labor Standards Act ("FLSA"), both laws that

the Defendants are required to follow, without exception.

Further, the ministerial exception does not apply and the Second Circuit is not inclined to recognize the ministerial exception.  The purpose of the ministerial exception is to protect the church's freedom of religion and to prevent an establishment of religion, under the First Amendment.  Since Defendant Sat Prakash Sharma's deposition has elucidated the fact that the "Ashram" is neither a charitable nor a religious organization, rather a duly incorporated For-Profit Business Enterprise, there is no instance in which the ministerial exception applies, making the whole argument void or irrelevant at best.

## V.        CONCLUSION

Defendants have made, and could make, no showing whatsoever of any spoliation of evidence, concealment of evidence, violation of discovery orders, or failure to comply with discovery notices on the part of Plaintiff, so Defendants' request for a finding of spoliation and the resulting adverse inference is entirely frivolous.

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and Motion for Summary Judgment in all respects.

Date:   April 2, 2009
        New York, NY

/s/ Sanjay Chaubey, Esq.
SANJAY CHAUBEY, Esq. (SC – 3241)
Attorney for the Plaintiff
The Empire State Building
350 Fifth Avenue, Suite 5013
New York, NY 10118-5013
Phone: (212) 563-3223

TO:    Dan Brecher, Esq. (DB-5308)
        Law Offices of Dan Brecher
        99 Park Avenue, 16th Floor
        New York, NY 10016
        (212) 286-0747

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 3, 2009, I caused a copy of the foregoing

*Opposition to Defendants' Motion to Dismiss and Motion for Summary Judgment* and the

accompanying *Declaration of Sanjay Chaubey with Exhibits* to be served by the Eastern

District's ECF system, and a copy to be served by First Class mail, postage prepaid, on

the following counsel:

Dan Brecher, Esq.
*Counsel for Defendants*
Law Offices of Dan Brecher
99 Park Avenue, 16th Floor
New York, NY 10016


Date:   April 3, 2009
        New York, NY


/s/ Sanjay Chaubey_____
Sanjay Chaubey, Esq.