UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DEVENDRA SHUKLA,

                Plaintiff,

- against -

SAT PRAKASH SHARMA, individually and
as Director of VISHVA SEVA ASHRAM OF
NEW YORK, GEETA SHARMA,
individually and as Director of VISHVA
SEVA ASHRAM OF NEW YORK, VISHVA
SEVA ASHRAM OF NEW YORK D/B/A
SARVA DEV MANDIR,

                Defendants.

07-CV-2972 (CBA) (CLP)
Hon. Carol Bagley Amon

---

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF
## THEIR MOTION FOR SUMMARY JUDGMENT

Dan Brecher (DB-5308)
Law Offices of Dan Brecher
99 Park Avenue, 16th Floor
New York, New York 10016
(212) 286-0747
Attorneys for Defendants

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT................................................................................................................................2

      POINT I.     PLAINTIFF FAILED TO PROVIDE A STATEMENT OF
                        CONTESTED FACTS.........................................................................2

      POINT II.    PLAINTIFF'S CONTENTION THAT HE HAS NOT BEEN
                        PROVIDED WITH DEPOSITION TRANSCRIPTS IS
                        WITHOUT MERIT ..............................................................................3

      POINT III.   PLAINTIFF'S NEW DISCOVERY REQUESTS ARE
                        A PLOY ...............................................................................................4

      POINT IV.   PLAINTIFF'S ALLEGATION THAT HINDI INTERPRETERS
                        WERE DISQUALIFIED IS IMMATERIAL SINCE
                        PLAINTIFF REPEATEDLY CONFIRMED AND ACCEPTED
                        ON THE RECORD THE INTERPRETER THAT WAS
                        ULTIMATELY USED, PRIA BALA ..................................................5

      POINT V.    PLAINTIFF'S DILATORY BEHAVIOR IN DISCOVERY AND
                        CONTINUED DISRESPECT FOR THE COURT SUPPORT A
                        MOTION FOR SUMMARY JUDGMENT..........................................6

      POINT VI.   CLAIMS OF "ABUSE" ........................................................................7

      POINT VII.  DEFENDANT ASHRAM IS A NOT-FOR-PROFIT
                        ORGANIZATION AND IS AFFORDED PROTECTION
                        OF THE MINISTERIAL EXCEPTION ..............................................8

CONCLUSION..........................................................................................................................10

# TABLE OF AUTHORITIES

Page

Cases

<u>AFL Fresh & Frozen Fruits & Vegetables, Inc. v. De-Mar Food Servs. Inc.</u>,
No. 06 Civ. 2142, 2007 WL 4302514 (S.D.N.Y. Dec. 7, 2007) .................................................. 2

<u>Davis v. State of New York</u>,
316 F.3d 93 (2d Cir. 2002) ........................................................................................................ 2

<u>E.E.O.C. v. Roman Catholic Diocese of Raleigh</u>,
213 F.3d 795 (4th Cir. 2000) ..................................................................................................... 8

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,
475 U.S. 574 (1986) ................................................................................................................... 2

<u>Rodriguez v. Schneider</u>,
No. 95 Civ. 4083, 1999 WL 459812 (S.D.N.Y June 29, 1999) ................................................ 3

<u>Rweyemamu v. Cote</u>,
No. 06-1041-cv, (2d Cir., Mar. 21, 2008) ............................................................................. 8, 9

Statutes and Local Rules

Fed. R. Civ. P. 56(e)(2) ......................................................................................................... 2, 3

Local Rule 56.1(d) .................................................................................................................... 2

Defendants Vishna Seva Ashram of New York, (the "Ashram"), Sat Prakash Sharma ("Sat"), and Geeta Sharma ("Geeta") (collectively Sat and Geeta hereinafter referred to as the "Individual Defendants") submit this reply memorandum in further support of their motion for summary judgment in their favor, dismissing the Complaint in its entirety filed by Plaintiff, Devendra Shukla ("Plaintiff").

## PRELIMINARY STATEMENT

The Memorandum of Law submitted in opposition to Defendant's Motion for Summary Judgment and the affidavit submitted by Plaintiff regarding his complete failure to produce anything the Court ordered regarding his computer are so error-filled and/or woefully inadequate as to be purposeful and to warrant dismissal of the instant action with sanctions. Plaintiff has failed to meet his burden, as set out by the Federal and Local Civil Rules and in the case law, to defeat Defendants' motion for summary judgment. Plaintiff makes specious objections regarding the availability of deposition transcripts that were electronically filed and, therefore, available to him, and regarding what he incorrectly describes as disqualification of Hindi interpreters, none of which were "disqualified." Plaintiff failed to respond at all to Defendants' Rule 56.1 Statement of undisputed facts. Plaintiff offers nothing material that is true, and alleges much that is demonstratively false, in Plaintiff's unsuccessful effort to create an issue of fact for trial here. The undisputed evidence supports the dismissal of all of the Plaintiff's claims.

Plaintiff continues to exhibit disrespect for the Court, and to disregard the truth. Plaintiff's conclusory and unsupported opposition to Defendants' motions, including an error-filled fact-lacking Memorandum of Law and the fact-lacking Plaintiff's affidavit, together with the admissions Plaintiff made in his deposition testimony, warrant an adverse inference, a

1

finding of spoliation and dismissal of the Complaint. Lastly, Plaintiff's argument that Defendant Ashram does not qualify for protection afforded by the ministerial exception is simply false.

## ARGUMENT

In order to defeat a motion for summary judgment, the opposing party must state "specific facts showing a genuine issue for trial". *See* Fed. R. Civ. P. 56(e)(2); *see also* E.D.N.Y. Local Civ. R. 56.1(d). This burden will be met only when the opposing party provides "citation[s] to evidence which would be admissible" in support of its efforts to oppose a motion for summary judgment. *See* E.D.N.Y. Local Civ. R. 56.1(d). The opposing party may not rely on "conclusory statements or mere allegations" in support of its counter-statements, *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002), but must designate specific facts showing that there is a genuine issue for trial." *Id.* Broad allegations that there is "some metaphysical doubt as to the material facts" are insufficient to defeat a motion for summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, counterstatements of material fact that fail to cite "to any evidence in the record, let alone evidence that would be admissible, as required by Local Rule 51.6(d) . . . cannot create disputes of material fact". *AFL Fresh & Frozen Fruits & Vegetables, Inc. v. De-Mar Food Servs. Inc.*, No. 06 Civ. 2142, 2007 WL 4302514, at *4 (S.D.N.Y. Dec. 7, 2007).

## POINT I.

### PLANITIFF FAILED TO PROVIDE A STATEMENT OF CONTESTED FACTS

Plaintiff has failed to properly offer or file the statement of contested facts required pursuant to Rule 56.1. A party seeking to oppose a motion for summary judgment must submit a "separate, short and concise statement of material facts as to which it contests that there exists a

genuine issue to be tried." *See* S.D.N.Y Local Civ. R. 56.1(d). Thus, "[a] proper 56.1 Statement submitted by a non-movant should consist of a paragraph-by-paragraph response to the movant's 56.1 statement, much like an answer to a complaint." *Rodriguez v. Schneider*, No. 95 Civ. 4083, 1999 WL 459812 at *1 n.3 (S.D.N.Y June 29, 1999). Because Plaintiff has failed to provide such a response to movant's 56.1 Statement, all statements provided in the movant's 56.1 Statement of uncontested facts accompanying the motion to dismiss, should be accepted by this Court as undisputed.

Even if this Court were to construe as responsive to a portion of Defendants' 56.1 Statement a section of Plaintiff's Memorandum of Law (Pl. 04/03/09 Mem., at 17), or Plaintiff's uninformative affidavit that only seeks to explain his failure to produce his computer and his failure to produce any documents, emails or other production ordered by the Court, it is respectfully submitted that Defendants' 56.1 Statement should be deemed to be uncontested as nothing in Plaintiff's opposition papers contests the specific paragraphs and evidence cited in Defendants' 56.1 Statement, as required, with citations to admissible evidence.

## POINT II.

### PLAINTIFF'S CONTENTION THAT HE HAS NOT BEEN PROVIDED WITH DEPOSITION TRANSCRIPTS IS WITHOUT MERIT

Plaintiff's numerous assertions that Defendants have relied on depositions that were not provided to the Plaintiff are all patently false. Copies of the complete depositions that were referenced in Defendants' Motion to Dismiss were filed with the Court electronically (Reply Declaration of Dan Brecher, dated April 16, 2009, "Brecher Rep. Dec.," at Ex. O ). Plaintiff's counsel was also provided with the transcripts after the depositions were completed in 2008, and was in possession of them for a number of months. Moreover, not only have the electronic copies of the depositions been available to the Plaintiff since January 2009, when they were

electronically filed with the Court, but Defendants have also offered Mr. Chaubey, in several written communications, to allow the Plaintiff to review the depositions, which we specifically set aside in our offices for Mr. Chaubey or his associate to review at their convenience. Plaintiff has neither responded nor taken advantage of these offers. This non-response is also confirmed in emails sent to Mr. Chaubey by Defendants' counsel on March 13, 25, 26 and 27, 2009 (Brecher Rep. Dec., at Ex. P).

## POINT III.

### PLAINTIFF'S NEW DISCOVERY REQUESTS ARE A PLOY

For the first time since the close of discovery, which occurred more than four months ago, Plaintiff now says there are documents and information that he needs, but that he failed to request in November 2008, prior to the close of discovery, when the Court ordered any such open discovery items to be stated (Amended Declaration of Dan Brecher, submitted January 28, 2009 ("Brecher Amended Dec."), at Ex.C). Defendant long ago produced responses to Plaintiff's discovery requests, and Plaintiff did not report any open discovery issues in November 2008, despite the Court's order that he do so.

It seems bizarre that Mr. Chaubey claims in his Memorandum of Law that Plaintiff did not receive from Defendants the address of attorney Gallagher (Pl. 04/03/09 Mem., at 13), when it had previously been sent to him in writing, on March 26, 2009 (Brecher Rep. Dec., at Ex. P). Even more bizarre is that Mr. Chaubey also claims that Plaintiff did not receive copies of Internal Revenue Service ("I.R.S.") correspondence, when copies were used by Mr. Chaubey in an exhibit to the deposition Mr. Chaubey took of Defendant Sat. (Brecher Rep. Dec., at Ex. Q). These specious claims are merely an attempt to further delay the proceedings, and therefore, such behavior should be sanctioned.

## POINT IV.

### PLAINTIFF'S ALLEGATION THAT HINDI INTERPRETERS WERE DISQUALIFIED IS IMMATERIAL SINCE PLAINTIFF REPEATEDLY CONFIRMED AND ACCEPTED ON THE RECORD THE INTERPRETER THAT WAS ULTIMATELY USED, PRIA BALA

Plaintiff makes another meritless assertion in discussing the Hindi interpreters other than the interpreter, Pria Bala, who was the interpreter used by both parties for the depositions (Pl. 04/03/09 Mem., at 14). Once again, the Plaintiff fails to report honestly. The truth is that after three brief sessions with other Hindi translators that the Plaintiff found unacceptable to Plaintiff, all deposition transcripts using the interpreter Pria Bala, specifically all depositions commencing March 17, 2008, were expressly and affirmatively accepted by Plaintiff on the record. Indeed, Plaintiff even used Ms. Bala for the taking of the Defendant's depositions. Plaintiff's contention that any of the interpreters were "disqualified" is nonsense. When Plaintiff objected to each of the first three interpreters provided by the independent Veritext court reporting service, the brief depositions of January 15, 2008, and January 16, 2008 and February 16, 2008, were each halted. Defendants found a fourth interpreter, Ms. Bala, who was fully accepted by Plaintiff for all depositions. Plaintiff did agree that the transcripts were correct, and he signed them and had them notarized, and delivered them to Defendants months later.

Knowing that Plaintiff had already engaged in deceptive and dilatory conduct, and that Mr. Chaubey's word was not trustworthy, Defendants' counsel repeatedly asked Mr. Chaubey to confirm at each deposition wherein Ms. Bala was the translator that Ms. Bala was properly conducting her duties as the Hindi interpreter and that Plaintiff accepted her translations as correct and accurate. Mr. Chaubey not only confirmed that the translations by Ms. Bala were correct, he also used her as the interpreter when Plaintiff deposed Defendants. Moreover, any corrections Plaintiff wished to make to any of the transcripts were made by him in the transcripts

5

themselves, all of which were signed and notarized by the Plaintiff, with corrections noted on correction sheets attached to the signed and notarized depositions.

Plaintiff provides no detail as to the purported disqualification of interpreters, provides no specifics as to how any purported deficiency in translation by anyone creates any issue here, and, yet again, seeks to mislead the Court with unsupported false representations as to the facts regarding the depositions and the interpreters.

## POINT V.

### PLAINTIFF'S DILATORY BEHAVIOR IN DISCOVERY AND CONTINUED DISRESPECT FOR THE COURT SUPPORT A MOTION FOR SUMMARY JUDGMENT

Plaintiff does not deign to reply or contradict Point IV of Defendant's Memorandum detailing the numerous improper, unprofessional and sanctionable dilatory acts of Plaintiff and his counsel, which are specifically cited in Defendants' Memorandum. What is worse, in the numerous, material and blatant false statements in Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment and Motion to Dismiss, Plaintiff continues to exhibit disrespect for the Court, and disregard for the truth.

It is respectfully submitted that Defendants' Memorandum cited to enough instances of specific discovery production failures by Plaintiff, and to several specific deposition transcripts excerpts exhibiting conduct by Plaintiff and his counsel that was clearly improper, so as to require Plaintiff and his counsel to respond and to at least attempt to give some explanation for such behavior by Plaintiff and his counsel. Other than the strangely and revealingly vague affidavit of Plaintiff, that seeks to explain his failure to produce <u>his</u> computer and any documents ordered to be produced from it, Plaintiff offers no factual details in opposition to the Motion for a finding of spoliation and for an adverse inference. Plaintiff's affidavit fails to provide the Court

with any facts as to when the unidentified congregant went to India, when the Plaintiff gave the congregant the computer, why Plaintiff did not print out and produce documents before giving the computer back to the congregant, and what specific efforts were made by Plaintiff to get in touch with the congregant, let alone the congregant's email address and cell phone number. In this age of cheap and widespread international communications, the vague statements in Plaintiff's affidavit, together with his deposition testimony on April 1, 2008, at page 26:3-8, in which he admitted that the computer was Plaintiff's property and was still in his possession months after the Court's February 8, 2008 Order that the computer documents be produced to Defendants by Plaintiff, as well as the Court's subsequent production orders with which Plaintiff also did not even try to comply, all support the sanctions Defendants seek, including, but not limited to, an adverse inference, a finding of spoliation and dismissal of the Complaint.

## POINT VI.

### CLAIMS OF "ABUSE"

Plaintiff's claims are entirely based on his allegations of torture and psychological abuse. It is beyond dispute that Plaintiff frequently traveled alone outside the Ashram from 2000 through May 2007, when Plaintiff finally left the Ashram on his own accord. Plaintiff misstates Defendants' argument and he claims he was tortured, yet Plaintiff admits in his deposition testimony, cited extensively in the Memorandum of Law in Support of Motion to Dismiss and Motion for Summary Judgment, that he had freedom to communicate by cell phone and email with his friends and even with his family in India, with whom Plaintiff further admits he did communicate regularly from 2000 through 2007 (Pl.'s Dep. 66:20 – 67:9, 77:25- 80:24, 129:12 – 130:21, Apr. 1, 2008). Plaintiff has further admitted that he often visited congregants, went shopping (Pl.'s Dep. 95:2- 96:9, Apr. 1, 2008), conducted religious services outside the Ashram

7

at the homes and offices of congregants (Compl. ¶ 25; Pl.'s Dep. 50:20-61:4, Mar. 17, 2008) and regularly appeared as a participant on a radio talk show (Pl.'s Dep. 30:22-36:25, 44:7-45:11, Mar. 17, 2008). Plaintiff's Memorandum of Law in opposition failed to present to the Court any evidence as to behavior of the Defendants that could possibly qualify as "extreme and outrageous" or that presents a genuine issue for trial to satisfy his claims of intentional infliction of emotional distress or false imprisonment.

Plaintiff claims that the abuse he experienced was manifest only in his own subjective emotional or mental thought processes. Plaintiff has also admitted that he did not communicate to anyone his alleged abuse from 2000 through at least 2003 (Pl.'s Dep.140:20-142:17, Mar. 17, 2008). Defendants cannot possibly be held responsible for these unexpressed psychological fears that Plaintiff kept secret for years.

## POINT VII.

## DEFENDANT ASHRAM IS A NOT-FOR-PROFIT ORGANIZATION AND IS AFFORDED PROTECTION OF THE MINISTERIAL EXCEPTION

In opposition to Defendants' use of the protection afforded by the ministerial exception, which is a judicially prescribed limitation on government intrusion on "the most spiritually intimate grounds of a religious community's existence," E.E.O.C. v. Roman Catholic Diocese of Raleigh, 213 F.3d 795, 800 (4th Cir. 2000), Plaintiff makes another specious argument that the Second Circuit does not recognize the ministerial exception. However, in Rweyemamu v. Cote, the Second Circuit expressly stated, "we affirm the vitality of that doctrine in the Second Circuit. In our view, the ministerial exception is constitutionally required by various doctrinal underpinnings of the First Amendment. *Rweyemamu v. Cote*, No. 06-1041-cv (2d Cir., Mar. 21, 2008).

Plaintiff also attempts to offer yet another demonstrably false assertion that Defendant Ashram is a for-profit organization. This argument is simply without merit. The Ashram is a not-for-profit religious organization dedicated to supporting and providing religious and spiritual guidance and a place of worship for those of the Hindu faith. Religious organizations may be legally organized in a variety of ways under state law, however ultimately, this does not effect their status as a not-for-profit or religious organization. Plaintiff has blatantly misrepresented to the Court that Defendant Sat testified that the Defendant Ashram is a for-profit corporation, as Sat's testimony is clearly the opposite of what Plaintiff tells the Court in Plaintiff's Memorandum (page 20). Deposition transcripts confirm that when Mr. Chaubey asked Sat about the status of the Ashram, Sat testified unequivocally, "It is a not-for-profit." (Sat's Dep. 7:17, Aug. 19, 2008).

What is of greater significance, and resolves the issue entirely, is that Plaintiff has himself submitted into evidence documents that completely contradict and refute Plaintiff's argument, and that confirm Defendant Ashram's status as a not-for-profit organization. (*See* Brecher Rep. Dec., at Ex. Q, which was Plaintiff's own Exhibit 7 to the deposition Plaintiff took of Sat, dated August 19, 2008, official correspondence from the I.R.S. dated April 23, 2008, which very specifically and unequivocally confirm and verify Defendant Ashram's tax exempt status. Annexed as Exhibit R to the Reply Declaration of Dan Brecher is correspondence from the I.R.S, dated January 7, 2005, confirming that the Ashram is a religious and tax exempt organization. Also, Exhibit Q to the Reply Declaration of Dan Brecher further confirms that the IRS and the State of New York have, for several decades, classified the Ashram as a "religious" organization that is not required to file tax returns.

## CONCLUSION

Plaintiff's own Memorandum in Opposition, and Plaintiff's own affidavit, which completely fails to provide any support for his contention that the Plaintiff's non-compliance with the Court's discovery orders was unintentional, confirm that the Plaintiff's claims should all be dismissed with such sanctions as against Plaintiff and his counsel, as this Court deems appropriate.

Dated:    April 16, 2009
            New York, New York

LAW OFFICES OF DAN BRECHER

By: _____
Dan Brecher, Esq. (DB-5308)
Attorney for Defendants
99 Park Avenue, 16th Floor
New York, New York 10016
(212) 286-0747