UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DEVENDRA SHUKLA,

                              Plaintiff,

       -against-

SAT PRAKASH SHARMA, individually,
 and as Director of VISHVA SEVA ASHRAM,
of New York, et. al.,

                              Defendants.
-----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
07-CV-2972 (CBA)

AMON, United States District Judge.

      Plaintiff Devendra Shukla has filed suit against defendants Vishma Seva Ashram of New York (the "Ashram") and Sat Prakash Sharma ("Mr. Sharma") and Geeta Sharma ("Mrs. Sharma"), individually and as officers and directors of the Ashram. Plaintiff alleges two violations of the Victims of Trafficking and Violence Protection Act of 2000, ("TVPA"); namely, that defendants trafficked and tricked plaintiff into coming to the United States and once here subjected him to exploitative work conditions and severe psychological and emotional abuse, in violation of the human trafficking provision, 18 U.S.C. § 1595, and that defendants knowingly obtained plaintiff's labor and services by threats of serious harm, scheme or abuse in violation of the forced labor provision, 18 U.S.C. § 1589. Plaintiff further claims defendants failed to pay minimum wages and overtime in violation of the Fair Labor Standards Act, 28 U.S.C. § 216(b), and New York State wage and hour laws. Finally, plaintiff brings common law claims of involuntary servitude, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, quantum merit, unjust enrichment, and fraud.

By order dated January 28, 2009, this Court referred defendants' motion to dismiss to the Honorable United States Magistrate Judge Cheryl Pollak, for a Report and Recommendation ("R&R"). The Court has received Magistrate Judge Pollak's R&R, dated August 21, 2009, which recommends that: (1) defendants' motion for summary judgment[1] on all claims be granted with the exception of two claims arising under the TVPA, (2) defendants' motion for attorney's fees as sanctions for the spoliation of evidence be granted, and (3) plaintiff's motion to delay consideration of defendants' motion to allow for further discovery be denied. Plaintiff and defendants filed timely objections to the R&R. For the reasons discussed below, the Court adopts Magistrate Judge Pollak's R&R as the opinion of the Court.

**I.     Background[2]**

Plaintiff is a citizen of India who currently resides in New York. (Compl. ¶ 7.) Plaintiff came to the United States with an R-1 religious worker visa and an Indian passport, for the purpose of working for Mr. and Mrs. Sharma as a Hindu priest at the Ashram. (Id. ¶¶ 7, 17, 18.) For almost seven years, from 2000 to 2007, plaintiff lived at the Ashram, officiated religious ceremonies at the Ashram, and led group prayers in individual worshippers' homes. (Id. ¶ 25.) Additionally, plaintiff performed janitorial work for the tenants of the apartments located above the Ashram, and performed laborer and cleaning work at the private residence of Mr. and Mrs. Sharma. (Id. ¶¶ 28, 29.)

---

[1] Magistrate Judge Pollak converted defendants' motion to dismiss to a motion for summary judgment and considered the motion under the appropriate standards of Fed. R. Civ. P. 56. (See R&R at 15 n.10.)

[2] See Magistrate Judge Pollak's Report and Recommendation for a more thorough explanation of the relevant facts in this case.

Plaintiff alleges that he was trafficked into the United States to be a Hindu priest for the congregation at the Ashram, but once here, defendants prevented plaintiff from leaving by confiscating his passport, monitoring him, and recording his phone calls. (See id. ¶ 22, Pl. Dep.[3] 55:15-56:15, Mar. 14, 2008; Pl. Dep. 27:9-28:22, 9:5-10, Apr. 1, 2008). Plaintiff further claims defendants treated him like a slave—subjecting him to exploitative work conditions, threatening him, treating him abusively and in a demeaning manner, and forcing him to sleep in a bathroom-like room. (Pl. Dep. 54:20-55:8, 118:9-12, Mar. 14, 2008; Compl. ¶¶ 32, 34.) Defendants deny these allegations. (Answer ¶¶ 1, 2.)

**II.     Discussion**

    **A.     Standard of Review**

This Court reviews Magistrate Judge Pollak's Report and Recommendation de novo. See Fed. R. Civ. P. 72(b)(3).

    **B.     Subject Matter Jurisdiction**

Magistrate Judge Pollak correctly applied the ministerial exception in the instant case to conclude that plaintiff's FLSA and state common law claims should be dismissed for lack of subject matter jurisdiction.

In his Objections to the R&R, plaintiff raises only one objection to the Magistrate's determination that the ministerial exception applied. He claims that summary judgment should have been denied because the Ashram's Exempt Organization Certificate was dated 1991 and the Entity Information with the New York Department of State showed that the Ashram was reincorporated on January 23, 2003. (Pl. Obj. ¶ 2(a).) Plaintiff asks how a company that was not

---

[3] Citations to "Pl. Dep." refer to the deposition taken of plaintiff on the date indicated.

incorporated until 2003 could have an Exempt Organization Certificate dated in 1991. This objection is meritless for several reasons. First, Plaintiff himself notes that the 2003 filing represented a re-incorporation; he has not presented the Court with any information suggesting that the Ashram was required to obtain a new certificate when it reincorporated. Second, the R&R refers to several documents in the records after 2003 that support the organization's tax exempt status including two letters from the IRS. Finally, Magistrate Judge Pollak noted that plaintiff did not cite any authority to support the proposition that an entity's not-for-profit status is determinative of whether a religious organization can invoke the ministerial exception. Plaintiff has likewise failed to cite any such authority in his objections. Thus, the alleged discrepancy of dates fails to undermine the reasoned finding in the R&R that the ministerial exception applies in this case.

  C. **TVPA claims**

  Defendants challenge the R&R's conclusion that the TVPA claims survive summary judgment. In so doing, defendants rely on the Supreme Court's decision in <u>Bell Atlantic Corp.v. Twombly</u>. 550 U.S. 544, 127 S. Ct. 1955 (2007). It is not clear why defendants cite <u>Twombly</u> because that case interprets the pleading requirements of Fed. R. Civ. P. 12(b)(6), not the summary judgment standard on which the R&R relies. Defendants argue that plaintiff cannot make out a case based upon the inherent implausibility of his story coupled with the adverse inference that the R&R recommends be given in connection with his missing computer. In their objections, defendants do not dispute that plaintiff's claims, if believed, make out TVPA causes

of action.  Instead, they argue in effect that plaintiff is incredible as a matter of law.[4]

Summary Judgment is only appropriate if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).  In order to survive a defendant's summary judgment motion, "the plaintiff. . . need only present evidence from which a jury might return a verdict in his favor.  If he does so, there is a genuine issue of fact that requires a trial." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514 (1986).  Fact finding and credibility are issues for a jury after trial, not for a court to resolve on summary judgment.  Although plaintiff may well be subject to impeachment particularly on his failure to retain the computer he used to send emails to his friends and family, his story is not so fanciful or contradicted by undisputed facts as to be that unusual case where summary judgment is appropriate despite a plaintiff's version of events.  The Court finds, as did the R&R, that there is sufficient evidence for a jury to find in plaintiff's favor regarding his TVPA claims.

---

[4] Defendants place undue emphasis on what they contend to be a factual error in the Report.  The Magistrate Judge noted that significance of the missing computer and emails did not merit the sanction of dismissal.  Defendants had predicted that such emails would show that plaintiff made no complaints to anyone about his mistreatment and this fact would undermine his claim that any of the abused treatment took place.  The Magistrate Judge, while acknowledging that such testimony would be relevant, noted that its impact was lessened by plaintiff's own admission that "he made no effort to report the abuse to anyone." (R&R at 33.)  Defendants contend this was a misstatement of the record because plaintiff testified that after the first three years of abuse, he had mentioned his mistreatment to various friends and associates.  This purported error does not undermine the conclusions in the R&R.  First of all, it is not clear that the statement that the plaintiff made no effort to report the abuse to anyone was a misstatement of the record.  Read in context with the preceding paragraph, it appears that what the Magistrate Judge was referring to was the undisputed concession by plaintiff that "he did not go to the police about the alleged abuse for seven years." (R&R at 33.)  The R&R had earlier acknowledged that he made complaints to others after an initial period when it noted that "for the first three years," plaintiff told no one of his feelings or fear and slave-like conditions. (R&R at 23.)  Second, and more to the point, the fact that plaintiff may be impeached on the fact that he did not tell friends about the abuse does not render him incredible as a matter of law.

Accordingly, this Court rejects defendants' objections, adopts the R&R, and denies summary judgment on plaintiff's TVPA claims.

### D. Discovery Issues and Sanctions

Plaintiff's objections to Magistrate Judge Pollak's orders imposing sanctions for the spoliation of evidence and rejecting his request for further discovery are likewise meritless. Plaintiff merely repeats arguments that have been persuasively addressed and rejected in the R&R.

### III. Conclusion

For the foregoing reasons, the Court adopts the R&R and grants defendants' motion for summary judgment except as to the two claims arising under the TVPA, grants defendants' motion for attorney's fees as sanctions for the spoliation of evidence, and denies plaintiff's motion to delay consideration of defendants' motion to allow for further discovery.

SO ORDERED

Dated: Brooklyn, New York
      September 29, 2009

                                                  Carol Bagley Amon
                                                  United States District Judge