UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEVENDRA SHUKLA,

                Plaintiff,

    - against -                           07-CV-2972 (CBA) (CLP)

SAT PRAKASH SHARMA, individually         **PLAINTIFF'S REPLY TO**
and as Director of VISHVA SEVA ASHRAM    **DEFENDANT'S**
of NEW YORK, et al.,                    **REQUEST FOR**
                                       **ATTORNEY'S FEES AND**
                Defendants.       **COSTS**
------------------------------------------------------------X

       Plaintiff Devendra Shukla, by and through his attorneys, Law Offices of Sanjay

Chaubey, submits the following in opposition to defendants' attorney's affidavit in

support of award of attorney's fees and costs (herein after referred to as "Brecher

Affidavit"), and in response to the Order by Honorable Cheryl Pollak dated October 8,

2009.

    1.     On August 14, 2009, Honorable Judge Pollack issued a Report and

             Recommendation which granted a single Motion in defendants' favor. As

             a result, defendants, by and through their attorneys, have submitted the

             Brecher Affidavit, which seeks attorneys' fees in the total amount of

             $28,215.20.

    2.     First and foremost, defendants are not the prevailing party in this case;

             partial success on one motion does not determine success on the complete

             outcome of the case. Second, the trial is still pending, therefore, the case

             is not complete; thus, awarding attorney's fees at this juncture would not

be appropriate. Third, defendants do not have the right to make a sweeping request of all attorneys' fees for the length of this case. In the event that the Court is still of the opinion that attorney fees may be awarded, defendants are limited to requesting only those reasonable amounts that clearly correspond to the preparation and filing of the single motion which was partially granted in their favor.

3.    According to *Hensley v.* Eckerhart, 461 U.S. 424 (1983), a party may be considered a "prevailing party" for attorney's fee purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. *Id.* at 433. This threshold standard plainly allows for attorneys' fee awards when a party has only partially succeeded. *Hensley*, 461 U.S. 424, 433 (1983), *quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978). However, an interlocutory or procedural victory is insufficient. *E.g., Hanrahan v. Hampton,* 446 U.S. 754, 767 (1980); *Huey v. Sullivan*, 971 F.2d 1362 (8th Cir. 1992). In the present case, a motion has been partially granted, which is merely a procedural victory and is insufficient for awarding attorneys' fees.

4.    In the present case, the defendants are not prevailing defendants, quite simply, because the trial is still pending and the case is not complete. Even if they may have prevailed on the single issue of the motion, legislative history and judicial precedent often limit a defendant's right to

fees.  For example, in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412 (1978), the Supreme Court set out the standards for recovery by a prevailing defendant:

> "A plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422.

5.    The court did not find the plaintiff's claims to be any of the abovementioned characterizations, therefore, it would contrary to case law precedent to award attorneys' fees to defendants in this particular situation.

6.    The Report and Recommendations issued by Honorable Judge Pollack on August 14, 2009 refers to "reasonable attorney's fees."  The Fair Labor Standards Act does not define the term "reasonable attorney's fees." Rather, the amount of the award lies within the court's discretion.

7.    Courts have considered various factors in determining the reasonableness of fee awards.  In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Circ. 1974), the Fifth Circuit detailed 12 factors to be considered in determining the reasonableness of fee awards, which has also been adopted by the Third Circuit:

a.   The time and labor required;

b.   The novelty and difficulty of the questions involved;

c.   The skill requisite to properly perform the legal service;

d. The preclusion of alternate employment by the attorney;

e. The customary rate or total fee;

f. Whether the fee is fixed or contingent;

g. Unusual time limitations imposed by the client or the circumstances that inconvenience counsel or cause loss of other opportunities;

h. The amount involved and the results obtained;

i. The experience, reputation, and ability of the attorneys;

j. The 'undesirability' of the case or the client (*i.e.,* would the client have had to pay more to obtain counsel);

k. The nature and length of the professional relationship with the client; and

l. Awards in similar cases.

8. The Brecher Affidavit and the four attached exhibits clearly establish that defendants' counsel's problematic billing summaries cannot be used as a basis for calculating a fee award and that the amount requested is completely unreasonable. The Brecher Affidavit requests an exorbitant amount of $28,215.20, which clearly does not reflect attorneys' fees for the preparation and filing of a single motion. It is unreasonable and a sign of incompetence for an attorney to spend over 200 hours on a single motion.

9. The Brecher Affidavit refers to 4 separate exhibits, including the original retainer agreement between the attorney and his clients (See Exhibit A of

Brecher Affidavit) and an invoice dating back to October 3, 2007 (Exhibit C of the Brecher Affidavit), all of which are of no relevance to the current issue at hand. In fact, the invoice marked as Exhibit C purposely conceals and omits information that is relevant to making an informed and fair decision regarding an award of attorney's fees. How can the court possibly reach a just decision regarding attorney's fees when so much information has been purposely concealed?

10. The Brecher Affidavit in paragraph 13 boldly requests "costs attributable to the specific discovery and Motions costs awarded in the Report and Recommendations." However, nowhere in the Court-issued Report and Recommendations are any costs awarded. More pointedly, the Brecher Affidavit seeks amounts that are well beyond the scope of the Motion costs.

11. The Brecher Affidavit boldly requests payments made toward attorney's fees beginning on November 26, 2007, when those amounts are of no consequence to the present issue which is clearly limited to attorney's fees for the preparation and filing of a single motion. In fact, in paragraph 4 of the Brecher Affidavit, the attorney requested an award of an additional $3,400 for the time spent by the firm after August 29, 2009. These requests are unsustainable and not compensable.

12. The Brecher Affidavit clearly misconstrues the Report and Recommendation issued by the court and interprets it broadly to include

all work that defendant's attorneys have undertaken during this case. That is largely unfair and beyond the scope of the Motion partially granted. The amount requested should be limited to the cost of preparing the motion, which was submitted first on January 27, 2009 and then submitted again as an amended version on January 28, 2009.

13.    In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court held that only time spent on the prevailing claims is compensable. *Id.* at 434. Where the time spent cannot be reasonably allocated among claims, the court has the discretion to award fees for the amount of time reasonably expended in light of the results achieved. *Id.* at 448. Indeed, the Supreme Court recognized that in many cases much of counsel's time is dedicated to the litigation as a whole and cannot be divided on a claim-by-claim basis. In cases where prevailing claims are related to losing claims, the Supreme Court directed that courts should compare the time expended to the results achieved and make a reduction in hours only where the time is excessive for the result obtained. *Id.* at 434-435.

14.    In *Hensley v. Ekerhart*, 461 U.S. 424 (1983), the Supreme Court made clear that excessive, redundant, and unnecessary hours must be disallowed in the determination of reasonable attorneys' fees. *Id.* at 434. Quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc), the Court held that "in the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not

properly billed to one's clients also are not properly billed to one's adversary pursuant to statutory authority." *Hensley,* 461 U.S. at 435. Counsel should make reasonableness adjustments in the course of submitting the fee application.

15. The invoice marked as Exhibit C of the Brecher Affidavit clearly includes entries that are beyond the scope of preparing a Motion. For example, depositions are not required to prepare a motion, instead they are conducted by the choice of the attorney and his clients. Paragraph 13 of the Brecher Affidavit requests that plaintiff cover the cost of the Hindi interpreter used during the depositions. Again, this is beyond the scope of the current issue. It is not reasonable to request attorney's fees for any aspect of these depositions.

16. Exhibit C of the Brecher Affidavit further demonstrates the inclusion of blatantly excessive amounts for a number of entries. Specifically, there are over 30 hours spent under the label of "revision." Should plaintiff be required to pay an excessive amount in attorney's fees for the incompetence of an attorney? It is only reasonable to consider the amount of time necessary for a competent attorney to complete a motion and juxtapose it with the 30+ hours spent purely in revision in this situation.

WHEREFORE, for the reasons set forth above and upon all the exhibits annexed thereto and herein, defendants' petition for an award of attorney's fees and costs should be denied in its entirety. In the alternative, any fee award granted must take into account

defendants' counsel's wasteful practice and must be calculated utilizing the hourly rates

and other methods recognized in this District.


Dated: October 15, 2009
        New York, New York

                                        Respectfully submitted,

                                        LAW OFFICES OF SANJAY CHAUBEY


                                        By:  /s/ Sanjay Chaubey_____
                                            Sanjay Chaubey, Esq.
                                            The Empire State Building
                                            350 Fifth Avenue, Suite 5013
                                            New York, NY 10118-5013
                                            (212) 563-3223


To:     Law Offices of Dan Brecher
        99 Park Avenue, 16th Floor
        New York, New York 10016