UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
__________________________________X
DEVENDRA SHUKLA,
Plaintiff

Docket No.: 07 CV 2972

-against-

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

SAT PRAKASH SHARMA, individually and as Director of Vishva Seva Ashram of New York, GEETA SHARMA individually and as Director of Vishva Seva Ashram of New York, D/B/A Sarva Dev Mandir

Defendants
_____________________________________ X

**REQUEST NO. 1**

**General/Preliminary Instructions -- Credibility of Witnesses**

You should not be influenced in any way by the mere number of witnesses called by either side. The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. Rather you should consider all the facts and circumstances in evidence to determine where the truth lies.

You should carefully evaluate all the testimony given, the circumstances under which each witness has testified and every matter in evidence which tends to indicate whether a witness is worthy of belief. You may consider each witness's demeanor and manner while on the stand, his or her intelligence and opportunity to know the facts and

observe the things about which he or she testified and his or her interest in the outcome of the case.

While you may not arbitrarily disregard the believable testimony of any witness, if you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard the entire testimony of that witness as not worthy of belief. You are entitled to use your common sense in judging any testimony.

**REQUEST NO.2**

**General/Preliminary Instructions -- Level of Proof Required**

This case is a civil action. In a civil action, the burden is on the plaintiff to prove every element of his claim by a preponderance of the evidence. The defendant does not have to prove anything.

To establish a claim by a preponderance of the evidence means to prove that something is more likely so than not so. A preponderance of the evidence means such evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. This is not determined by the number of witnesses or the number of documents but depends on the nature and quality of the evidence.

In determining whether plaintiff has sustained his burden of proof, you will have to consider the credibility or believability of the witnesses you have heard. As I have instructed you, the credibility of each witness and the weight to be given to his or her testimony, if any, is entirely up to you.

**REQUEST NO.3**

**Elements of the Claim of Trafficking in Persons violation of the Trafficking Victims Protection Act of 2000 as Amended up to date**

According to definitions provided in the Trafficking Victims Protection Act 2000 § 103 (5) ("TVPA")

*INVOLUNTARY SERVITUDE.—The term ''involuntary servitude'' includes a condition of servitude induced by means of—*

*(A) any scheme, plan, or pattern intended to cause a person to believe that, if the person did not enter into or continue in such condition, that person or another person would suffer serious harm or physical restraint; or*

*(B) the abuse or threatened abuse of the legal process*

Plaintiff Devendra Shukla, Shuklas claim is based on these set of laws against the defendant seeking compensation and damages.

18 USC clearly provides that:

**Involuntary Servitude**

18 U.S.C. § 1584

*Whoever knowingly and willfully holds to involuntary servitude or sells into any condition of involuntary servitude, any other person for any term, or brings within the United States any person so held, shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.*

*Summary*: Section 1584 of Title 18 makes it unlawful to hold a person in a condition of slavery, that is, a condition of compulsory service or labor against his/her will. A Section 1584 conviction requires that the victim be held against his/her will by actual force, threats of force, or threats of legal coercion. Section 1584 also prohibits compelling a person to work against his/her will by creating a "climate of fear" through the use of force, the threat of force, or the threat of legal coercion [i.e., If you don't work, I'll call the immigration officials.] which is sufficient to compel service against a person's will.

**Forced Labor:**

*18 U.S.C. § 1589*

*Whoever knowingly provides or obtains the labor or services of a person--*

*(1) by threats of serious harm to, or physical restraint against, that person or another person; (2) by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or (3) by means of the abuse or threatened abuse of law or the legal process, shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if*

*the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both*.

*Summary*: Section 1589 of Title 18, which was passed as part of the TVPA, makes it unlawful to provide or obtain the labor or services of a person through one of three prohibited means. Congress enacted § 1589 in response to the Supreme Court's decision in United States v. Kozminski, 487 U.S. 931 (1988), which interpreted § 1584 to require the use or threatened use of physical or legal coercion. Section 1589 broadens the definition of the kinds of coercion that might result in forced labor.

**Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor**

*18 U.S.C. § 1590*

*Whoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse, or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.*

*Summary*: Section 1590 makes it unlawful to recruit, harbor, transport, or broker persons for labor or services under conditions which violate any of the offenses contained in Chapter 77 of Title 18.

In considering you must decide whether plaintiff Devendra Shukla was subjected to abuse and was forced to provide his labor or services to the defendant by threat of

serious harm or physical restraint. In addition, you must also consider whether there was a scheme, pattern or plan made by defendants Mr. and Mrs. Sharma to bring plaintiff into United States on initial Religious Worker visa valid for one year and thereafter purposely neglect and fail to renew plaintiff Mr. Shukla's visa. Whether this was a willful and knowing conduct of the defendants.

If you find that plaintiff has met his burden of proving each of the elements as discussed above wit respect to Mr. Sharma, Mrs. Sharma and the Ashram, then you will conclude that defendants committed plaintiffs to render forced labor.

**REQUEST NO. 4**

**DAMAGES FOR FORCED LABOR**

**18 USC Sec. 1595 of TVPA provides Civil Remedy**

An individual who is a victim of a violation of section 1589, 1590, or 1591 of this chapter may bring a civil action against the perpetrator in an appropriate district court of the United States and may recover damages and reasonable attorney's fees.

If you find for the plaintiff that he was compelled to do the forced labor by the defendants under the TVPA –Trafficking Victims Protection Act, then you may award compensatory damages. Here, Mr. Shukla asserts that he was not provided or compensated or paid wages as per the provisions of existing labor laws, immigration instructions, and as promised by defendant at the time of recruitment of plaintiff to work as priest at the temple.

If you find that plaintiff has established that the defendants did not provide plaintiff his salary and wages in accordance with the terms of this recruitment, you must award damages to the plaintiff in such amount as you find that plaintiff has established that he was under paid or not paid by the defendant.

**REQUEST NO. 5**

**Violation of Fair Labor Standard Act and Immigration Act**

**Broad Instruction**

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of minimum wages [and/or time-and-a-half overtime pay]. The Plaintiff claims that the Defendant did not pay him the legally required minimum wage [and/or overtime pay].

The Plaintiff must prove each of the following by a preponderance of the evidence:

1. The Defendant employed the Plaintiff during the time period involved;
2. Defendant failed to pay the Plaintiff the minimum wage [and/or overtime pay] required by law.

The minimum wage during the period of time involved in this case was $18.63 per hour.

In determining whether an employer has paid the minimum wage, the employer is entitled to a credit for the reasonable costs it incurred in furnishing certain items such as meals, lodging, or other facilities if the employer regularly provided the meals, lodging, or other facilities for the benefit of the employee.

An employer must pay its employees at least one and one-half times their regular rate for overtime work.

An employee's regular rate is the basis for calculating any overtime pay due the employee.

The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, is one and one-half times that rate.

In its defense, the Defendant claims that even if you should find that the Plaintiff has proved all the necessary elements of [his/her] claim, the minimum wage law [the overtime pay law] does not apply because the Defendant is exempt from those requirements.

The exemption claimed by the Defendant is ***"Ministerial Exception".***

To receive the benefit of the exemption, the Defendant must prove by a preponderance of the evidence that Temple is a not for profit, religious organization.

If, after considering all of the evidence, you find that the Plaintiff has failed to prove one or more of the elements of [his] claim; your verdict must be for the Defendant.

Even if the Plaintiff has proven the elements of [his] claim, you must return a verdict for the Defendant if the Defendant proves by a preponderance of the evidence that it is exempt from the minimum wage law [or, the overtime pay law].

If, however, you find that the Plaintiff has proved by a preponderance of the evidence all of the elements of [his] claim, and that the Defendant has failed to establish its claim of exemption from the minimum wage law [or, the overtime pay law], then your

verdict must be for the Plaintiff and you must determine the damages that the Plaintiff is entitled to recover.

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid. Pursuant to the Fair Labor Standard Act (FLSA) 29 USC sec 201 and United States Department of Labor Regulations, minimum wage for a priest in the year 2000 was at least $18.63 per hour in which plaintiff was not free to leave his employers premises. If you find that defendants have willfully reused to pay plaintiff his statutorily establish wages in violation of the labor laws then you must award plaintiff the amount of unpaid minimum wages due and an equal amount as liquidated damages and a total amount not less than $1,249,189. 41 as claimed by plaintiff in his complaint.

**REQUEST NO. 6**

**Damages -- General Standards**

The fact that I will now instruct you on the issue of damages should not be considered as indicating any view of mine as to which party is entitled to a verdict in this case. Instructions concerning damages are given for your guidance in the event you should find in favor of the plaintiff by a preponderance of the evidence in this case in accordance with all of the instructions I have given you. It is for you to decide on the evidence presented and the rules of law I have given you whether plaintiff is entitled to prevail. If you decide that plaintiff has not proven by a preponderance of the evidence that {Mr. and Mrs. Sharma and Ashram} intentionally forced against {Devendra Shukla} to work without payment, then you must find in favor of defendants and I would ask you

to return your verdict at that point. Only if you decide that plaintiff has prevailed based on the legal principles as I have stated them to you, are you to consider the measure of damages.

**REQUEST NO. 7**

**Damages -- Compensatory Damages**

Just because I am instructing you on how to compute damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages, and must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants.

You shall award actual damages only for those injuries which you find that plaintiffs have proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiffs have proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of {under TVPA and FLSA}. That is, you may not simply award actual damages for any injury suffered by plaintiff -- you must award actual damages only for those injuries that are a direct result of actions by these defendants and that are a direct result of conduct by defendants in violation of the law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

**REQUEST NO. 8**

**Damages -- Causation**

You may award damages only for those injuries which you find the plaintiffs have proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of {under TVPA and FLSA}. You must distinguish between, on the one hand, the existence of a violation of the plaintiffs' rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendant caused violations against plaintiff, you must ask whether the plaintiff have proven by a preponderance of evidence that the discrimination caused the damages that they claim to have suffered.

If you find that the damages suffered by the plaintiffs were partly the result of conduct by the defendants that was legal and partly the result of conduct by them that was illegal, you must apportion the damages between the legal and illegal conduct -- that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.

**REQUEST NO. 9**

**Damages -- Calculation**

If you find in favor of plaintiff on {his} claim, then you may award {his} such actual or compensatory damages as you find from a preponderance of the evidence {he}

has suffered as a result. Conduct by the defendants that does not cause actual harm does not entitle plaintiff to damages. By the same token, you are not to award damages for any personal or emotional injury or condition from which plaintiff may have suffered unless {he} has established by a preponderance of the evidence that such injury or condition was a direct result of defendants' conduct.

It is plaintiff's burden to prove; first, that {he} is entitled to damages, and second, the amount of such damages. If you find in favor of plaintiff but do not find that {he} has proven that {he} suffered any actual damages, then you may award {him} some nominal sum, such as one dollar.

With respect to plaintiff's claims of negligent and intentional infliction of emotional distress, you again must determine the actual amount of damages that plaintiff has proved by a preponderance of the evidence. In order to award a recovery for mental anguish, you must find that plaintiff presented credible testimony with respect to claimed mental anguish together with either competent medical proof or sufficiently serious circumstances that you reasonably believe could give rise to mental anguish.

You may not speculate on damages.

**REQUEST NO. 10**

**Damages -- Punitive Damages (Generally)}**

Plaintiff also seeks punitive damages. Punitive damages are an extraordinary sanction, available only under aggravated circumstances, to penalize a party for engaging in notably reprehensible conduct. The law does not generally look with favor upon

punitive damages. It is for you to determine whether such damages should be awarded, based on the instructions I am about to give you.

Punitive damages may be awarded only if you unanimously find from a preponderance of the evidence that the act of defendants which proximately caused actual damage to plaintiff was outrageously, maliciously, wantonly or oppressively done.

Now, an act is regarded as outrageous if it is monstrous, heinous and atrocious and describes whatever is so flagrantly bad that one's sense of decency or power to suffer or tolerate is violated.

An act is maliciously done if it is prompted or accompanied by ill will or spite or grudge toward plaintiff.

An act is wantonly done if it is done in reckless or callous disregard of or indifference to the plaintiff's rights.

An act is oppressively done if it is done in a way or manner which injures or damages or otherwise violates the plaintiff's rights with unnecessary harshness or severity as by misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune.

You should bear in mind that such extraordinary damages may be awarded only if you unanimously find from a preponderance of the evidence that defendant's acts which proximately caused actual damage to plaintiff were outrageously, or maliciously or oppressively or wantonly done. Furthermore, punitive damages may be allowed, based on the standards I have just described, only if you should first unanimously award the plaintiff a verdict for actual or compensatory damages. You should also bear in mind not only the conditions under which the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of such extraordinary damages, if awarded, must be fixed with calm discretion and sound reason and must never be either awarded or fixed in any amount because of any sympathy or bias or prejudice with regard to any party to the case. The amount of punitive damages must be in proportion to the evidence that defendant's conduct was purposeful, or the damages will be found to be excessive. If you award punitive damages, they must be separately stated in your verdict.

**REQUEST NO. 11**

**Miscellaneous Charges -- Intentional, Willful, or Reckless Conduct**

An act or omission is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. The plaintiffs do not need to show that the defendants intended to deprive him of their constitutional rights. Rather, plaintiffs only need prove that the acts or omissions actually intended by the defendants had the effect of depriving plaintiff of their federal rights. In determining whether the defendant acted with the requisite knowledge, you should remember that although witnesses may see and hear and so be

able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Miscellaneous Charges -- Recklessness**

An act if reckless, if done in conscious disregard of its known probable consequences. In determining whether the defendants acted with the requisite recklessness, you should again remember that there is no way of looking into a person's mind. You must therefore look to what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Miscellaneous Charges -- Gross Negligence**

An act is grossly negligent if it evidences the want of even scant care, or an extreme departure from the ordinary standard of conduct. Gross negligence generally signifies more than ordinary inadvertence or inattention, but less perhaps than conscious indifference to the consequences. The defendants cannot insulate themselves by remaining ignorant of any problems in the face of a duty to investigate.

Similarly, if defendants failed to take action because their investigation of the facts was slipshod, or as a result of their indifference to the plaintiff's rights, such conduct may be considered gross negligence.

If you find that conduct of Mr. and Mrs. Sharma were reckless, negligent, intentional and willful in not taking timely steps to maintain a valid visa for plaintiff after expiry of the original term or make suitable arrangement for his return to his native country, resulting into illegal statue of plaintiff Devendra Shukla, then you must find that defendants conduct was intentional, willful and reckless resulting into violation of TVPA and FLSA. Hence, you must award an exemplary compensation as punitive damages against the defendants.

**REQUEST NO. 12**

**Final Instruction -- Deliberations of the Jury**

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case. You all took an oath when this case started that you would -- without any fear or favor to any party to this lawsuit -- consciously and truthfully try the issues before you according to the evidence as you determine it to be here in open court and I have no doubt that you will discharge your responsibility carefully and conscientiously.

**CONCLUSION**

Plaintiff Devendra Shukla respectfully request that the foregoing instructions be given to the jury. We also request leave to amend the proposed instructions or submit additional instructions as they become necessary or appropriate in light of the evidence presented at trial.

Dated: June 14, 2010
New York, N Y

LAW OFFICES OF SANJAY CHAUBEY

By: ___________//s//____________________
Sanjay Chaubey, Esq. (SC-3241)
Attorney for Plaintiff

The Empire State Building
350 Fifth Avenue, Suite 5013
New York, NY 10118-5013
(212) 563-3223