

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DEVENDRA SHUKLA,

                Plaintiff,

-against-                                                   NOT FOR PUBLICATION
                                                               ORDER
SAT PRAKASH SHARMA, individually            07-CV-2972 (CBA)(CLP)
and as Director of VISHVA SEVA ASHRAM
of NEW YORK, et al.,

                Defendants.
------------------------------------------------------------------x
AMON, United States District Judge:

       Plaintiff filed this action on July 23, 2007, alleging multiple claims including violation of the Trafficking Victims Protection Act (the "TVPA"). Defendants filed a motion to dismiss (the "Motion to Dismiss") pursuant to Fed. R. Civ. P. 9(b), 12(b)(6), 37(b)(2)(A)(i), (ii), (v) and (vi), and 56, and seeking a finding of spoliation based on plaintiff's failure to produce evidence requested during discovery. The motion was referred to Magistrate Judge Cheryl L. Pollak who issued a Report and Recommendations (the "R&R") on August 21, 2010 recommending a finding of spoliation, an adverse inference as the sanction for such spoliation, and dismissal of all of plaintiff's claims except those arising under the TVPA. This Court adopted the R&R on September 29, 2009.

       Defendants subsequently filed a *Motion in Limine*, fully briefed as of February 18, 2010, seeking to (1) bar the introduction of any evidence and testimony of any events that took place prior to December 13, 2003, as the first date a private right of action was articulated under the Trafficking Victims Protection Reauthorization Act (the "TVPRA"), and (2) bar testimony relating to evidence the R&R deemed missing as a result of spoliation. This Court ruled orally on June 21, 2010 that evidence and testimony of events prior to the passage of the TVPRA is relevant

and admissible, subject to appropriate limiting instructions. The Court reserved decision as to that part of defendants' *Motion in Limine* seeking to preclude evidence based on spoliation. The Court now finds the adverse inference recommended in the R&R as a sufficient sanction and denies defendants' request.

"Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for . . . the spoliation of evidence." Reilly v. Natwest Mkts. Group, Inc., 181 F.3d 253, 267 (2d Cir. 1999). When filing their initial request for sanctions due to plaintiff's alleged spoliation of evidence in its Motion to Dismiss, the defendants requested two sanctions: dismissal or, in the alternative, imposition of an adverse inference. The R&R recommended imposing an adverse inference, but declined to recommend outright dismissal. In the defendants' objections to the R&R, the defendants again argued that, based on the prejudice resulting from the plaintiff's spoliation, the extreme sanction of dismissal was merited and that even if the Court held otherwise, based on the recommended inference, plaintiff's TVPA claims should have been dismissed as a matter of law. The Court found otherwise and adopted the R&R.

Defendants now argue that in spite of the Court's adoption of the R&R, including its request for an adverse inference, an additional sanction is merited barring testimony related to the evidence the R&R determined is missing due to plaintiff's spoliation. The Court declines to impose such a sanction. As the defendants' themselves explained, "[a]n adverse inference is an equitable device that serves the remedial purpose, 'insofar as possible, of restoring the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party'." (Mem. of L. in Supp. of Def.'s Mot. to Dismiss 16 (citing Kronisch v. United States, 150 F.3d 112, 126 (2d Cir.1998).) Under the circumstances, the Court determines that an adverse inference is the appropriate remedy.

In letters to this Court dated July 16, 2010 and August 9, 2010, the defendants also request an immediate award of attorney's fees based on the finding of spoliation. In the R&R, Magistrate Judge Pollak recommended awarding attorney's fees as a sanction. This Court adopted that recommendation. In an October 3, 2009 Order Magistrate Judge Pollak noted that she was in receipt of an Affidavit by Dan Brecher, then attorney for the defendants, submitted in support of defendants' request for an award of attorney's fees and costs. Magistrate Judge Pollak ordered plaintiff to respond by October 22, 2009. To the extent it is not clear from the docket, defendants' request for attorney's fees based on the finding of spoliation is referred to Magistrate Judge Pollak.

SO ORDERED.

Dated:    Brooklyn, New York
          August 16, 2010

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge

3