**United States District Court**
**Eastern District of New York**

| | | |
|---|---|---|
| Devendra Shukla<br><br>Plaintiff,<br>vs.<br><br>Sat Prakash Sharma, Individually and as Director of Vishva Seva Ashram of New York, Geeta Sharma, individually and as director of Vishva Seva Ashram of New York, and Vishva Seva Ashram of New York, D/B/A Sarva Dev Mandir<br><br>Defendants. | X<br>:<br>:<br>:<br>X | 07 CV 2972 (CBA) (CLP)<br><br>**Defendants-Counterclaim-Plaintiffs' Memorandum re Defamation *Per se*** |

In furtherance of the directions of Hon. Carol B. Amon, United States District Judge, Defendants submit this memo in support of Defendants' request that the Draft Jury Charge of Friday, December 9, 2010, on the first element and, correspondingly, sixth element of the counterclaim of Libel (at pages 22 and 24 of the Draft), be amended, because (a) the statements at issue (items a, b, and d) are defamatory *per se*, (b) for which harm is presumed as a matter of law, and hence, the only issue for the jury is the amount of damages.

> Words that expressly or implicitly tend to injure one's personal or professional reputation are considered defamatory *per se*. In the case of words actionable *per se*, their injurious character is a fact of common knowledge, evident from the face of the publication, and the court consequently takes judicial notice of such fact. In these cases the defamation is such that in its natural and proximate consequences it will necessarily cause injury to the person concerned or has the natural and immediate tendency to produce injury, with respect to such person's personal, social, official, or business relations, so that legal injury may be presumed or implied from the bare fact of the

publication itself.

43A *N.Y. Jur. 2d Defamation and Privacy* §7. *Accord, Pub. Relations Soc. of Am., Inc. v. Rd. Runner High Speed Online*, 8 Misc. 3d 820, 823 (N.Y. Sup. Ct. 2005) (statement libelous per se if it tends to "expose . . . to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society," citing cases).

"It is well established that words charging a crime or professional incompetence are actionable *per se*." *Ideal Pub. Corp. v. Creative Features, Inc.*, 399 N.Y.S.2d 118, 119 (1st Dep't 1977) (citing cases). Accordingly, where a person accuses another of acts amounting to a felony, the accusations constitute a libel *per se*. 43A *N.Y. Jur. 2d Defamation and Privacy* §19 (citing cases).

In such cases, *i.e.*, defamation *per se*, "the law presumes damage to reputation and feelings which may be assessed by the jury under general considerations of the nature of the libel (or slander), the circumstances of its publication, and the situation and standing of the plaintiff." *Bishop v. New York Times*, 135 N.E. 845, 847 (N.Y. 1922); *accord Meehan v. Newsday, Inc.,* 387 N.Y.S.2d 13, 14 (2nd Dep't 1976). *Accord, Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 179 (2nd Cir. 2000) ("In such a case, "[e]ven where the plaintiff can show no actual damages at all, a plaintiff who has otherwise shown defamation may recover at least nominal damages."); *Fehlhaber v. Bd. of Educ. of the Utica City Sch. Dist.*, 2010 WL 4386936 (N.D.N.Y. Oct. 29, 2010) ("Where plaintiff alleges defamation *per se*, there is no need to show special damages," *citing Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (N.Y.1992)).

Here, Plaintiff's statements at issue charge Defendants with having committed not one, but several crimes - involuntary servitude, forced labor, and threats of serious harm, for example. Indeed, based on these very statements, Plaintiff himself has asserted claims under the federal trafficking statutes. Moreover, the crimes of which Plaintiff charged Defendants are, by any measure, very serious felonies: Each carries the penalty of imprisonment for life. 18 U.S.C. §1589, 1590. It cannot be seriously disputed that these statements are defamatory *per se*.

Accordingly, Defendants submit that the following Jury Charge be substituted for the First and Sixth Elements in the Draft Jury Charge of December 9, 2010.

Defendants' Proposed Jury Charge On Elements "First" and "Sixth" On Libel

First: You are instructed that the statements at issue are defamatory *per se*. This means that these statements are injurious as a matter of law, and the statements are such that in their natural and proximate consequences, they will necessarily cause injury to the Defendants, or have the natural and immediate tendency to produce injury, with respect to Defendants' personal, social, official, or business relations

Sixth: Because the statements at issue are defamatory *per se*, the law presumes damage to reputation and feelings. You should award an amount as, in the exercise of your good judgment and common sense, you decide is fair and just compensation for the injury to Defendants' reputation and the humiliation and mental anguish in their

public and private life which you decide was caused by Plaintiff's statements. In fixing that amount you should consider Defendants' standing in the community, the nature of Plaintiff's statement made about Defendants, the extent to which the statement was circulated, the tendency of the statement to injure a person such as Defendants, and all of the other facts and circumstances in the case. These damages cannot and need not be proved with mathematical accuracy. Fair compensation may vary, ranging from one dollar, if you decide that there was no injury, to a substantial sum if you decide that the injury was substantial.[1]

**Chittur & Associates, P.C.**

Sd/-

Krishnan S. Chittur, Esq.
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447

Attorneys for Defendants

[1] *N.Y. Pattern Jury Instr.--Civil* 3:29.