# THE BLANCH LAW FIRM A Professional Corp.

261 Madison Avenue, 12th Floor ● New York, New York 10016 ● Tel. 212.736.3900 ● Fax 212.736.3910

January 13, 2011

VIA ECF

Honorable Carol B. Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza E.
Brooklyn, NY 11201

      Re:    Shukla v. Sharma et al., Case No. 70-*CV 2972 (CBA)*

Your Honor:

      Our firm is counsel of record for defendants Sat Prakash Sharma, Greeta Sharma, and Vishva Seva Ashram of New York.  We write now in response to the plaintiff's opposition to our request for an extension of time to file post-verdict motions.

      Plaintiff rests his opposition to an extension of time on the defendants' refusal to agree to a stipulation prohibiting the defendants from transferring assets.  According to the plaintiff, that refusal makes it "clear that defendant is seeking extra time with ulterior motives to dissipate assets rendering a paper judgment for the plaintiff to collect."  Letter from Sanjay Chaubey, counsel to plaintiff, to Honorable Carol B. Amon, United States District Judge, Eastern District of New York (Jan. 12, 2011).  As we wrote in opposing plaintiff's initial request for such an injunction, however, there is no legal basis for a court order prohibiting the defendants from transferring any of their assets because plaintiff has not demonstrated a likelihood of success on the merits, because the plaintiff has produced no evidence that he will suffer irreparable harm in the absence of an injunction and because the balance of equities tips against the issuance of an injunction.  Letter from Edward J. McQuat, counsel to defendants, to Honorable Carol B. Amon, United States District Judge, Eastern District of New York (Dec. 30, 2010).  Similarly, plaintiff's assertion that defendants' request for an extension of time to file post-verdict motions is due to "ulterior motives to dissipate assets rendering a paper judgment for the plaintiff to collect" is without any evidentiary basis and is speculation at best and libeling an officer of this Court at worst.

      Not only are plaintiff's arguments speculative at best, but they also ignore the reasons defendants requested an extension of time in the first place.  As this Court is aware, and as stated in our initial request for an extension of time, we did not become counsel of record for the defendants until December 29, 2010.  (Notice of Appearance of Ryan G. Blanch, Edward J. McQuat, and the Blanch Law Firm, Dec. 29, 2010.)  In this case, there are over 1,200 pages of trial testimony alone, in addition to over a thousand other pages of litigation documents and discovery materials that must be reviewed before an adequate

Honorable Carol B. Amon                                                                                       January 12, 2011
Page 2 of 3

motion can be filed in this Court. The need to review all materials combined with the limited time frame in which to do it is the sole reason for defendants' request for an extension of time.

Plaintiff also relies upon a fee dispute between defendants and their prior counsel as evidence that "defendants are either financially not able to meet their obligations or are in [the] process of circumventing the judgment." Letter from Sanjay Chaubey, counsel to plaintiff, to Honorable Carol B. Amon, United States District Judge, Eastern District of New York (Jan. 12, 2011). The fee dispute between defendants and prior counsel in no way warrants an inference that defendants are in the "process of circumventing the judgment." Rather, the fee dispute between defendants and their prior counsel is evidence of nothing more than a disagreement between defendants and prior counsel with respect to the quality and quantity of services rendered, as well as prior counsel's billing practices. Plaintiff's allegations are thus again far short of the requisite evidentiary showing and, at best, constitute rank speculation.

Leaving aside plaintiff's reckless and speculative allegations, plaintiff also argues that defendants are not entitled to an extension of time under Fed. R. Civ. Pro. 50(b) because "defendant had more than twenty eight days from December 15, 2010 for filing any post verdict motion." Letter from Sanjay Chaubey, counsel to plaintiff, to Honorable Carol B. Amon, United States District Judge, Eastern District of New York (Jan. 12, 2011). Plaintiff is using an incorrect starting point for measuring the twenty-eight days Fed. R. Civ. Pro. 50(b) allows for renewing a motion for judgment as a matter of law. It is true that the jury issued its *verdict* on December 15, 2010. The twenty-eight days runs, however, from the entry of *judgment*. Fed. R. Civ. Pro. 50(b). As stated in our motion for an extension of time, this Court did not enter its judgment until December 30, 2010. (Judgment in Civil Action No. 07-2972, Dec. 30, 2010.) Because judgment was not entered until December 30, it is that date, and not December 15 when the jury returned its verdict, from which the twenty-eight days run, and defendants therefore have until January 27, 2011 to file post-verdict motions under Fed. R. Civ. Pro. 50(b).

Finally, plaintiff requests that as a condition of the Court granting defendants' request for an extension of time that the Court should also enter an order "to freeze assets of the defendants and or undertaking by the defendants for not selling, transferring, and encumbering the assets of the defendants." Letter from Sanjay Chaubey, counsel to plaintiff, to Honorable Carol B. Amon, United States District Judge, Eastern District of New York (Jan. 12, 2011). There is no legal basis for requiring this sort of *quid pro quo* so that defendants' can secure an extension of time. Moreover, as discussed in defendants' initial request for an extension of time as well as the immediately preceding paragraph, Fed. R. Civ. Pro. 50(b) entitles the defendants to the request extension without the condition that plaintiff seeks to have this Court impose.

Accordingly, because Fed. R. Civ. Pro. 50(b) provides for 28 days from the entry of judgment to renew a motion for judgment as a matter of law, and because we have just recently been retained as counsel for defendants, we respectfully request that this Court

Honorable Carol B. Amon  January 12, 2011
Page 3 of 3

adjourn the proceedings for thirteen days and set a new deadline of January 27, 2011 for the filing of post-verdict motions.

                       Respectfully submitted,

                        /s/ Edward J. McQuat
                        Edward J. McQuat, Esq.
                        The Blanch Law Firm, P.C.
                        261 Madison Ave., 12th Floor
                        New York, NY 10016
                        (212) 736-3939
                        *Counsel for Defendants*

Cc: Sanjay Chaubey, Esq.