**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Devendra Shukla,

|                          | Plaintiff, | Docket No. |
| vs. |  | 07 CV 2972 (CBA) (CLP) |

Sat Prakash Sharma, Individually and as Director of
Vishva Seva Ashram of New York, Geeta Sharma,
individually and as director of Vishva Seva Ashram of
New York, and Vishva Seva Ashram of New York, D/B/A
Sarva Dev Mandir

Defendants

**MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Dated: New York, New York
      February 23, 2011

**Chittur & Associates, P.C.**
286 Madison Avenue, Ste. 1100
New York, NY 10017
Tel: (212) 370-0447
Fax: (212) 370-0465

TABLE OF CONTENTS

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    This Court Has Jurisdiction Over This Motion . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.   Defendants' Objection to Paying the Court Reporter's Charges Is Baseless.. . . . . 8

    III.  Defendants' Conclusory Objections Are Plainly Insufficient to Defeat this
        Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TABLE OF AUTHORITIES

<u>Cases</u>

*Alderman v. Pan Am World Airways*,
169 F.3d 99 (2d Cir. 1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ashraf v. Jasper*,
2010 WL 2990102 (E.D.N.Y. July 27, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Cleveland v. Caplaw Enters.*,
448 F.3d 518, 522 (2d Cir.2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cluett, Peabody & Co. v. CPC Acquisition Co.*,
863 F.2d 251, 256 (2d Cir.1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

*Demel v. Am. Airlines, Inc.*,
2011 WL 497930 (S.D.N.Y. Feb. 10, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ed A. Wilson, Inc. v. Gen. Servs. Admin.*,
126 F.3d 1406, 1409 (Fed. Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Greenhill v. United States*,
2011 WL 294505 (Fed. Cl. Jan. 31, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hogan v. Astrue*,
539 F. Supp. 2d 680, 684 (W.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
140 F.3d 442, 444 (2nd Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-6, 8, 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*LePatner & Associates, LLP v. Horowitz, 4234*,
2011 WL 446455 (1st Dep't Feb. 10, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Gilbert*,
1987 WL 26787 (S.D.N.Y. Nov. 24, 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Presbyterian Church of Sudan v. Talisman Energy, Inc.*,
453 F. Supp. 2d 633, 689 (S.D.N.Y. 2006), *aff'd,* 582 F.3d 244 (2nd Cir. 2009) . . . . . . . . . . . . . 8

i

*R.C. Olmstead, Inc. v. CU Interface, LLC,*
2011 WL 557599 n. 11 (N.D. Ohio Feb. 16, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Roberson v. Giuliani,*
346 F.3d 75, 82 (2nd Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Rodriguez v. Taylor,*
569 F.2d 1231, 1245 (3d Cir.1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*S.E.C. v. U.S. Envtl., Inc.,*
2003 WL 21697891 (S.D.N.Y. July 21, 2003) *aff'd,* 114 F. App'x. 426 (2nd Cir. 2004). . . . . . . . . 2

*Sado v. Ellis,*
815 F. Supp. 761, 762 (S.D.N.Y. 1993).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Scholtisek v. Eldre Corp.,*
697 F. Supp. 2d 445, 457 (W.D.N.Y. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Studio A Entertainment, Inc. v. Action DVD,*
658 F.Supp.2d 851, 858 (N.D.Ohio 2009).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Tasso v. Platinum Guild Int'l,*
1998 WL 841489 (S.D.N.Y. Dec. 3, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Trustees of Plumbers & Pipefitters Nat. Pension Fund v. De-Con Mech. Contractors, Inc.,*
896 F. Supp. 342, 349 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Union of Needletrades, Industrial & Textile Employees v. INS,*
336 F.3d 200, 204-05 (2nd Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Maldonado-Rivera,*
922 F.2d 934, 972 (2d Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Williams v. Beemiller, Inc.,*
2010 WL 891001 (W.D.N.Y. Mar. 10, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Statutes</u>

28 U.S.C. § 1367. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

PRELIMINARY STATEMENT

Defendants do not dispute a single entry either in the time-sheets or in the expense sheets submitted by Chittur & Associates, P.C. ("Law Firm").  They do not dispute that the Law Firm billed them, and submitted invoices fully in accordance with the retainer agreement.  They do not dispute that they paid the initial invoices, and when they fell in arrears, promised to pay the Law Firm "to the last penny" even on the eve of trial, but left the balance unpaid.  That suffices to sustain Law Firm's instant motion, and Defendants' belated generalized objections are inconsequential.  *LePatner & Associates, LLP v. Horowitz, 4234*, 2011 WL 446455 (1st Dep't Feb. 10, 2011).

Defendants object to the jurisdiction of this Court.  But this objection is directly contrary to the Second Circuit's categorical declaration in the very case that Defendants rely upon strenuously:

> This Circuit's opinion is that the district court has a "responsibility to protect its own officers in such matters as fee disputes." *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256 (2d Cir.1988).

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 444 (2nd Cir. 1998). Indeed, this categorical declaration is the very first sentence of that opinion, which only highlights the Second Circuit's unequivocal position - and the frivolous nature of Defendants' objection.  In fact, *Itar-Tass* held that supplementary jurisdiction was not even discretionary, but mandatory, over this issue.

Such protection is consistent with established federal practice which prevents attorneys from simply walking away from a lawsuit when attorneys' fees are unpaid; a Court order is required for discharge, for which "good cause" needs to be established with a statement under

1

oath.  Thus, the Court's responsibility to "protect" attorneys corresponds to the attorneys'

obligation to the Court to continue providing zealous representation to the litigant irrespective of

arrears.

The frivolous nature of Defendants' opposition[1] is further highlighted by their demand

that the Law Firm - which is already reeling under Defendants' unpaid bills of over $175,000 -

pay out of its own pockets even the $2,000 plus charges of the Court Reporter for the last portion

of the trial transcript.  Defendants' only ground for refusing to pay this bill is based upon Local

Rule 1.7.  But that Rule merely protects the Court Reporter and cannot be a subterfuge for

litigants to take a free ride at their attorneys' expense.

Given Defendants' failure to raise <u>any</u> issues - legal or factual - which are even arguable,

their conclusory assertions, which are unsupported by even a simple sworn statement, are

insufficient to defeat this motion, or delay payment of the Law Firm's dues any further.

Accordingly, the motion should be granted in its entirety, and, "there being no reason for delay,"

judgment should be entered forthwith under Rule 58, Fed. R. Civ. P., for execution in the amount

sought in favor of the Law Firm.  *S.E.C. v. U.S. Envtl., Inc.*, 2003 WL 21697891 (S.D.N.Y. July

21, 2003) *aff'd*, 114 F. App'x. 426 (2nd Cir. 2004)

<u>ARGUMENT</u>

I.    <u>This Court Has Jurisdiction Over This Motion</u>

Defendants completely misconstrue *Itar-Tass*, 140 F.3d 442.  The outgoing *Itar-Tass*

attorney  (Daniel) withdrew after trial, but while it was still *sub judice*.  However, the District

---

[1]Defendants' Memo repeatedly refers to "Krishnan Chittur", when the movant is Chittur
& Associates, P.C., the Law Firm.

2

Court refused to exercise supplemental jurisdiction over Daniel's motion for fees, reasoning that "plaintiffs and their attorneys are in no way prejudiced thereby in their claims for statutory fees under the copyright law." 140 F.3d at 444. The same day, the District Court granted judgment to that plaintiff, with directions to file an application for attorneys' fees to be recovered as the "prevailing party" under the statutory fee-shifting provisions of the Copyright Law.

That plaintiff filed that "prevailing party" fee application, which was granted by the District Court. However, those "defendants did not appeal the judgment for attorneys' fees and costs." 140 F.3d at 445. The only issue on that appeal was the District Court's refusal to exercise supplemental jurisdiction over Daniel's fee motion.

The Second Circuit, analyzing Section 1367, declared that jurisdiction over the fee dispute was mandatory, because "the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)." *Itar-Tass*, 140 F.3d at 448. But none of those 1367(c) exceptions applied to Daniel's motion for attorneys' fees and expenses. The motion did not raise any

> "novel or complex issue of State law...." 28 U.S.C. § 1367(c)(1). Appellants' claims are straightforward and the relevant facts are easily determined. Appellees do not deny that there were agreements with both Daniel and Newcity,[2] and that Daniel and Newcity performed legal services in the action. The only issue which remains is which of the Appellees are liable for the undisputed fees and expenses owed to the Appellants. Subsection 1367(c)(2) is not implicated because Appellants' supplemental claims do not "substantially predominate" over the copyright claims. In contrast to the extensive and complex copyright litigation involved in the action, Appellants merely seek payment for services rendered and fees incurred throughout the course of the litigation. Subsection 1367(c)(3), which empowers a federal court to dismiss motions seeking supplemental jurisdiction in a case if it has "dismissed all claims

---

[2]NewCity had rendered expert services.

3

> over which it has original jurisdiction" has no bearing in this instance. The federal claims in this action were not dismissed; they were sustained five months after the motions involving supplemental jurisdiction were served.

*Itar-Tass*, 140 F.3d at 448.

Moreover, the Second Circuit noted, the District Court had "total familiarity" with the lawsuit, "the professional services" rendered by Daniel and NewCity, and the compensation arrangements. *Id*., at 445. "All of these would have to be considered anew and relitigated in possibly more than one state court unfamiliar with the proceedings and the trial services if supplemental jurisdiction is not exercised." *Itar-Tass*, 140 F.3d at 445. Accordingly, the Second Circuit reversed the District Court, and directed it to consider and decide the amount due to the attorneys and the experts.

That reasoning is fully applicable here, *proprio vigore*. As in *Itar-Tass*, no "novel or complex issue of State law...." 28 U.S.C. § 1367(c)(1) is presented; at issue is a simple fee application. As in *Itar-Tass*, the existence of the retainer agreements, the rates and hours billed, and the earlier payments at those rates stand undisputed. Even the isolated issue which remained for adjudication in *Itar-Tass - i.e.*, which entity was liable "for the undisputed fees and expenses owed" - is absent here.

So also, as in *Itar-Tass*, the Law Firm's claims do not "substantially predominate" over the trafficking claims. In contrast to the "extensive and complex" issues in the litigation, the Law Firm "merely seek[s] payment for services rendered and fees incurred" in the litigation. And of course, neither Plaintiff's federal claims nor Defendants' State law claims were dismissed. *Itar-Tass*,, 140 F.3d at 448. Moreover, this Court has "total familiarity" with the lawsuit, "the professional services" rendered by the Law Firm, and the compensation

4

arrangements.[3]  *Id*., at 445.

Nevertheless, Defendants argue that supplemental jurisdiction was exercised in *Itar-Tass* only because the attorneys' fees had to be determined under the fee-shifting provisions of the Copyright statute.  This is absurd, because what that plaintiff contractually owed his attorneys was independent of what that plaintiff could recover under the fee-shifting provisions of Copyright Law from that losing defendant.

As this Court is certainly aware, many federal statutes contain fee-shifting provisions.  It is beyond debate that  determination of a "reasonable fee" under such fee-shifting provisions is independent of the parties' retainer agreement with their attorneys.  *Greenhill v. United States*, 2011 WL 294505 (Fed. Cl. Jan. 31, 2011) ("An award of attorneys' fees under EAJA is 'not necessarily contingent upon an obligation to pay counsel,' and may be awarded when attorneys are working pro bono," *citing Ed A. Wilson, Inc. v. Gen. Servs. Admin.*, 126 F.3d 1406, 1409 (Fed. Cir. 1997); and *Rodriguez v. Taylor*, 569 F.2d 1231, 1245 (3d Cir.1977)); *R.C. Olmstead, Inc. v. CU Interface, LLC*,  2011 WL 557599 n. 11 (N.D. Ohio Feb. 16, 2011) ("Fee arrangements between an attorney and his client do not limit the fee award; the Court must determine what a reasonable fee would be notwithstanding any fee arrangement." *citing Studio A Entertainment, Inc. v. Action DVD*, 658 F.Supp.2d 851, 858 (N.D.Ohio 2009)); *Williams v. Beemiller, Inc.*, 2010 WL 891001 (W.D.N.Y. Mar. 10, 2010) (fees awarded without retainer agreement for wrongful removal to federal court); *Hogan v. Astrue*, 539 F. Supp. 2d 680, 684

---

[3]Defendants do not dispute - and therefore, necessarily concede - the terms of the retainer agreement, or that they were billed at the rates specified and precisely in the manner specified therein.  Accordingly, we have not bothered this Court with the actual agreement itself. Nevertheless, should this Court require the retainer agreement, we undertake to promptly provide it upon request.

(W.D.N.Y. 2008) (fees awarded without regard to retainer agreement under FDCPA).

Thus, Defendants' blithe assertion that the *Itar-Tass* "Court was required" to review the "fees and bills" is misleading: what the *Itar-Tass* plaintiff could recover from those defendants under the fee-shifting provisions was unrelated to that plaintiff's retainer agreement with Daniel. Indeed, the *Itar-Tass* District court itself had determined the "reasonable fees" to be paid by those defendants under the fee-shifting provisions but nevertheless refused to resolve the fee dispute between that plaintiff and his attorney Daniel. And most important, nothing in the Second Circuit's analysis, or the language employed supports Defendants' attempt to eviscerate *Itar-Tass*. Indeed, in view of the categorical declaration in the very first sentence about the District Court's responsibility to protect its officers, such a reading is, put bluntly, ridiculous.

In accordance with *Itar-Tass*, our courts have routinely resolved such fee disputes, as already pointed out in our earlier letter to the Court. Defendants do not address, discuss, refer to or even mention any of those cases. Rather, they put a strained construction on a couple of other cases, which construction, once again, does not survive a moment's scrutiny.

Thus, for example, the issue in *Ashraf v. Jasper*, 2010 WL 2990102 (E.D.N.Y. July 27, 2010), was whether a litigant convicted in a criminal proceeding could invoke 1367 as the sole jurisdictional basis for a new lawsuit "alleging fraud and breach of contract" against his criminal defense attorney. Obviously, the Court did not have jurisdiction over such a lawsuit - and there was no question of "protecting" an "officer of the Court." Judge Block dismissed the action holding:

> Ashraf has not identified, nor is the Court aware of, any case which supports Ashraf's argument that the Court has ancillary jurisdiction over claims arising from a fee dispute made long after the conclusion of a criminal trial.

6

*Ashraf,* 2010 WL 2990102.

So also, *Alderman v. Pan Am World Airways*, 169 F.3d 99 (2d Cir. 1999), is actually in support of the Law Firm.  In that case, the Second Circuit once again reiterated that

> Federal courts may exercise supplemental jurisdiction "to hear fee disputes between litigants and their attorneys when the dispute relates to the main action." *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256 (2d Cir.1988) (permitting the exercise of ancillary jurisdiction over a fee dispute between a law firm and a corporate takeover artist where the underlying suit arose from a takeover attempt) (citations omitted); *see In re "Agent Orange" Prod. Liab. Litig. (Attorneys' Fee Awards)*, 818 F.2d 226, 237 (2d Cir.1987). The Eastern District of New York adjudicated the underlying suit regarding wrongful death damages and was already familiar with the relevant facts and legal issues. *See Alderman*, Nos. 90-CV-376, -377. As such, that court properly exercised supplemental jurisdiction over the attorney fee claim arising from that dispute. *See Chesley v. Union Carbide Corp.*, 927 F.2d 60, 64-65 (2d Cir.1991).

*Alderman*, 169 F.3d at 102.  *Accord, Sado v. Ellis*, 815 F. Supp. 761, 762 (S.D.N.Y. 1993) ("Determining the legal fees a party to the lawsuit properly before the court owes its attorney with respect to work done in the suit being litigated "easily fits the concept of ancillary jurisdiction.").  Here too, this Court "adjudicated the underlying suit" and is "already familiar with the relevant facts and legal issues."

Lastly, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) had nothing to do with protecting attorneys fulfilling their obligations to the court.  Rather, *Kokkonen* involved post-dismissal enforcement of settlement agreement between insurance agent and insurer in action for breach of agency agreement.  *See, e.g.,  Union of Needletrades, Industrial & Textile Employees v. INS,* 336 F.3d 200, 204-05 (2nd Cir. 2003) ("where a plaintiff realizes the objective of its lawsuit without a court-ordered consent decree or a judgment on the merits, a 'defendant's voluntary change in conduct ... lacks the ... judicial imprimatur ' necessary to render the plaintiff

7

a prevailing party."). As the Second Circuit explained, "Under *Kokkonen*, when the district court retained jurisdiction, it necessarily made compliance with the terms of the agreement a part of its order so that "a breach of the agreement would be a violation of the order." *Roberson v. Giuliani*, 346 F.3d 75, 82 (2nd Cir. 2003). That is completely unrelated to the instant situation involving a fee dispute, which is squarely covered by *Itar-Tass*. Thus, Defendants' jurisdictional challenge is meritless.

II.     <u>Defendants' Objection to Paying the Court Reporter's Charges Is Baseless</u>

Defendants do not dispute - and therefore, necessarily concede - that the transcript order was placed expressly at Defendants' instance. It is also indisputable that (a) Defendants were the only persons who benefitted from and used that transcript in their pending j.n.o.v motion and otherwise; and (b) the Law Firm placed that order <u>solely</u> in furtherance of its legal services to Defendants, and had no other benefit whatsoever therefrom; and (c) Defendants, as the clients, are ultimately responsible for all expenses under New York law. Local Rule 1.7 does not override any of this.

Defendants do not dispute that they are ultimately responsible for the court reporter's charges. They do not dispute that the Law Firm was merely their agent when it placed the transcript order with their consent and knowledge and as such, Defendants are indisputably liable under axiomatic principles of agency. *See Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 453 F. Supp. 2d 633, 689 (S.D.N.Y. 2006), *aff'd*, 582 F.3d 244 (2nd Cir. 2009) ("Under federal law, an agency relationship 'depends on the existence of three elements: (1) the manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) the understanding of the parties that the principal is to be in control of the

undertaking,'" *quoting Cleveland v. Caplaw Enters.*, 448 F.3d 518, 522 (2d Cir.2006)).

Rather, their only argument is this Court's Local Rule. But that Rule merely protects court reporters from remaining unpaid. It certainly not a cost-shifting device for clients to evade their own responsibility and saddle unpaid attorneys with the further obligation to finance and subsidize a client's litigation expenses. Defendants cite no authority, and we found none, supporting Defendants' argument. Neither precedent nor principle supports such a construction. They should be required to pay the expenses.

Should this Court be inclined to require such payments to be routed through the Law Firm, then the amount sought by the Law Firm from Defendants should be correspondingly adjusted, and final judgment entered so that the Law Firm can recover its dues promptly.

III.   <u>Defendants' Conclusory Objections Are Plainly Insufficient to Defeat this Motion</u>

Defendants make some noise about a potential malpractice action against the Law Firm based upon vague assertions by their new attorneys.[4] But these assertions are not supported by even a simple affidavit by any of the Defendants themselves. Such attorney assertions "have no probative value." *Scholtisek v. Eldre Corp.*, 697 F. Supp. 2d 445, 457 (W.D.N.Y. 2010). *See also United States v. Maldonado-Rivera*, 922 F.2d 934, 972 (2d Cir.1990) ("The [district] court properly declined to credit the attorney's affidavit because it was not based on the attorney's

---

[4]If anything, it is Defendants' new attorneys who would be liable for malpractice for ignoring major issues in their j.n.o.v. motion, and motion for a directed verdict. Instead of reading the transcript carefully, or even understand what really transpired at trial, they blithely misstated the record in a bid to vilify the Law Firm, which vilification appears to have been solely to avoid payment of the Law Firm's attorneys' dues. <u>For example, their Court filings reflect that they have even not read the painstakingly exhaustive Stipulation of Facts in the Joint Pre-Trial Order which, in fact, was specifically marked as an Exhibit at trial and which effectively negated Plaintiff's claims</u>. But that is not an issue that needs to detain us now.

9

personal knowledge").

Of course, Defendants' new attorneys say nothing about the fact that with that very representation by the Law Firm, they prevailed on their counterclaims.  In any event,

> defendants' generally phrased objections to plaintiff law firms' billings do not constitute the specified, contemporaneous objections to bills required to defeat an account stated cause of action

*LePatner & Associates, LLP v. Horowitz, 4234*, 2011 WL 446455 (1st Dep't Feb. 10, 2011)

Defendants blithely argue that this Court's familiarity with the record is irrelevant, and judicial economy would not be served because, according to them, they dispute allegedly inflated trial preparation time and the alleged reasonableness of the expenses.  But tellingly, they do not specify a single entry in the time-sheet or in the expenses incurred.  And their attorneys' bald assertion, unsupported by even a simple affidavit, is worthless.[5]

In any event, our courts have uniformly refused to credit such conclusory assertions, unsupported by any specifics or any evidence, for any and every purpose for which they have been proffered.  *See, e.g., Demel v. Am. Airlines, Inc.,* 2011 WL 497930 (S.D.N.Y. Feb. 10, 2011) (Mere 'conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment,'" citation omitted); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Gilbert*, 1987 WL 26787 (S.D.N.Y. Nov. 24, 1987) (transfer motion); *Tasso v. Platinum Guild Int'l*, 1998 WL 841489 (S.D.N.Y. Dec. 3, 1998) (motion to strike qualified privilege defense); *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. De-Con Mech. Contractors, Inc.*, 896 F. Supp. 342, 349 (S.D.N.Y. 1995) (motion to dismiss).  The same rule also applies

---

[5]That apart, from the Court's own review of filings made and representation at trial, this Court is certainly sufficiently seasoned to assess such issues, were such assessment necessary at all.

10

here.  Defendants' unsupported assertions are nothing more than idle gossip.

Defendants also assert that denying this motion would not deprive the Law Firm of the protection mandated by the Second Circuit because the Law Firm can commence another law suit elsewhere.  This is precisely the runaround that the Second Circuit sought to foreclose.  After all, nothing prevented the *Itar-Tass* attorneys from filing a new lawsuit either.

This Court is familiar with the work done and the representation provided.  There is no dispute of any fact, material or otherwise.  It is thus just, necessary, and proper that Defendants be held to their obligations to pay attorneys' fees and expenses as agreed.  That is precisely what *Itar-Tass* and its progeny require.

CONCLUSION

Defendants have not raised any factual or legal issue with respect to the Law Firm's fees and expenses.  Rather, their objection is based upon an incredible stretch of controlling case law to argue the precise opposite of what those cases hold.  The conclusion is ineluctable that Defendants' objection is simply to defeat and delay the Law Firm's payment.  That is precisely the abuse and runaround that the Second Circuit has required this Court to protect its officers from.

Accordingly, the motion should be granted as sought.  To avoid further delay in payment, we also seek entry of judgment under Rule 58, Fed. R. Civ. P., in the amount of our fees and

11

expenses, with execution to issue forthwith.

Dated: New York, New York            **CHITTUR & ASSOCIATES, P.C.**
       February 23, 2011

                                       Sd/

                     _____
                     By:  Krishnan Chittur, Esq. (KC 9258)
                     286 Madison Avenue Suite 1100
                     New York, New York 10017
                     Tel: (212) 370-0447

12