UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DEVENDRA SHUKLA,

                Plaintiff,

-against-

SAT PRAKASH SHARMA, individually
and as Director of VISHVA SEVA ASHRAM
of NEW YORK, et al.,

                Defendants.
-------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
07-CV-2972 (CBA) (CLP)

**AMON, Chief United States District Judge**

    Before the Court is a report and recommendation from Hon. Cheryl L. Pollak recommending that plaintiff be ordered to pay to defendants attorneys' fees and costs in the amount of $17,807.03. The recommended award is pursuant to Judge Pollak's previous finding, adopted by this Court, that plaintiff had committed spoliation, and that sanctions were appropriate under Fed. R. Civ. P. 37(b)(2). Judge Pollak has now concluded that the recommended sum represents "reasonable attorneys' fees and costs incurred." R & R at 2.

    A District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Services, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (internal citations and quotation marks omitted).

    Plaintiff filed timely objections to the R & R. Plaintiff argues that because the jury found defendants liable at trial—the verdict was rendered a day after Judge Pollak's R & R issued—he is the prevailing party, and therefore is not required to pay attorneys' fees. The "prevailing

1

party" language invoked by plaintiff is drawn from 42 U.S.C. § 1988, which states that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." In this case, however, Judge Pollak recommends attorneys' fees and costs pursuant to another source of authority, Fed. R. Civ. P. 37(b)(2), not § 1988. Plaintiff's argument, as well as the case law cited in support, is therefore wholly inapposite.

The Court has reviewed the remainder of the R & R and, finding no clear error, adopts it in its entirety. Defendants are awarded attorneys' fees and costs in the amount of $17,807.03. In its objections to the R & R, plaintiff requested that if the Court adopts the R & R, it "direct the clerk of this court to set off the claimed amount of $17,807.03 against the judgment." Accordingly, no judgment shall issue at this time, and defendants are ordered to show cause on or before March 8, 2012 why the Court should not offset the judgment after trial in the manner requested by plaintiff.

SO ORDERED.

Dated: February 23, 2012
       Brooklyn, N.Y.

/s/
Carol Bagley Amon
Chief United States District Judge