UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DEVENDRA SHUKLA,

                Plaintiff,

-against-                                        NOT FOR PUBLICATION
                                                      **MEMORANDUM & ORDER**

SAT PRAKASH SHARMA, individually        07-CV-2972 (CBA)(CLP)
and as Director of VISHVA SEVA ASHRAM
of NEW YORK, et al.,

                Defendants.
------------------------------------------------------------------x

**AMON, Chief United States District Judge**

## INTRODUCTION

Chittur & Associates, P.C., ("Chittur"), former counsel for defendants in the above-captioned action, has moved the Court to order defendants to pay attorney's fees allegedly owed in connection with work performed during and in preparation for trial. (D.E. # 150.) Defendants, through new counsel, have opposed this motion, arguing principally that the Court lacks jurisdiction over the fee dispute and that the amount of fees sought is unreasonable. (D.E. # 155; 185.) After Chittur replied to defendants' initial opposition to the motion for fees, (D.E. # 157), defendants sought leave to submit supplemental briefing related to the jurisdictional issue as well as certain aspects of the underlying fee dispute, (D.E. # 159). By Order dated September 25, 2012, the Court granted defendants' motion to file supplemental briefing limited to (1) any contentions with respect to the timesheets, expense sheets, and invoices proffered by Chittur; (2) whether Chittur has established an account stated under New York state law; (3) any additional contentions related to their alleged obligation to pay attorney's fees to Chittur; and (4) any specific additional authority on the issue of this Court's jurisdiction to hear the fee dispute. The Court also ordered Chittur to submit a copy of the retainer agreement between the parties, which Chittur provided by letter dated October 15, 2012. Defendants filed their supplemental brief on October 15, 2012, three days after the submission was

due, and Chittur timely submitted a response.[1] (D.E. # 185, 188, 189.) For the reasons stated below, Chittur's motion for attorney's fees is granted. Defendants are ordered to pay Chittur the account stated of $179,615.82,[2] plus interest of 2 percent per month from January 7, 2011. Defendants are additionally ordered to pay Chittur $16,080 in fees associated with litigating the instant dispute.

## BACKGROUND

Chittur's principal, Krishnan Chittur, signed a retainer agreement with defendants Sat Prakash Sharma, Geeta Sharma, and Vishva Seva Ashram of New York on May 29, 2010 for representation in connection with the above-captioned action. Pursuant to the retainer agreement, defendants agreed to pay Chittur an advance of $20,000, to a billing rate for Krishnan Chittur's services of $600 an hour and for Chittur's associate's services of $350 an hour, and to assume responsibility for all out-of-pocket expenses. (Ret. Ag. at 1.) The retainer agreement also provided that defendants "agree to pay all [Chittur's] dues timely, or, if such sum remain unpaid within one week thereof, pay interest at 2% per month thereafter," and that defendants would be responsible for paying attorney's fees incurred in litigating a fee dispute. (Id. at 1-2.)

The following facts are set forth in Chittur's sworn submissions, which defendants do not dispute. Chittur served as counsel of record for defendants from June 11, 2010 until January 13, 2011, when this Court granted Chittur's motion to withdraw. (Chittur Dec., D.E. # 151 at ¶ 1; Mot. to Withdraw, D.E. 142.) During the course of Chittur's representation of defendants, Chittur submitted monthly invoices for services rendered and expenses incurred (Chittur Dec. at ¶ 3; Supp. Chittur Aff., D.E. # 189 at ¶ 2, Ex. 1). After defendants requested additional support for the first invoice submitted, Chittur appended time sheets to each subsequent invoice. At no point thereafter did defendants ever contest or seek further support for the invoices provided. (Supp. Chittur Aff. at

---

[1] The Court's September 25, 2012 Order granted defendants until October 12, 2012 to file supplemental briefing. By letter dated October 15, 2012, Chittur filed a motion to strike defendants' submission as untimely. D.E. # 186. Defendants have not responded to this motion. Despite the lack of timeliness, the Court denies Chittur's motion to strike. Nevertheless, as set forth in this Opinion, it finds the arguments in defendants' submission unpersuasive.

[2] As set forth *infra*, n. 6, Chittur's request of $181,949.40 of fees in arrears miscalculates the account stated.

¶ 4 & n. 1). Although defendants made payments on the initial invoices, they eventually fell into arrears. (Chittur Dec. at ¶ 3; Supp. Chittur Aff. at ¶¶ 8-9, Ex. 2) Despite defendants' repeated promises to pay the accumulating fees owed, they ultimately failed to pay Chittur's final invoice for $181,551.20,[3] submitted to defendants on December 31, 2010. (Chittur Dec. at ¶¶ 3, 4, 9; Supp. Chittur Aff. at ¶ 9, Ex. 3; Aff. Supp. Mot. Withdraw, D.E. 142, at ¶ 2.) Now, for the first time in their supplemental brief, defendants object to the amount due.

## DISCUSSION

### I. Subject Matter Jurisdiction

Defendants first argue that this Court lacks jurisdiction to hear Chittur's motion for fees. As indicated in the Court's September 25, 2012 Order, the Court rejects this contention. (D.E. 184 (citing Itar-Tass v. Russian Kurier, 104 F.3d 442 (2d Cir. 1998), Lyndonville v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000); In re MTBE Products Liability Litigation, 510 F. Supp. 2d 299, 323 (S.D.N.Y. 2007)).) Defendants' submission does not persuade the Court to alter this conclusion.

### II. Account Stated Under New York Law

Chittur claims that it is owed the full amount of its December 31, 2010 invoice, with the exception of $1,935.37 in hotel and miscellaneous expenses, plus interest as an account stated.[4] Defendants' submission entirely fails to address the claim that the December 31, 2010 invoice is an account stated, instead focusing on the propriety of certain charges. Under New York law, an account stated "is an agreement between parties as to an account and the correctness of account items and a specific balance due on them." White Plains Cleaning Srvs., Inc. v. 901 Properties, LLC, 942 N.Y.S.2d 636, 638 (App. Div. 2d Dep't 2012). This agreement may be "express, or it may

---

[3] This amount was actually off by one penny. Based upon the itemized charges, the invoice should have been for $181,551.19. However, because defendants never disputed this amount prior to filing its October 15, 2012 supplemental brief, the Court uses the amount actually stated in the invoice as the account stated. See White Plains Cleaning Srvs., Inc. v. 901 Properties, LLC, 942 N.Y.S.2d 636, 638 (App. Div. 2d Dep't 2012).
[4] Chittur has withdrawn its previously asserted claims for reimbursement of $1,735.37 in hotel expenses incurred during trial and $200 in miscellaneous expenses such as photocopying. (Supp. Chittur Aff. at ¶¶ 15, 17).

3

be implied, for example, when a party has retained billing statements without rejecting them or objecting to them within a reasonable time under circumstances evincing assent." Id. A law firm will be entitled to an account stated as a matter of law by demonstrating that it sent the client regular invoices pursuant to the retainer agreement and that the client did not object to the invoices within a reasonable amount of time. Jaffe v. Brown-Jaffee, 951 N.Y.S.2d 142, 143 (App. Div. 1st Dep't 2012); Geron v. DeSantis, 933 N.Y.S.2d 260, 261 (App. Div, 1st Dep't 2011); N.Y.C. Bar Ass'n Formal Op. 2000-2 ("In New York, a lawyer may assert a cause of action for account stated against a client "with proof that a bill, even if unitemized, was issued to a client and held by the client without objection for an unreasonable period of time. It is not necessary to establish the reasonableness of the fee since the client's act of holding the statement without objection will be construed as acquiescence as to its correctness." (quoting O'Connell & Aronowitz v. Gullo, 644 N.Y.S.2d 870, 871 (App. Div. 3d Dep't 1996) (citations omitted)).

The objections to the December 31, 2010 invoice set forth in defendants' supplemental brief come too late. See Berkman Bottger & Rodd, LLP v. Moriarty, 871 N.Y.S.2d 135, 136 (App. Div. 1st Dep't 2009) (client's letter to court objecting to law firm bills, which appeared to be drafted months after law firm had moved to be relieved as counsel, was not sufficient to defeat law firm's claim for an account stated). Defendants make no claim that Chittur failed to provide monthly invoices or that defendants ever disputed the amount due until well after Chittur asked to be relieved as counsel and filed the instant motion for fees.

Chittur has provided the Court with a copy of the December 31, 2010 invoice submitted to defendants, as well as contemporaneous supporting time records and detailed affidavits regarding the time charged. (Chittur Dec., D.E. # 151, Supp. Chittur Aff., D.E. # 189). These documents indicate that Chittur billed 142.4 hours in connection with the representation of defendants and that Of Counsel Andrey Strutinskiy billed 120.6 hours, totaling $127,650 in services rendered. (Chittur

Dec., Ex. 2; Strutinskiy Dec., D.E. # 151, Ex. 3). Chittur has also provided substantiation for expenses incurred, including $398.19[5] in trial-related expenses, (D.E. # 151, Ex. 4), and $2,313.63 in court reporter charges for transcripts ordered at defendants' instruction, (Letter Dated Feb. 8, 2011, D.E. 152 & Ex. 1; Letter Dated May 31, 2011, D.E. # 161). This documentation supports a claim for $179,615.82,[6] equal to $127,650 in services rendered, $2,711.82 in expenses, plus an outstanding balance from Chittur's November 15, 2010 invoice of $47,819.42 plus interest on that balance of $1,434.58. (Chittur Dec., D.E. # 151, Ex. 1.) Chittur has satisfied the Court that the $179,615.82 is an account stated to which Chittur is entitled as a matter of law, plus interest at the contracted rate of 2 percent per month, from January 7, 2011, one week following the December 31, 2010 invoice as required by the retainer agreement. (Ret. Ag. at 1); see also N.Y.C. Bar Ass'n Formal Op. 2000-2 ("[W]hen (1) the lawyer fully informs the client of the circumstances where interest may be charged, (2) those circumstances, the fee, and the interest rate are reasonable, and (3) the client consents, it is not improper for a retainer agreement to provide for charging interest on unpaid legal fees").

*III. Litigation Fees*

Finally, Chittur is entitled to $16,080 in fees from defendants associated with the litigation of this fee dispute. Chittur is contractually entitled to this award because the retainer agreement expressly provides that "[i]f we have to resort to legal proceedings to recover any fees and/or expenses due hereunder, you further agree to pay attorneys' fees incurred for such proceedings at $600 per hour, together with all costs and disbursements incurred in such proceedings." (Ret. Ag. at

---

[5] This amount is equal to the $2,333.56 in expenses initially claimed by Chittur, minus the claims for $1,734.37 in hotel expenses and $200 in miscellaneous expenses that Chittur has withdrawn.

[6] Chittur's Supplemental Affidavit miscalculates the account stated. In the Supplemental Affidavit, Chittur relies upon the total amount sought in his original Notice of Motion, (D.E. # 150), of $179,237.57. This amount was calculated by subtracting the court reporter expense of $2,313.63 from the total account stated in the December 31, 2010 invoice of $181,551.20, because although the December 31, 2010 invoice included this expense, defendants had not yet paid the reporter's invoice at the time the motion was filed. By letter dated May 31, 2011, Chittur advised the Court that it had paid the $2,313.63. (D.E. # 161.) In the Supplemental Affidavit, Chittur adds the total expense amount of $4,647.19 (equal to $2,313.63 in court reporter fees and $2,333.56 in expenses still including the hotel and miscellaneous expenses) to the $179,237.57 amount in the Notice of Motion. However, this is error because the $179,237.57 *already included the $2,333.56 of expenses*. Therefore, the total amount requested by Chittur double-counts the $2,333.56 amount.

2). This provision meets the Second Circuit's requirement that any contractual provision allowing recovery of fees incurred while litigating a fee application must be explicit and clear. See F.H. Krear & Co. v. Nineteen Named Trs., 810 F.2d 1259, 1266-67 (2d Cir. 1987); Sidley Holding Corp. v. Ruderman, No. 08-cv-2513, 2009 WL 6047187, *23 (S.D.N.Y. Dec. 30, 2009) (similar language sufficiently clear to obligate defendant to reimburse for fees incurred in prosecuting a fee application); cf. Donovan v. CSEA Local Union 1000, Am. Fed'n of State, County, & Mun. Employees, AFL-CIO, 784 .2d 98, 106 (2d Cir. 1986) (Where an award of attorney's fees is warranted under statutory fee-shifting provisions, "a reasonable amount should be granted for time spent in applying for the award."). Chittur has provided documentation for 26.8 hours billed through October 24, 2012. (Chittur Supp. Aff., Ex. 8). Applying the contractual rate of $600 per hour, the Court concludes that Chittur is entitled to $16,080.[7]

## CONCLUSION

The Clerk of Court is directed to enter judgment against defendants and in favor of Chittur in the amount of $179,615.82, plus interest at a rate of 2 percent per month on that total from January 7, 2011, as well as an additional $16,080 for litigating this fee application.

SO ORDERED.

Dated: January 3, 2013
Brooklyn, N.Y.

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

---

[7] The retainer agreement does not expressly provide for an award of interest for fees incurred litigating a fee dispute. The Court does not find any reasoned basis for applying an award of 2 percent interest from the October 24, 2012 date proposed by Chittur. The Court therefore declines to award this pre-judgment interest on the $16,080, but notes that the legal statutory rate for post-judgment interest as set forth in 28 U.S.C. § 1961 nevertheless applies.