

# Chittur & Associates, P.C.

Attorneys & Counselors at law
Central Westchester Business Park
500 Executive Boulevard Suite 305
Ossining, New York 10562
Tel: (914) 944-4400 Fax: (914) 840-8537
Web: www.chittur.com  Email: kchittur@chittur.com

January 23, 2014

**VIA ECF**

Hon. Carol Bagley Amon
United States District Judge
United States District Court (E.D.N.Y.)
220 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Shukla v. Sharma,* 07-cv-02972 (CBA)

Your Honor:

Defendants' request for a "leave to file a motion" to vacate the judgment of January 4, 2013, Letter of January 12, 2015 (dkt. 253), is violative of Your Honor's Rules of Practice, the Federal Rules of Civil Procedure, and New York law. As such, it should be summarily denied.

To begin with, Your Honor's Rules mandate a pre-motion conference before "making any motion". Individual Rules of Practice, Rule 3. "One of the purposes of the conference was to narrow the issues that would be raised in the motion, if possible, so that the parties would not waste their or the Court's time on issues as to which the outcome was clear." *Butler v Coca-Cola Refreshments USA, Inc.*, 119 Fair Empl Prac Cas (BNA) 109 (E.D.N.Y. July 1, 2013). But Defendants do not seek a pre-motion conference; they seek "leave to file a motion". Their letter is thus facially violative of Your Honor's Rules of Practice. Coming after Your Honor's dismissal of their unilaterally filed motion "for failure to comply with this Court's individual rules requiring a pre-motion conference with the Court prior to filing any motions," Dkt. 251, this nonchalance to controlling law and procedure is telling.

That apart, it is well-settled that the extraordinary relief they would seek under the proposed Rule 60(b) motion may be granted only upon "a showing of exceptional circumstances," *Nemaizer v. Baker*, 693 F.2d 58, 61 (2nd Cir. 1986). Defendants do not even *attempt* to argue that they meet this standard, and rightly so: They claim no "newly discovered evidence," and they had abundant opportunity to raise all these (and any other) issues in the 23 months from February 11, 2011, when our motion was filed, dkt.

150, to entry of judgment. In fact, Your Honor even permitted them to submit a supplementary brief to address an issue which had already been raised in our opening papers (and they had ignored).

Courts have repeatedly reiterated that "A motion pursuant to Rule 60(b)(3) is not a do-over; it 'cannot serve as an attempt to relitigate the merits.' Fleming, 865 F.2d at 484." *Lok Prakashan, Ltd. v India Abroad Publications*, 2003 WL 1701903 (S.D.N.Y. Mar. 31, 2003), *affd sub nom. Lok Prakashan, Ltd. v India Abroad Publications, Inc.*, 94 Fed Appx 856 (2d Cir 2004). Even where "newly discovered evidence" is presented, the reason for not having found such evidence earlier should be compelling. *Travelers Cas. & Sur. Co. v Crow & Sutton Assoc.*, 228 FRD 125, 129 (N.D.N.Y. 2005) ("he would still fail to satisfy Rule 60(b)(2), since he has failed to establish that he was justifiably ignorant of the existence of this evidence despite the exercise of due diligence"), *affd sub nom. Travelers Cas. & Sur. Co. v Crow & Sutton Assoc., Inc.*, 172 Fed Appx 382 [2d Cir 2006]; *accord, Rosendale v Iuliano*, 67 Fed Appx 10, 13 (2d Cir 2003). Defendants' proposed motion should be denied on that ground alone.

Defendants cite Rule 62.1, Fed. R. Civ. P. But that Rule applies only where "a timely motion is made". Defendants' motion is hopelessly untimely.

Further, as Judge Pauley III held,

> . . there is little indication the drafters of that rule intended it to be used in this manner: to ask a district court to issue an indicative ruling reconsidering the same question being reviewed by the court of appeals. In effect, Plaintiffs are requesting this Court to inform the Second Circuit it believes its own opinion should be reversed. Indicative rulings allow for the timely resolution of motions which may further the appeal or obviate its necessity. For example, a <u>meritorious</u> Rule 60(b) motion to vacate a judgment because of <u>newly discovered evidence</u> makes an appeal of that judgment unnecessary. But an indicative ruling on the very issue on appeal only interrupts the appellate process.

*Retirement Bd. of Policemen's Annuity and Ben. Fund of City of Chicago v Bank of New York Mellon*, 86 Fed R Serv 3d 773 (S.D.N.Y. 2013) (emphasis added).

Substantively, Defendants' proposed motion verges on the frivolous. First, an agreement to provide legal services for payment of attorneys' fees is not a "loan or forbearance of money" so as to be violative of the usury statute. As this Court reiterated:

> "The rudimentary element of usury is the existence of a loan or forbearance of money." *Feinberg v. Old Vestal Road Associates, Inc.*, 157 A.D.2d 1002 (3rd Dep't 1990) (*quoting Matter of City of Binghamton [Ritter ]*, 133 A.D.2d 988, 989 (3rd Dep't 1987); *see also* General Obligations Law § 5–501; 73 *N.Y. Jur 2d, Interest and Usury*, § 62 ("[a]lthough the general usury statutes refer to the loan

of 'any money, goods, or things in action,' the statutes have been held to be applicable only to the loan or forbearance of money [ ... ]"). Indeed, "[w]here there is no loan, there can be no usury." *Oxhandler Structural Enters. v. Billard,* 104 Misc.2d 38, 39, 427 N.Y.S.2d 569 (N.Y. Spec. Term 1980); *see also Title Guaranty & Surety Co. v. Klein*, 178 F. 689 (3d Cir.1909) ("Payment of a commission of more than 6 per cent. for a loan of government bonds which are subject to market fluctuations and are bought and sold on the market as other securities was not in violation of the New York usury law [ ... ] and did not render the loan usurious, since the terms "interest" and "forbearance," as used in the usury law [ ... ] are applicable only to a loan of money."); *DeSimon v. Ogden Associates*, 88 A.D.2d 472, 454 N.Y.S.2d 721 (2nd Dep't 1982) (finding that "[a]lthough the usury statute in issue (General Obligations Law, § 5–511, subd. 1) speaks of 'money, goods or other things in action,' a necessary element of the tenants' statutory cause of action in usury is the existence of a loan of money."); *Van Dyk v. Dujardin*, 213 A.D. 791, 795 (1st Dep't 1925) (concluding that "[u]sury laws are applicable only to a loan of money, and the terms 'interest' and 'forbearance' cannot be predicated of anything other than a loan of money."); *Thomas v. Knickerbocker Operating Co.*, 202 Misc. 286, (N.Y. Spec. Term 1951) (*quoting Meaker v. Fiero*, 145 N.Y. 165, 170, 39 N.E. 714) ("it is a fundamental principle governing the law of usury that it must be founded on a loan or forbearance of money. If neither of these elements exist, there can be no usury, however unconscionable the contract may be.").

*Boyd v J.E. Robert Co.*, 2010 WL 5772892 [E.D.N.Y. Mar. 31, 2010], *report and recommendation adopted*, 2011 WL 477547 (EDNY Feb. 2, 2011).  Here, if no legal services had to be rendered, Defendants had to pay nothing, and no interest.  Where services were rendered, Defendants did not have to pay any interest whatsoever if they only paid the agreed-upon amount for services rendered in the time period agreed.  Lawyers also have ongoing obligations to pay their grocery bills.

    That apart, the usury statute is unavailable to the corporate defendants.  *See, e.g., Ammirato v. Duraclean Intern., Inc.*, 687 F.Supp.2d 210, reconsideration denied 2010 WL 1186325 (S.D.N.Y. 2010).

    Second, a one-way attorneys' fee provision does not validate the entire agreement *per se*.  Such provisions are common in commercial contracts; indeed, it is found in the standard form commercial landlord-tenant lease approved by the Real Estate Board of New York, which underlies thousands of commercial contracts here.  Even otherwise, at worst, that provision is severed and not enforced, that is all.  It is not a weapon for clients to escape paying for valuable legal services which they sought, received, and benefitted from.

    Third, mandatory arbitration is inapplicable since the amount involved over

$50,000.  22 N.Y.C.R.R. §137.1(b)(2).

Thus, Defendants' proposed motion is procedurally infirm and substantively meritless, filed in total indifference to controlling law.  The fact that these issues are sought to be raised for the first time some three years after the motion only highlights Defendants' desperate attempts to delay, and continue delaying payment of our bills and harass our small law firm.

It merits mention that these bills have been pending since mid-2010, *i.e.*, for over three years, while our law firm has been reeling from the financial impact thereof.  Your Honor may recall that Defendants refused to pay even the Court Reporters' trial transcript expenses, leading that Reporter to complain against us to Your Honor and compelling our small law firm to pay those bills, *i.e.*, finance the litigation for Defendants, so that we would not be hauled up for violation of this Court's Rules.  Defendants continued promising to clear our bills "to the last penny" thereby ensuring that we continued putting in time and resources for zealously representing their interests (and fulfilling our professional obligation to the Court), in the process freezing our other cases and sources of income.  And after this Court entered a judgment in our favor in January 2013, Defendant Geeta Sharma filed a facially frivolous Bankruptcy petition under Chapter 13 (she never submitted the full schedules, and had no source of income), staying enforcement of the judgment until she withdrew that petition to avoid giving testimony about her financial affairs.  That was followed by multiple emergency orders to show cause for stay of enforcement by their fourth attorney, Matthew Pek, on the ground that she could not pay a law school admission deposit of $250 due to a freeze on their bank account holding about $400,000; Your Honor is familiar with all that.  Their appeal is now pending, and this proposed motion by their fifth attorney is as meritless as their previous attempts to defeat our legitimate claims.  Defendants' request for "leave to file a motion" should be denied.

                                              Respectfully submitted,

                                              Sd/

                                              Krishnan Chittur, Esq.

Cc:    Sanjay Chaubey, Esq. (Via ECF)
         Paykin, Richland & Falkowski, P.C. (Via ECF)