UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DEVENDRA SHUKLA,

              Plaintiff,

-against-

SAT PRAKASH SHARMA, Individually and
as Director of Vishva Seva Ashram of New
York; GEETA SHARMA, Individually and as
Director of Vishva Seva Ashram of New York;
and VISHVA SEVA ASHRAM OF NEW
YORK, D/B/A SARVA DEV MANDIR,

              Defendants.
----------------------------------------------------------x

**NOT FOR PUBLICATION**
MEMORANDUM & ORDER
07-CV-2972 (CBA)(CLP)

**AMON, Chief United States District Judge:**

       Defendants Sat Prakash Sharma, Geeta Sharma, and Vishva Seva Ashram of New York ("defendants") move under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") to vacate the Court's January 3, 2013 Order awarding attorney's fees to defendants' trial counsel, Chittur & Associates, P.C. ("Chittur"). Defendants concede that this Court does not have jurisdiction to grant their motion because they are currently challenging the fee award on appeal. Defendants, however, request that the Court provide an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 ("Rule 62.1") stating that it would grant the motion to vacate if the case were remanded. For the following reasons, the Court denies defendants' Rule 60(b) motion and, accordingly, denies their request for an indicative ruling.

### BACKGROUND

       The underlying action involved plaintiff Devendra Shukla's claims of human trafficking and forced labor against defendants. Defendants, in response, asserted counterclaims for defamation and conversion. The action went to trial on December 6, 2010. (Docket Entry

1

("D.E.") # 120.) On December 15, 2010, the jury returned a verdict in favor of plaintiff on his trafficking and forced labor claims, and in favor of defendants on the defamation claim. (D.E. # 138, 139.)

## I. Initial Dispute Over Attorney's Fees

Chittur served as counsel of record for defendants from June 11, 2010 until January 13, 2011. (D.E. # 151.) At that time, Chittur sought to withdraw as counsel, indicating that defendants had not paid the firm's dues in accordance with the retainer agreement despite receiving invoices and failing to dispute them. (D.E. # 142-2.) Pursuant to the retainer agreement executed between defendants and Chittur on May 29, 2010, defendants agreed to pay Chittur an advance of $20,000; to pay a billing rate of $600 an hour for Krishnan Chittur's services, and $350 an hour for the services of Chittur's associate; and to assume responsibility for all out-of-pocket expenses. (Supplemental Mem. of Law in Supp. of Defs.' Mot. To Vacate the Award of Legal Fees and Expenses ("Defs.' Mem."), Ex. B.) The retainer agreement also provided that defendants "agree[d] to pay all [Chittur's] dues timely, or, if such sum remain[ed] unpaid within one week thereof, pay interest at 2% per month thereafter," and that defendants would be responsible for paying attorney's fees incurred in litigating a fee dispute. (Id.)

On February 8, 2011, Chittur filed a motion with this Court seeking attorney's fees and expenses. (D.E. # 150.) Defendants, through new counsel, opposed the motion, arguing that the Court lacked jurisdiction over the fee dispute. (D.E. # 155.) After Chittur replied to defendants' initial opposition to the motion, (D.E. # 157), defendants sought leave to submit supplemental briefing, (D.E. # 159). By Order dated September 25, 2012, the Court granted defendants' motion to file supplemental briefing to address (1) any contentions with respect to the timesheets, expense sheets, and invoices proffered by Chittur; (2) whether Chittur had
2

established an account stated under New York state law; (3) any additional contentions related to their alleged obligation to pay attorney's fees to Chittur; and (4) any additional authority on the issue of the Court's jurisdiction to hear the fee dispute. (D.E. # 184.) In their supplemental brief, defendants continued to assert that the Court did not have jurisdiction over the fee dispute, and also disputed specific time entries in Chittur's invoices on the basis that they were inflated, vague, or otherwise unreasonable. (D.E. # 185.) Defendants asserted no other arguments in opposition to Chittur's fee request. (Id.)

By Order dated January 3, 2013, this Court rejected defendants' arguments and granted Chittur $179,615.82, plus interest of 2 percent per month on the total from January 7, 2011 until the date of entry of judgment, as well as an additional $16,080 for litigating the fee application (the "Fee Order"). Specifically, the Court found that there was jurisdiction to consider Chittur's motion for attorney's fees, and that Chittur had established an account stated claim for the previous fees because Chittur sent regular invoices pursuant to the retainer agreement, to which defendants did not make a timely objection. (Order at 4-5.) Moreover, the Court found that Chittur was entitled to $16,080 in fees for time spent litigating the fee dispute because this recovery was explicitly provided for in the retainer agreement. (Order at 5-6.) Pursuant to this Fee Order, the Clerk of Court entered judgment on January 4, 2013 in favor of Chittur and against all defendants jointly and severally in the amount of $238,803.61 (together with the Fee Order, the "Fee Order and Judgment"). (Clerk's Judgment, D.E. # 194.)

## II. Pending Appeal of the Fee Order and Judgment

On February 1, 2013, defendants appealed the Court's Fee Order and Judgment to the Second Circuit Court of Appeals. (D.E. # 198.) Among other things, defendants appear to argue on appeal that (1) this Court lacked jurisdiction over Chittur's motion for attorney's fees and

expenses;[1] (2) the retainer agreement upon which the Fee Order was based is unenforceable because it charges an allegedly usurious interest rate; and (3) the retainer agreement is further unenforceable because it contains a provision requiring defendants to pay Chittur attorney's fees incurred in litigating a fee dispute (the "non-mutual attorney's fees provision") in violation of New York state law. (See Br. for Defendants-Counter-Claimants-Appellants, No. 13-397 (2d Cir.), D.E. # 152, at 6-7.)[2] This appeal is currently pending before the Second Circuit.

### III. Motion to Vacate the Fee Order and Judgment

Subsequent to the filing of their appeal, on July 8, 2014 defendants filed the instant motion with this Court seeking to vacate the Fee Order and Judgment pursuant to Rule 60(b)(6).[3] Defendants' main contention in the motion to vacate is that the retainer agreement upon which the Fee Order is based is unenforceable. (Defs.' Mem. at 2.) Specifically, defendants argue that (1) the retainer agreement is unenforceable because it charges 24 percent interest on overdue fees, rendering the agreement "facially usurious" under New York state law; (2) the retainer agreement is unenforceable because it contains a "non-mutual attorney's fees provision" in violation of New York state law; and (3) the initial motion for attorney's fees was improper because Chittur did not offer defendants an opportunity to arbitrate the fee dispute. Defendants concede that, in light of the appeal pending before the Second Circuit, this Court does not have

---

[1] It is unclear based on defendants' briefs to the Second Circuit how actively they are pursuing this jurisdictional argument. Defendants' opening appellate brief appears to argue that this Court lacked jurisdiction to hear the fee dispute. (See Br. for Defendants-Counter-Claimants-Appellants, No. 13-397 (2d Cir.), D.E. # 152, at 6, 20-22.) In their reply brief, however, defendants assert that the "crux of the appeal" is their challenge to the enforceability of the retainer agreement and do not further argue that this Court lacked jurisdiction to hear the fee dispute. (See Reply Br. for Defendants-Counter-Claimants-Appellants, 13-397 (2d Cir.), D.E. # 222, at 2.)

[2] Although defendants did not provide the Court with this Second Circuit briefing in connection with their Rule 60(b) motion, "[t]he court may take judicial notice of publicly available documents in deciding a Rule 60 motion for relief from judgment." FirstStorm Partners 2, LLC v. Vassel, No. 10-CV-2356(KAM)(RER), 2013 WL 654396, at *2 n.3 (E.D.N.Y. Feb. 21, 2013).

[3] Defendants initially attempted to file this motion on January 3, 2014 but, due to their failure to comply with the Court's individual rules, the motion was dismissed on January 7, 2014. (D.E. # 251.)

4

jurisdiction to grant the motion to vacate. (Defs.' Mem. at 8.) Defendants argue, however, that the Court should issue a ruling indicating to the Second Circuit that it would grant the motion to vacate if the Second Circuit were to remand the action for that purpose. For the reasons that follow, the Court declines to issue an indicative ruling on defendants' Rule 60(b) motion to vacate and instead denies the motion.

## STANDARD OF REVIEW

### I. Federal Rule of Civil Procedure 60(b)

Under Rule 60(b), a district court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply, and if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 109 (2d Cir. 2012) (citation omitted). Moreover, a Rule 60(b)(6) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Motions under Rule 60(b) are committed to the sound discretion of the district court, Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986), and "this discretion is especially broad under subdivision (6), because relief under it is to be granted when 'appropriate to accomplish justice.'" Int'l Controls Corp. v. Vesco, 556 F.2d 665, 670 (2d Cir. 1977) (citations omitted). The Second Circuit has "cautioned . . . that Rule 60(b) motions

5

are disfavored." Empresa Cubana Del Tabaco v. Gen. Cigar Co., 385 F. App'x 29, 31 (2d Cir. 2010) (citing Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004)).

## II.     Federal Rule of Civil Procedure 62.1

As defendants concede, the Second Circuit currently has jurisdiction over this matter, and this Court therefore does not have jurisdiction to grant defendants' motion to vacate the Fee Order and Judgment pursuant to Rule 60(b). See Toliver v. Cnty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) ("[T]he district court may *grant* a rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court." (emphasis in original)); Whitaker v. New York Univ., No. 09-CV-8410(LTS), 2012 WL 2369510, at *2 (S.D.N.Y. June 20, 2012) ("Generally, the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (internal alterations and citations omitted)). Pursuant to Rule 62.1, however, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Courts in this Circuit routinely exercise their authority pursuant to Rule 62.1 to deny Rule 60(b) motions as meritless. See, e.g., United States v. Peterson, No. 04-CR-0752(DC), 2013 WL 1830217, at *2 (S.D.N.Y. May 1, 2013) (exercising discretion under Rule 62.1 to deny Rule 60(b) motion as untimely and meritless when appeal was pending before the Second Circuit); Whitaker, 2012 WL 2369510, at *2-3 (exercising discretion under Rule 62.1 to deny Rule 60(b) motion based on new evidence); Gucci Am., Inc. v. Weixing Li, No. 10-CV-4974(RJS), 2012 WL 1883352, at *2 n.3 (S.D.N.Y. May 18, 2012) ("Although [the non-party]

filed a notice of appeal with the Second Circuit regarding the Court's denial of its motion to modify the preliminary injunction, this Court retains jurisdiction to deny [the] motion for reconsideration" (citing Fed. R. Civ. P. 62.1(a)).

## DISCUSSION

### I. Relief Under Rule 60(b)(6) Is Not Warranted

Defendants argue that "'extraordinary circumstances' and/or 'undue hardship'" justify relief pursuant to Rule 60(b)(6) in this case because the Fee Order awarding Chittur $238,803.61 is based on a "facially usurious attorney retainer which violates both New York law and New York public policy." (Defs.' Mem. at 4.) As an initial matter, the Court agrees with defendants that their arguments may properly be considered under the "catch all provision" of Rule 60(b)(6) because the other provisions of Rule 60(b) do not apply. The Court, however, finds that defendants have failed to establish that relief is justified under Rule 60(b)(6).

A. <u>Defendants Have Failed to Establish Extraordinary Circumstances</u>

Defendants argue several grounds in an attempt to establish that extraordinary circumstances justify vacatur of the Fee Order. First, defendants argue that the retainer agreement is unenforceable because it contains a non-mutual attorney's fees provision, and that Chittur's motion for fees was not properly made because Chittur failed to offer the defendants an opportunity to arbitrate. In arguing that the non-mutual attorney's fees provision renders the agreement unenforceable, defendants rely on a decision from the New York State Supreme Court Appellate Division, <u>Ween v. Dow</u>, 822 N.Y.S.2d 261 (App. Div., 1st Dep't 2006). (<u>See</u> Defs.' Mem. at 6.) In <u>Ween</u>, the court held that a provision in an attorney's retainer agreement that allowed the attorney to be reimbursed for fees incurred in a collection action against the client, but did not include a reciprocal provision if the client prevailed, was invalid. <u>Ween</u>, 822

N.Y.S.2d at 262-62. With respect to their argument that Chittur failed to provide defendants with an opportunity to first arbitrate the fee dispute, defendants assert that the governing law requires that a letter of engagement "where applicable, shall provide that the client may have a right to arbitrate fee disputes under Part 137 of this Title." N.Y. Comp. Codes R. & Regs., tit. 22, § 1215.1.

These arguments do not warrant relief under Rule 60(b)(6) because both arguments could have been, but were not, raised during the initial fee dispute.[4] "New arguments based on hindsight regarding how a movant would have preferred to have argued its case do not provide grounds for Rule 60(b) relief." Westport Ins. Corp. v. Goldberger & Dubin, P.C., 255 F. App'x 593, 595 (2d Cir. 2007) (citing Nemaizer, 793 F.2d at 62)); see also United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977) (reiterating the "firm belief that courts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case."). Accordingly, defendants' motion on these grounds is denied. See Flynn v. Nat'l Asset Mgmt. Agency, No. 13-CV-9035(LAK), 2014 WL 4090250, at *2 (S.D.N.Y. Aug. 19, 2014) (denying Rule 60(b)(6) motion based on new argument that was available but not raised in opposition to initial motion, noting that "[w]hatever may be the outer limit of Rule 60(b)(6), it affords sufficient justification for granting relief based on an argument made for the first time following the entry of judgment, if ever, only where counsel's failure to raise the argument earlier was 'so egregious and profound that [ ][it] amount[ed] to the abandonment of the client's case altogether.'" (citing Harris v.

---

[4] Even if the Court were to consider defendants' argument regarding arbitration, the instant fee dispute was not subject to the mandatory arbitration provisions because Chittur sought over $50,000 in attorney's fees. See N.Y. Comp. Codes R. & Regs., tit. 22, § 137(1)(b)(2) ("This Part shall not apply to . . . amounts in dispute involving a sum of less than $1,000 or more than $50,000, except that an arbitral body may hear disputes involving other amounts if the parties have consented.").

United States, 367 F.3d 74, 81 (2d Cir. 2004)));[5] Herschaft v. New York City Campaign Fin. Bd., 139 F. Supp. 2d 282, 286 (E.D.N.Y. 2001) (Amon, J.) (finding that plaintiff failed to establish entitlement to relief pursuant to Rule 60(b) in part because merely "advanc[ing] new arguments attacking the constitutionality of the challenged disclosure provisions" was not "sufficiently extraordinary to merit relief"); see also Icebox-Scoops, Inc. v. Finanz St. Honore, B.V., No. 07-CV-0544(NG)(SMG), 2014 WL 68744, at *1 (E.D.N.Y. Jan. 8, 2014) (finding that although plaintiff's Rule 60(b)(1) and 60(b)(6) motion was filed within the required one-year time period, timing was nonetheless "unreasonable" because "plaintiff could have raised its new argument in its papers on the original motion").

Moreover, defendants argue that the Fee Order should be vacated because it was based on an account stated claim that relied on the retainer agreement which defendants allege is usurious. In support of the argument that the retainer agreement is usurious and therefore unenforceable, defendants rely on a "change in law," (Defs.' Mem. at 3)—namely, a New York State Supreme Court decision from May 2013, in which the state court refused to enforce a retainer agreement that contained a "usurious" interest rate of 18 percent for past due attorney's fees. (See id. (citing Bryan L. Salamone, P.C. v. Cohen, 40 Misc. 3d 338, 342-43 (N.Y. Sup. Ct. 2013)).) Defendants fail to explain, however, how the Salamone decision constitutes a change in controlling law, particularly in light of Salamone's reliance on a New York Court of Appeals

---

[5] The Court notes that during the initial fee dispute, defendants had different counsel than counsel currently representing them on this Rule 60(b) motion. Even if defendants argued, however, that they are entitled to relief under Rule 60(b) because their previous counsel failed to make these arguments in opposition to Chittur's initial motion for attorney's fees, this argument would also fail. "It is . . . well-settled in the Second Circuit that an attorney's gross negligence alone is not a basis for relief under Rule 60(b)(6)." FirstStorm Partners 2, LLC v. Vassel, No. 10-CV-2356(KAM)(RER), 2013 WL 654396, at *16 (E.D.N.Y. Feb. 21, 2013) (denying defendants' Rule 60(b)(6) motion when defendants' attorney failed to file an opposition to a motion for summary judgment because attorney's failure did not constitute a "constructive disappearance" from the case, as required for relief under Rule 60(b)(6)). In any event, defendants do not even attempt to advance this argument; they explicitly state that "there is no claim that Defendants' prior counsel was negligent in handling the prior motion." (Defs.' Mem. at 3.)

decision from 1985, Eikenberry v. Adirondack Spring Water Co., 65 N.Y.2d 125 (1985). See Salamone, 40 Misc. 3d at 343 (finding that retainer agreement containing 18 percent interest rate for past due fees was unenforceable pursuant to General Obligations Law § 5-501 because, in Eikenberry, "the Court of Appeals, in a case somewhat similar to the case at bar, found that an agreement to pay attorney's fees was subject to General Obligations Law § 5-501 and its attendant interest rate ceiling"). Indeed, defendants cite Eikenberry in support of their proposition that the retainer agreement between Chittur and defendants "provides for a facially usurious 24.00% annual interest . . . thus violating New York's usury laws." (Defs.' Mem. at 5.) To the extent defendants could have argued that the retainer agreement violated state usury laws during their initial opposition to Chittur's motion for attorney's fees, it does not warrant vacatur for the reasons discussed above.

Even assuming Salamone constitutes a change in New York law, "[a]s a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." In re Terrorist Attacks on Sept. 11, 2001, 741 F.3d 353, 357 (2d Cir. 2013) (quoting Pichardo v. Ashcroft, 374 F.3d 46, 56 (2d Cir. 2004)). See also DeWeerth v. Baldinger, 38 F.3d 1266, 1272-73 (2d Cir. 1994) (reversing district court's grant of Rule 60(b)(6) motion based on change in state law, noting that "the fact that federal courts must follow state law when deciding a diversity case does not mean that a subsequent change in the law of the state will provide grounds for relief under Rule 60(b)(6)" (citations omitted)); SEC v. Milan Capital Grp., Inc., No. 00-CV-0108(DLC), 2014 WL 2815590, at *6-7 (S.D.N.Y. June 23, 2014) (finding that, even if Rule 60(b) motion was timely, new federal court of appeals decision regarding proper calculation of prejudgment interest did not constitute extraordinary circumstance under Rule 60(b) to support challenge to calculation of prejudgment interest).

Even to the extent a change in decisional law may warrant relief under Rule 60(b)(6), defendants fail to address how this alleged change in law constitutes an "extraordinary circumstance," and the Court finds that it is not sufficiently extraordinary to justify relief in this case. Cf. In re Terrorist Attacks on Sept. 11, 2001, 741 F.3d at 357 (declining to follow general rule that change in decisional law does not constitute an "extraordinary circumstance" under Rule 60(b)(6) where change in law produced "inconsistent results between two sets of plaintiffs suing for damages based on the same incident"); Pichardo, 374 F.3d at 56 (finding that change in law constituted "extraordinary circumstance" when the change in law went "to the very basis of the [petitioner's] deportation," which was undermined by "dramatic changes to governing law"). Accordingly, defendants' motion to vacate the Fee Order and Judgment based on the New York State Supreme Court's decision in Salamone is denied.[6]

B. Defendants Have Failed to Establish Extreme Hardship

Defendants have also failed to establish that if the Court declines to vacate the judgment, it "would work an extreme hardship" on them. ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 109 (2d Cir. 2012). Defendants argue that the enforcement of the $238,803 judgment constitutes an "undue hardship." (Defs.' Mem. at 4.) Defendants, however, have failed to

---

[6] Defendants also appear to generally argue that relief is warranted under Rule 60(b)(6) because the allegedly usurious retainer agreement violates New York public policy. The only case defendants cite in support of this argument is Vincent v. Reynolds Memorial Hospital, Inc., 728 F.2d 250 (4th Cir. 1984). (See Defs.' Mem. at 4.) In Vincent, after the plaintiff brought the federal action, the parties settled and the district court dismissed the action on the basis of the settlement agreement. Id. at 251. A state court subsequently invalidated the settlement agreement as against state public policy. Id. The district court denied the plaintiff's Rule 60(b)(6) motion to vacate the order dismissing the case based on the voided settlement agreement and, on appeal, the Fourth Circuit reversed, finding that "the district court's continuing assumption of the validity of the settlement agreement in denying such relief is an error of law." Id. Defendants argue that, similar to Vincent, "Chittur's judgment, based upon a usurious and unenforceable retainer, is against New York law and New York public policy." (Defs.' Mem. at 4.) Vincent, however, is not binding on this Court and, in any event, is inapposite to the instant case because no court has adjudicated the retainer agreement usurious. Indeed, that is what defendants ask this Court to do based on arguments that do not rise to the level of "exceptional circumstances," as discussed above.

provide this Court with any case law supporting their argument that enforcing the judgment against defendants in this case satisfies the "extreme hardship" requirement under Rule 60(b)(6). Although all money judgments constitute some form of hardship on the party required to pay the judgment, the Court cannot say that requiring defendants to pay the judgment here constitutes an "extreme hardship," given that they failed to pay Chittur's fees, failed to object to the fees in a timely manner, and had the opportunity to fully litigate Chittur's request for attorney's fees before this Court. Cf. Church & Dwight Co. v. Kaloti Enters. of Mich., LLC, No. 07-CV-0612(BMC), 2011 WL 4529605, at *8 (E.D.N.Y. Sept. 28, 2011) (finding that defendant faced "extreme and undue hardship" sufficient to warrant relief under Rule 60(b)(6) when plaintiff sought to execute a $4 million judgment against her, which was based on a default judgment that her attorney failed to oppose). Accordingly, defendants have not established that vacatur is warranted because enforcement of the Fee Order will cause them "extreme hardship."

Finally, the Court notes that "[i]n order to be entitled to relief under Rule 60(b) . . . there must not be any 'undue hardship . . . imposed on other parties.'" Manney v. Intergroove Media GMBH, No. 10-CV-4493(SJF)(WDW), 2014 WL 1224171, at *3 (E.D.N.Y. Mar. 24, 2014) (quoting Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). Defendants assert that vacating the Fee Order and Judgment would not cause any harm because Chittur can seek attorney's fees in state court based on a quantum meruit claim. (Defs.' Mem. at 7-8.) However, further prolonging this fee dispute—which has already lasted over three years since the parties first briefed Chittur's motion for attorney's fees—would indeed cause undue hardship to Chittur.

Because the Court finds that defendants have not established "extraordinary circumstances" or "extreme hardship" to warrant relief under Rule 60(b)(6), the Court denies

defendants' request for an indicative ruling pursuant to Rule 62.1 and instead exercises its discretion, pursuant to Rule 62.1(a)(2), to deny defendants' Rule 60(b) motion.

## CONCLUSION

For the reasons stated above, the Court denies defendants' request for an indicative ruling pursuant to Rule 62.1 and denies the Rule 60(b) motion to vacate the Fee Order and Judgment. The Clerk of Court is directed to enter judgment accordingly.

Dated: Brooklyn, New York
   September 9, 2014

                s/Carol Bagley Amon
                Carol Bagley Amon
                Chief United States District Judge