UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DEVENDRA SHUKLA,

   Plaintiff,

-against-

SAT PRAKASH SHARMA, Individually and
as Director of Vishva Seva Ashram of New
York; GEETA SHARMA, Individually and as
Director of Vishva Seva Ashram of New York;
and VISHVA SEVA ASHRAM OF NEW
YORK, D/B/A SARVA DEV MANDIR,

   Defendants.
-------------------------------------------------------x

**NOT FOR PUBLICATION**
MEMORANDUM & ORDER
07-CV-2972 (CBA)(CLP)

**AMON, Chief United States District Judge:**

  In January 2013, this Court awarded attorney's fees to trial counsel for defendants, Chittur & Associates, P.C., based on an application by Krishnan Chittur ("Chittur"), and judgment was entered against defendants on January 4, 2013 in the amount of $238,803.61. (Docket Entry ("D.E.") # 193, 194.) Defendants subsequently appealed this judgment to the Court of Appeals for the Second Circuit. While the appeal was pending, defendants also filed a motion with this Court seeking to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b), which was denied on September 9, 2014. (D.E. # 266.) On October 7, 2014, the Second Circuit affirmed the judgment in large part but vacated and remanded that portion of the judgment that granted Chittur $16,080 in fees associated with litigating the fee dispute. (See Mandate, D.E. # 272.) Chittur now seeks the portion of the attorney's fee award that the Second Circuit affirmed.

## BACKGROUND

  The Court focuses only on those facts relevant to Chittur's instant request for a release of funds to satisfy the judgment. On January 4, 2013, judgment was entered against defendants and

1

in favor of Chittur in the amount of $238,803.61, consisting of: (1) $179,615.82 in attorney's fees for services Chittur rendered during his representation of defendants; (2) prejudgment interest on this amount at a rate of 2% per month for the period January 7, 2011 through January 4, 2013, which totaled $43,107.79; (3) $16,080 in attorney's fees incurred by Chittur in litigating the fee dispute; and (4) post-judgment interest pursuant to 28 U.S.C. § 1961. (D.E. # 194.) While the appeal from this judgment was pending in the Second Circuit, defendants sought a stay of enforcement of the judgment pursuant to Federal Rule of Civil Procedure 62(d) ("Rule 62"). See Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.").

During oral argument on the motion for the stay, however, the parties advised the Court that a large portion of the judgment—approximately $206,000—had already been withdrawn from defendants' bank account and was in the process of being transferred to Chittur. The stay granted on June 26, 2013 was conditioned on Chittur providing these funds to the Clerk of Court to be held during the pendency of the appeal, and defendants posting a supersedeas bond in the remaining amount of the judgment.[1] Defendants deposited $32,000 with the Clerk of Court on July 3, 2013, and Chittur deposited $206,142.04 with the Clerk of Court on July 22, 2013, which was sent by letter dated July 16, 2013, (see D.E. # 240). These funds have been held continuously by the Clerk since they were deposited.

On October 7, 2014, the Second Circuit largely affirmed the January 4, 2013 judgment, but vacated the portion of the judgment that granted Chittur $16,080 in fees for time spent litigating the fee dispute. The Second Circuit found that the provision of the retainer agreement

---

[1] Although the minute entry for the hearing on defendants' request for a stay states that the hearing occurred on June 27, 2013, the Court's records indicate that the hearing was in fact held on June 26, 2013.

on which Chittur relied violated New York law because it provided Chittur with fees incurred in litigating a fee dispute but did not provide reciprocal fees if defendants prevailed in the fee dispute. Although this argument was not raised before this Court during the initial fee dispute, the Second Circuit nonetheless considered the argument on appeal because it was "able to discern without great difficulty—and indeed, Chittur conceded at argument—that the non-mutual fee-shifting provision in the retainer agreement was unenforceable under New York law." (Mandate, D.E. # 272 at 4.) The judgment was affirmed in all other respects.

## DISCUSSION

Chittur now seeks an amended judgment in accordance with the Second Circuit's mandate, and release of the funds that were deposited with the Clerk of Court.[2] Defendants do not dispute that Chittur is entitled to $222,723.61 under the Second Circuit's mandate.[3] Since the issuance of the Second Circuit's mandate, however, both sides have filed numerous letters in which they sharply dispute how interest should be calculated on this award. (See D.E. # 271, 273-80.) Despite filing approximately eight letters on this topic, neither side has set forth a cogent analysis of the relevant legal issues. The Court has nonetheless addressed what it believes to be the issues presented by the parties' positions.

### I. Whether Prejudgment Interest or Post-Judgment Interest Applies

In his letter to the Court dated November 23, 2014, Chittur argues that he is entitled to prejudgment interest on the award of attorney's fees from January 7, 2011 until the date on which the Court enters judgment in accordance with the Second Circuit's mandate. (D.E. # 278.)

---

[2] Specifically, Chittur seeks release of the funds he deposited in the amount of $206,142.04. Neither Chittur nor defendants make reference to defendants' deposit of $32,000 with the Clerk of Court on July 3, 2013. This may be due to the fact that defendants were represented by different counsel at the time those funds were deposited.
[3] Defendants do not dispute the judgment amount to which Chittur is entitled but do appear to argue that the funds deposited with the Clerk of Court should not be released to Chittur at this time. Specifically, defendants assert that because Chittur has indicated he intends to seek further attorney's fees, "he should make those claims prior to the Court releasing any funds." (D.E. # 273 at 2.) Defendants provide no legal support for this proposition and the Court can discern no reason why a request for additional attorney's fees should have any impact on the release of the portion of attorney's fees upheld by the Second Circuit.

3

Chittur's argument wholly fails to acknowledge that this Court previously entered judgment on the award of attorney's fees on January 4, 2013, and therefore post-judgment interest, rather than prejudgment interest, may apply for the period January 4, 2013 to present.[4]

Pursuant to 28 U.S.C. § 1961(a), post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." This applies to money judgments that award attorney's fees. See Fresh Meadow Food Servs., LLC v. RB 175 Corp., No 04-CV-4767(TLM), 2013 WL 527199, at *13 (E.D.N.Y. Feb. 11, 2013) ("Where a judgment awards attorneys' fees, post-judgment interest shall accrue on the award for attorneys' fees pursuant to section 1961."); Raff v. Maggio, 746 F. Supp. 1207, 1208 (E.D.N.Y. 1990) ("[T]his Court finds that plaintiff may receive interest on the attorneys' fees award where the judgment is inclusive of such an award.").

In determining whether post-judgment interest pursuant to § 1961 runs from the original date of judgment entered in the district court, or the date of the entry of judgment on remand, the Second Circuit has stated that "post-judgment interest should be calculated from whenever judgment was first ascertained in a meaningful way." Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 104 (2d Cir. 2004) (citations omitted). A judgment may be "ascertained in a meaningful way" as of the date of the district court's original judgment even when the Second Circuit subsequently vacates in part and affirms in part the district court's judgment. See Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 55 (2d Cir. 1998) (finding that "judgment was ascertained in a meaningful way" as of the date of the district court's original judgment, even after compensatory damages were vacated on appeal, and noting that "[i]nterest should only accrue . . . on the amount of the reduced judgment we have permitted to stand after this appeal"); see also

---

[4] The January 4, 2013 judgment awarded Chittur prejudgment interest for the period January 7, 2011 to January 4, 2013. The Court therefore focuses on the period January 4, 2013 to present.

4

Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("[W]here the original judgment is basically sound but is modified on remand, post-judgment interest accrues from the date of the first judgment." (quoting Cordero v. De Jesus-Mendez, 922 F.2d 11, 16 (1st Cir. 1990))); Faiveley Transp. USA, Inc. v. Wabtec Corp., No. 10-CV-4062(JSR), 2013 WL 1947411, at *2 (S.D.N.Y. May 6, 2013) (finding that, despite Second Circuit's remand on issue of damages with option of remittitur, judgment was first ascertained in a meaningful way as of the district court's original judgment because on remand "[n]o legal questions remained and no further factual development was required; all that remained was [plaintiff's] election of remittitur").

Here, the judgment was "ascertained in a meaningful way" on January 4, 2013, the date on which judgment was originally entered in this Court before defendants appealed to the Second Circuit. On appeal, the Second Circuit vacated only a discrete portion of the judgment that awarded $16,080 to Chittur for the time spent litigating the fee dispute. The judgment was affirmed in all other respects. After the portion of the judgment totaling $16,080 is vacated, the only issues that remain on remand relate to the calculation of interest on the reduced award. There are no further legal or factual issues for the Court to determine. Accordingly, post-judgment interest, rather than prejudgment interest, will run from January 4, 2013 on the portion of this Court's judgment that the Second Circuit affirmed on appeal. See NML Capital v. Republic of Argentina, 435 F. App'x 41, 43 (2d Cir. 2011) ("In general, pre-judgment interest ceases to accrue, and post-judgment interest begins to accrue, as of the date that judgment first is ascertained in a meaningful way and supported by the evidence." (internal quotation marks and citations omitted)).

## II. Time Period for Accrual of Post-Judgment Interest

Pursuant to § 1961, "an award of postjudgment interest is mandatory." Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008). The Court must determine, however, the appropriate end point for calculating post-judgment interest on the amount of the judgment upheld by the Second Circuit, $222,723.61. With respect to the time period during which post-judgment interest accrues, the Supreme Court has explained that § 1961 "provides the starting point—the date of the entry of judgment," and that the "termination point is set by the party who pays the judgment, and in general it may occur at any time following entry of judgment." Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 838 (1990).

Determining the end point for the calculation of interest in the instant case is complicated by the transfer of funds in connection with the stay this Court granted on June 26, 2013. As explained above, on June 26, 2013, the Court granted defendants' request to stay execution of the judgment during the pendency of their appeal to the Second Circuit on the condition that they post a supersedeas bond pursuant to Rule 62. Given that a portion of the judgment, however, had already been withdrawn from defendants' bank account and was in the process of being transferred to Chittur, Chittur agreed to deposit those funds with the Clerk of Court as soon as they were deposited in his bank account. Accordingly, the stay was conditioned on (1) Chittur depositing the funds he received with the Clerk of Court; and (2) defendants posting a supersedeas bond in the remaining amount of the judgment, approximately $32,000. Defendants deposited this amount with the Clerk on July 3, 2013. Chittur deposited $206,142.04 with the Clerk on July 22, 2013 and, in his cover letter enclosing the check, directed the Clerk to deposit these funds "in an interest bearing account pending resolution of the appeal." (D.E. # 240.)

Defendants argue that they are not liable for post-judgment interest on the $206,142.04 deposited by Chittur after the date on which he received these funds in July 2013.[5] First, defendants argue that Chittur was paid that portion of the judgment when the funds were transferred, thereby ending their liability for post-judgment interest. (D.E. # 277.) Second, they argue that these funds accrued interest while on deposit with the Clerk of Court, and Chittur is therefore not entitled to a double payment of interest on that amount. (Id.)

As an initial matter, the funds deposited by Chittur in the amount of $206,142.04 were not placed in an interest-bearing account, and therefore have not accrued interest since they were deposited with the Clerk on July 22, 2013. Although Chittur attempted to direct the Clerk of Court to place the funds in an interest-bearing account in the cover letter he sent with the check, that direction was not sufficient to authorize the Clerk to deposit these funds in an interest-bearing account. The Local Rules of this District require that, in order for money to be deposited by the Clerk in an interest-bearing account, a party must obtain a court order to that effect. See Local Rules for the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rule 67.1(a) ("Whenever a party seeks a court order for money to be deposited by the Clerk in an interest-bearing account, the party shall deliver the proposed order directly to the Clerk or financial deputy who will inspect the proposed order for proper form and content and compliance with this rule prior to signature by the Judge for whom the order is prepared. After the Judge has signed the order, the person who obtained the order shall serve the Clerk and the financial deputy with a copy of the order signed by the Judge."). Requiring defendants to pay Chittur interest on these funds for the period during which they were on deposit with the Clerk will therefore not provide Chittur with a double payment of interest.

---

[5] Chittur has not disclosed the date on which he received these funds from the U.S. Marshals, but the date was between June 26, 2013, when Chittur represented to the Court that he had not yet received the funds, and July 16, 2013, when Chittur sent a check in the amount of $206,142.04 by letter to the Clerk of Court.

Further, although Chittur received funds from defendants in the amount of $206,142.04, this is not properly viewed as a payment that terminated defendants' liability for post-judgment interest. Indeed, the Court required Chittur to place the funds in escrow as soon as he received them from the U.S. Marshals, and then transfer them to the Clerk of Court as a condition of staying execution of the judgment. Staying the execution of the judgment was clearly not an action that benefited Chittur in any way. This stay further delayed Chittur's ability to collect on the judgment which awarded attorney's fees that defendants have owed him since 2011. Despite the obvious disadvantage of this stay to Chittur, however, he agreed to deposit the money with the Clerk of Court as soon as he received it. In so doing, defendants were relieved of their obligation to post a supersedeas bond in the full amount of the judgment, which is generally required in order to stay the execution of a judgment pursuant to Rule 62(d). See de la Fuente v. DCI Telecomm., Inc., 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003) ("Because a supersedeas bond is designed to protect the appellee, the party seeking the stay without a bond has the burden of providing specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment." (citation omitted)). The full amount of the January 4, 2013 judgment was $238,803.61 and, in light of Chittur's agreement to deposit the approximately $206,000 he received, defendants were only required to post a supersedeas bond in the amount of $32,000.

Defendants received a substantial benefit from Chittur depositing the funds with the Clerk of Court. This deposit ensured that these funds would be in control of the Court during the pendency of the appeal. This meant that, in the event the Second Circuit vacated the judgment, defendants could seek a release of funds from the Court rather than seeking a refund from Chittur. See Morgan Guar. Trust Co. of New York v. Republic of Palau, 702 F. Supp. 60, 65

8

(S.D.N.Y. 1988) (noting that one of the purposes of a supersedeas bond is that "it permits the appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal").

Chittur's deposit is more properly viewed as constituting a portion of defendants' supersedeas bond that was required to stay execution of the judgment pending their appeal. Courts in this Circuit have found that post-judgment interest continues to accrue on a judgment after a supersedeas bond is posted and have even required that the supersedeas bond include the amount of interest that will accrue during the pendency of an appeal. See, e.g., Maharan v. Berkshire Life Ins. Co., 948 F. Supp. 261, 263 (W.D.N.Y. 1996) ("[D]efendant is ordered to post a supersedeas bond, in the full amount of the judgment against it plus the interest which will accrue pending the resolution of the appeal."); Liberty Mutual Ins. Co. v. Bankers Trust Co., 769 F. Supp. 130, 132 (S.D.N.Y. 1991) (declining to excuse defendant from posting supersedeas bond in order to stay execution of judgment pending appeal, and granting stay "subject to the condition that it post a supersedeas bond pursuant to Fed. R. Civ. P. 62(d), in the full amount of the judgment against it plus the interest which will accrue pending appeal"). Indeed, one of the main purposes of a supersedeas bond is that "it provides a guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal, that is, the bond guarantees that the appellee can recover the interest that accrues on the judgment during appeal, guarantees that the appellant will satisfy the judgment plus interest and costs if it is affirmed on appeal." Morgan Guar. Trust Co. of New York, 702 F. Supp. at 65. The Court therefore finds that defendants are liable for post-judgment interest on the $206,142.04 deposited by Chittur for the period January 4, 2013 to the date on which the funds are released to Chittur in accordance with this Order.

With respect to the remaining $16,581.57 to which Chittur is entitled under the Second Circuit's mandate, defendants do not dispute that they are liable for post-judgment interest on this amount for the period January 4, 2013 to present.[6] (See D.E. # 273, 277.) Accordingly, defendants are also to pay post-judgment interest on this amount from January 4, 2013 to the date on which the funds are released to Chittur in accordance with this Order.

## III. Applicable Post-Judgment Interest Rate

Lastly, Chittur argues that, for the period January 7, 2011 to present, he is entitled to prejudgment interest at a rate of 2% per month pursuant to the retainer agreement he entered into with defendants. (D.E. # 278.) This agreement provides that defendants "agree to pay all [Chittur's] dues timely, or, if such sum remains unpaid within one week thereof, pay interest at 2% per month thereafter." (D.E. # 261 at 19.) The Court already awarded Chittur prejudgment interest from January 7, 2011 to January 4, 2013 at this rate, which is incorporated into the Court's January 4, 2013 judgment in the amount of $43,107.79. (See Clerk's Judgment, D.E. # 194.) The Court therefore focuses on the period January 4, 2013 to present. Since this Court has determined that post-judgment interest, rather than prejudgment interest, applies from January 4, 2013 to the date on which the Clerk releases the funds to Chittur consistent with this Order, the Court construes this argument as requesting that the post-judgment interest rate for this period be calculated at 2% per month.

Under § 1961, the standard rate of post-judgment interest on "any money judgment in a civil case recovered in district court" is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). Parties,

---

[6] To the extent defendants argue that "[g]iven the peculiar facts of this case . . . Chittur should not receive any post-judgment interest," (D.E. # 277), this argument is meritless. As discussed above, under § 1961 "an award of postjudgment interest is mandatory." Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008).

10

however, "are free to agree to a different post-judgment interest rate by contract, provided that they do so through 'clear, unambiguous and unequivocal language.'" FCS Advisors, Inc. v. Fair Fin. Co., 605 F.3d 144, 147 (2d Cir. 2010) (quoting Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 102 (2d Cir. 2004)). In order to express their clear intent to agree to a different post-judgment interest rate through contract, parties must "specify an interest rate that applies to judgment debts," not simply an interest rate that applies to contract debts. FCS Advisors, Inc., 605 F.3d at 148 (emphasis in original).

For example, in D'Urso the Second Circuit applied the federal post-judgment interest rate under § 1961 despite the parties' agreement to apply a 15.5% interest rate to any arbitration award "from the date payment was due to the date payment is made." D'Urso, 371 F.3d at 102. The Second Circuit explained that the "general rule under New York and federal law is that a debt created by contract merges with a judgment entered on that contract, so that the contract debt is extinguished and only the judgment debt survives." Id. (citations omitted). Accordingly, "[u]nder New York law, contract language stating that a particular interest rate will accrue on a debt until the date of payment is interpreted as applying to the debt itself, and not to any judgment into which the debt is merged." Id. The Second Circuit therefore concluded that the agreed upon interest rate of 15.5% applied only to the contract debt because "[t]he parties failed to state that this rate would apply to judgments rendered on that award." Id.

Here, the relevant language in the retainer agreement provides that defendants "agree to pay all [Chittur's] dues timely, or, if such sum remains unpaid within one week thereof, pay interest at 2% per month thereafter." (D.E. # 261 at 19.) As in D'Urso, this provision does not explicitly provide that 2% interest per month applies to judgment debts and, therefore, this agreement does not evidence a clear intent to agree to a different post-judgment interest rate than

that provided for in § 1961. Accordingly, post-judgment interest will be calculated in accordance with § 1961.

## CONCLUSION

Consistent with the mandate issued by the Second Circuit, the Clerk of Court is directed to amend the judgment dated January 4, 2013. The amended judgment against defendants and in favor of Chittur shall be in the amount of $222,723.61, plus post-judgment interest pursuant to 28 U.S.C. § 1961 for the period January 4, 2013 to the date on which the Clerk of Court releases the funds currently on deposit in this case.

The Clerk of Court is further ordered to release the funds previously deposited by the parties as follows:

1. The Clerk shall release $222,723.61 plus interest pursuant to 28 U.S.C. § 1961, payable to Chittur & Associates, P.C., at 500 Executive Boulevard, Suite 305, Ossining, NY 10562.
2. After these funds have been released to Chittur, the Clerk shall release the remaining funds to attorneys for defendants, Paykin, Richland & Falkowski, P.C., at 350 Fifth Avenue, 59th Floor, New York, NY 10118, to be returned to defendants.

SO ORDERED.

Dated: December 23, 2014
Brooklyn, N.Y.

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge